Valentine S. Hoy VIII, State Bar No. 121766
John T. Brooks, State Bar No. 167793
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for D.R. Horton, Inc., Western Pacific Housing, Inc., and DHI Mortgage Company, Ltd.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILSON, REBECCA LORENZO, WAHEEDA KHAN, JORGE LOPEZ, and SUZIE KHUU, on behalf of themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>D.R. HORTON, INC., WESTERN PACIFIC HOUSING, INC. d/b/a/ D.R. HORTON, AMERICA'S BUILDER, DHI MORTGAGE COMPANY, LTD., L.P. and DOES 1-10,<br><br>Defendants. | Case No. 08 CV 592 BEN RBB<br><br>The Hon. Roger T. Benitez<br>Dept. 3<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION NO. 3: TO DISMISS ALL CLAIMS AGAINST DHI MORTGAGE**<br><br>Date: June 9, 2008<br>Time: 10:30 a.m.<br>Dept.: 3<br><br>Complaint Filed: March 28, 2008 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION.......................................1

II. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST DHI MORTGAGE ............1

A. Plaintiffs Do Not Allege Any Actionable Conduct By DHI Mortgage...........1

B. As a Matter Of Law, DHI Mortgage Cannot Be Liable For Unlawful Tying Because It Does Not Compete In The Alleged Tying Market..............2

C. The State-Law Unfair Competition And False Advertising Claims Are Likewise Facially Meritless As To DHI Mortgage.........................3

III. CONCLUSION.......................................4

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bell Atlantic Corp v. Twombly*,
127 S. Ct. 1955 (2007)....................2

*Cattie v. Wal-Mart Stores, Inc.*,
504 F. Supp. 2d 939 (S.D. Cal. 2007)....................4

*Chavez v. Whirlpool Corp.*,
93 Cal. App. 4th 363 (2001)....................4

*County of Tuolumne v. Sonora Community Hosp.*,
236 F.3d 1148 (9th Cir. 2001)....................2

*Hall v. Time Inc.*,
158 Cal. App. 4th 847 (2008)....................4

*Laster v. T-Mobile United States, Inc.*,
407 F. Supp. 2d 1181 (C.D. Cal. 2005)....................4

*LiveUniverse, Inc. v. MySpace, Inc.*,
2007 U.S. Dist. LEXIS 43739 (C.D. Cal. 2007)....................3

*Neu v. Terminix Int'l, Inc.*,
2008 U.S. Dist. LEXIS 32844 (N.D. Cal. 2008)....................4

*Patent Trust v. Microsoft Corp.*,
525 F. Supp. 2d 1200 (S.D. Cal. 2007)....................3, 4

*Podolsky v. First Healthcare Corp.*,
50 Cal. App. 4th 632 (1996)....................3

*Spiegler v. Home Dept U.S.A., Inc.*,
2008 U.S. Dist. LEXIS 33480 (C.D. Cal. 2008)....................3

**STATUTES**

California Business and Professions Code § 17200....................3, 4

California Business and Professions Code § 17500....................4

**OTHER AUTHORITIES**

Charles Alan Wright & Arthur R. Miller, *Federal Practice And Procedure* § 1216 (3d. 2004)....................2

# I.

# INTRODUCTION

Plaintiffs are suing three "distinct business entities": D.R. Horton, Inc.; Western Pacific Housing, Inc.; and DHI Mortgage Company, Ltd. ("DHI Mortgage") (Complaint, ¶ 17.) This motion relates solely to DHI Mortgage, and its point is simple. DHI Mortgage should not be a defendant in this case because plaintiffs have not alleged that DHI Mortgage did anything wrong.

In particular, at best, plaintiffs have alleged that *Western Pacific* somehow coerced customers to use DHI Mortgage. But, as far as DHI Mortgage is concerned, those allegations are immaterial because they do not concern conduct by DHI Mortgage. However the customers came to DHI Mortgage, there is nothing actionable about DHI Mortgage giving them the very loans for which they applied. Since that is all that plaintiffs can – and do – allege that DHI Mortgage did, the Court should dismiss the complaint as to DHI Mortgage.

# II.

# PLAINTIFFS FAIL TO STATE A CLAIM AGAINST DHI MORTGAGE

## A. Plaintiffs Do Not Allege *Any* Actionable Conduct By DHI Mortgage

Plaintiffs did not pull any punches in their complaint. It is 25 pages and 80 paragraphs long. Yet, even with all of that, plaintiffs were not able to allege that DHI Mortgage did anything wrong.

To be sure, plaintiffs sprinkle references to DHI Mortgage – which they call "Horton Mortgage" – throughout the complaint. They repeat, ad nauseam, that Western Pacific tricked or coerced them into using DHI Mortgage. But when it comes down to brass tacks, all that plaintiffs really allege regarding DHI Mortgage is that it accepted plaintiffs' loan applications and offered "over-priced loans."

For example, plaintiffs claim that *Western Pacific* (which they call "Horton" per the defined terms in paragraph 1 of the complaint): made fraudulent representations to induce them to apply to DHI Mortgage for a loan; offered discounts that were illusory; refused to deal with lenders besides DHI Mortgage; and otherwise created obstacles to closing with any

lender other than DHI Mortgage. (Complaint, ¶¶ 10, 11, 34, 36, 38, 40, 42.) No similar allegations are directed at DHI Mortgage.

There is no legitimate reason, therefore, for DHI Mortgage to be a defendant in this case. Indeed, taken in sum, plaintiffs' allegations fall far short of the minimum pleading standards. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Charles Alan Wright & Arthur R. Miller, *Federal Practice And Procedure* § 1216 (3d ed. 2004) (quoted in *Bell Atlantic*, 127 S. Ct. at 1965).

Here, as discussed in greater detail below, plaintiffs have not alleged facts creating even a suspicion of a legally cognizable right of action – much less facts creating an actual right of action – against DHI Mortgage.

**B. As a Matter Of Law, DHI Mortgage Cannot Be Liable For Unlawful Tying Because It Does Not Compete In The Alleged Tying Market**

As discussed in defendants' global motion to dismiss, plaintiffs' market power allegations, which are essential to their unlawful tying claim, fail across the board. But the market power allegations fail for an additional reason as to DHI Mortgage. According to the complaint, the alleged tying market is a *home sales* market, not a mortgage market. In fact, plaintiffs expressly allege that the mortgage market is the *tied* market. (Complaint, ¶ 63.)

That is fatal to any tying claim against DHI Mortgage. It is an essential element of a tying claim that the defendant possess "sufficient economic power *in the tying product market* to affect the tied market." *County of Tuolumne v. Sonora Community Hosp.*, 236 F.3d 1148, 1157 (9th Cir. 2001) (emphasis added). Plaintiffs do not allege that DHI Mortgage even competes in – let alone has market power in – the alleged tying market (*i.e.*, the market for homes). After all, DHI Mortgage is a mortgage company, not a home builder. Because plaintiffs do not and cannot allege that DHI Mortgage has market power in any alleged tying

market, the antitrust claims against it should be dismissed with prejudice.

## C. **The State-Law Unfair Competition And False Advertising Claims Are Likewise Facially Meritless As To DHI Mortgage**

Plaintiffs are also suing DHI Mortgage for purportedly violating California Business and Professions Code sections 17200 and 17500. But no such violations are actually alleged.

Section 17200 "establishes three varieties of unfair competition-acts or practices which are unlawful, or unfair, or fraudulent." *Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 647 (1996). "[A]n 'unlawful' business act or practice is one that is prohibited by law." *Patent Trust v. Microsoft Corp.*, 525 F. Supp. 2d 1200, 1217 (S.D. Cal. 2007). The only laws cited in the complaint are the antitrust statutes. Accordingly, the failure of the antitrust claims precludes plaintiffs from relying on the "unlawful" prong. *See LiveUniverse, Inc. v. MySpace, Inc.*, 2007 U.S. Dist. LEXIS 43739, at *58 (C.D. Cal. 2007) ("[T]he only law allegedly violated by MySpace is Section 2 of the Sherman Act. Since this Court has already found that LiveUniverse fails to allege a Section 2 claim, the Court necessarily finds that LiveUniverse fails to allege an 'unlawful' business act or practice [under section 17200].").

Defined most broadly, "[a]n unfair business practice occurs when the practice offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Podolsky*, 50 Cal.App.4th at 647. Unless the Court is going to conclude that the mere act of giving customers loans for which they applied (which is all that DHI Mortgage did, according to plaintiffs) is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," then plaintiffs cannot rely on the "unfairness" prong either. *See Spiegler v. Home Dept U.S.A., Inc.*, 2008 U.S. Dist. LEXIS 33480, at *20-21 (C.D. Cal. 2008) (finding no unfairness where "Plaintiffs entered into written contracts with defendants [and] Defendants complied with the express terms of the contracts, and charged plaintiffs in accordance with their terms").[1]

---

[1] This is especially true where plaintiffs' antitrust allegations fail. *See Chavez v. Whirlpool Corp.*, 93 Cal. App. 4th 363, 375 (2001) ("If the same conduct is alleged to be both an antitrust violation and an 'unfair' business act or practice for the same reason – because it unreasonably restrains competition and harms consumers – the determination that the conduct

Finally, as to the "fraudulent" prong, plaintiffs do not allege that anyone at DHI Mortgage made *any* representations to them. Absent a representation, the very threshold element of a fraudulent practice claim is missing. Further, without a misrepresentation, it also follows that plaintiffs have not alleged the separate element of reliance on any "fraudulent" misrepresentations by DHI Mortgage.[2]

Similarly, section 17500 prohibits a business from making any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500. Again, the complaint does not identify any statement supposedly made by DHI Mortgage. A fortiori, plaintiffs have not alleged that DHI Mortgage made an untrue or misleading statement on which they relied.[3]

## III.

## CONCLUSION

The complaint does not allege that DHI Mortgage did anything wrong. No misrepresentation or deceptive conduct is attributed to DHI Mortgage. All that DHI Mortgage did, according to the complaint, is give customers home loans for which they applied. That is not actionable.

///

///

///

///

---

is not an unreasonable restraint of trade necessarily implies that the conduct is not 'unfair' toward consumers.").

[2] In the wake of Proposition 64, plaintiffs must show reliance and causation to establish standing under sections 17200 and 17500. *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855 (2008); *Laster v. T-Mobile United States, Inc.*, 407 F. Supp. 2d 1181, 1194 (C.D. Cal. 2005); *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 947-48 (S.D. Cal. 2007).

[3] To the extent there were any fraudulent or deceptive statements by DHI Mortgage under sections 17200 and 17500 (and there were not), plaintiffs were required to plead them with specificity. *See, e.g.*, *Patent Trust v. Microsoft Corp.*, 525 F. Supp. 2d 1200, 1217 (S.D. Cal. 2007); *Neu v. Terminix Int'l, Inc.*, 2008 U.S. Dist. LEXIS 32844, at *13-15 (N.D. Cal. 2008).

The Court should grant this motion and, unless plaintiffs can explain how they could allege a valid cause of action against DHI Mortgage consistent with their Rule 11 obligations, dismiss the complaint against DHI Mortgage with prejudice.

DATED: May 5, 2008

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: s/Valentine S. Hoy
Valentine S. Hoy
Attorneys for Defendants D.R. Horton, Inc., Western Pacific Housing, Inc., and DHI Mortgage Company, Ltd.
E-mail: vhoy@luce.com

Valentine S. Hoy VIII, State Bar No. 121766
John T. Brooks, State Bar No. 167793
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for D.R. Horton, Inc., Western Pacific Housing, Inc., and DHI Mortgage Company, Ltd.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES WILSON, REBECCA LORENZO, WAHEEDA KHAN, JORGE LOPEZ, and SUZIE KHUU, on behalf of themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>D.R. HORTON, INC., WESTERN PACIFIC HOUSING, INC. d/b/a/ D.R. HORTON, AMERICA'S BUILDER, DHI MORTGAGE COMPANY, LTD., L.P. and DOES 1-10,<br><br>Defendants. | Case No. 08 CV 592 BEN RBB<br><br>The Hon. Roger T. Benitez<br>Dept. 3<br><br>**PROOF OF SERVICE**<br><br>Complaint Filed: March 28, 2008 |

I, the undersigned, declare as follows:

I am employed with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose address is 600 West Broadway, Suite 2600, San Diego, California 92101-3372. I am over the age of eighteen years, and am not a party to this action.

On May 5, 2008, I served the following:

**DEFENDANT DHI MORTGAGE'S NOTICE OF MOTION AND MOTION TO DISMISS**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION NO. 3: TO DISMISS ALL CLAIMS AGAINST DHI MORTGAGE**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Norman B Blumenthal**
  norm@bamlawlj.com, bam@bamlawlj.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

☐ (No manual recipients)

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at San Diego, California on May 5, 2008.

Tamara Siemers

Tamara Siemers

101092070.1