Valentine S. Hoy VIII, State Bar No. 121766
John T. Brooks, State Bar No. 167793
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for D.R. Horton, Inc., Western Pacific Housing, Inc., and DHI Mortgage Company, Ltd.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILSON, REBECCA LORENZO, WAHEEDA KHAN, JORGE LOPEZ, and SUZIE KHUU, on behalf of themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>D.R. HORTON, INC., WESTERN PACIFIC HOUSING, INC. d/b/a/ D.R. HORTON, AMERICA'S BUILDER, DHI MORTGAGE COMPANY, LTD., L.P. and DOES 1-10,<br><br>Defendants. | Case No. 08 CV 592 BEN RBB<br><br>The Hon. Roger T. Benitez<br>Dept. 3<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION NO. 4: DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>Date: June 9, 2008<br>Time: 10:30 a.m.<br>Dept.: 3<br><br>Complaint Filed: March 28, 2008 |

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. THE ARBITRATION AGREEMENTS .......... 1

III. ARBITRATION AGREEMENTS ARE FAVORED .......... 3

IV. PLAINTIFFS' CLAIMS ARE SUBJECT TO ARBITRATION .......... 4

V. PLAINTIFFS ARE REQUIRED TO ARBITRATE THEIR CLAIMS AGAINST D.R. HORTON, INC. AND DHI MORTGAGE COMPANY, LTD. .......... 6

VI. CONCLUSION .......... 8

## TABLE OF AUTHORITIES

Page(s)

CASES

*Armendariz v. Foundation Health Psychare Services, Inc.* 24 Cal.4th 83 (2000) ..... 5

*Bischoff v. DirecTV, Inc.*, 180 F.Supp.2d 1097 (C.D. Cal. 2002) ..... 4

*California Grocers Ass'n v. Bank of America*, 22 Cal.App.4th 205 (1994) ..... 5

*Chiron Corp. v. Orthos Diagnostic Systems, Inc.* 207 F.3d 1126 (9th Cir. 2000) ..... 4, 7

*Fujian Pacific Elec. Co. Ltd. v. Bechtel Power Corp.* 2004 WL 2645974 (N.D. Cal.) ..... 7

*Green Tree Financial Corp. v. Bassle*, 539 U.S. 444 (2003) ..... 4

*In re Oil Spill by the Amoco Cadiz*, 659 F.2d 789 (7th Cir. 1981) ..... 7

*In re VeriSign Inc., Derivative Litig.* 531 F.Supp.2d 1173 (N.D. Cal 2007) ..... 4

*J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315 (4th Cir. 1988) ..... 7

*Kroll v. Doctor's Associates, Inc.*, 3 F.3d 1167 (7th Cir. 1993) ..... 5

*Kuehner v. Dickinson & Co.* 84 F.3d 316 (9th Cir. 1996) ..... 5

*Leticia v. Prudential Bache Securities, Inc.*, 802 F.2d 1185 (9th Cir. 1986) ..... 6

*Luafau v. Affiliated Computer Servs.*, 2006 U.S. Dist. LEXIS 33048 (N.D. Cal. 2006) ..... 4

*Moses H. Cone Memorial Hospital v. Mercurty Construction Corp.* 460 U.S. 1 (1983) ..... 3

*Neal v. Hardee's Food Systems, Inc.*, 918 F.2d 34 (5th Cir. 1990) ..... 5

*Paragraph Intern. Inc. v. Bathed*, 928 F.Supp. 983 (N.D. Cal. 1996) ........ 6, 7

*Rachford v. Air Line Pilots Ass'n, Int'l*, 2006 U.S. Dist. LEXIS 44070 (N.D. Cal. 2006) ........ 4

*Ramirez v. Cintas Corp.*, 2005 U.S. Dist. LEXIS 9237 (N.D. Cal. 2005) ........ 4

*Sam Reisfeld & Son Import Company v. S.A. Eteco*, 530 F.2d 679 (5th Cir. 1976) ........ 7

*Simula, Inc. v. Autolive Inc.* 175 F.3d 716 (9th Cir. 1999) ........ 5

*Southland Corp. v. Keating*, 465 U.S. 1 (1984) ........ 4

*Sunkist Soft Drinks v. Sunkist Growers*, 10 F.3d 753 (11th Cir. 1993) ........ 7

*Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931 (9th Cir. 2001) ........ 5

**STATUTES**

9 U.S.C. § 1, et seq. ........ 2

9 U.S.C. § 2 ........ 3

9 U.S.C. § 3 ........ 4

9 U.S.C. § 4 ........ 4

## I.

## INTRODUCTION

Plaintiffs' claims, except the prayer for injunctive relief, must be decided by a private arbitrator. The claims alleged in this case are covered by broadly worded, clear and evenhanded arbitration agreements. Each plaintiff signed a written contract with defendant Western Pacific agreeing to submit all disputes concerning his or her purchase agreement to binding arbitration under the rules of Judicial Arbitration and Mediation Services ("JAMS"). The claims alleged in this case concern the purchase agreements. Plaintiffs may not avoid their contractual promises by alleging they represent a class. Class claims are subject arbitration and the arbitrator may decide whether a class should be certified. Antitrust claims are likewise subject to arbitration. The prayer for injunctive relief should be reserved and this case stayed pending the completion of arbitration.

## II.

## THE ARBITRATION AGREEMENTS

Three plaintiffs, Lorenzo, Khan and Lopez, purchased single family detached homes in the Valverde Villages community in Stockton and two, Wilson and Khuu, purchased condominium units in the La Boheme community in San Diego. True and correct copies of all of the purchase contracts are attached to the Request for Judicial Notice filed concurrently with this motion. All five purchase contracts contain arbitration clauses. The arbitration clauses are found at section 11 of each contract. The arbitration clauses are not materially different. The clauses state, in pertinent part:

> **11. MEDIATION AND ARBITRATION OF POST-CLOSING DISPUTES.** The parties want to promptly and efficiently resolve any controversy, claim or dispute between them asserted after the Close of Escrow. Accordingly, any and all disputes arising between Buyer and Seller . . . after the Close of Escrow concerning this Purchase Agreement or the Property ("Post-Closing Dispute") . . . shall be resolved in accordance with the procedures set forth below.
>
> **11.2 <u>Arbitration.</u>**
>
> **(a) <u>Agreement to Arbitrate</u>.** . . . Buyer and Seller agree to resolve all Post-Closing Disputes exclusively through binding arbitration in the county in which the Property is located. This arbitration provision shall apply to Post-

Closing Disputes of any kind or nature regardless of when, after the Close of Escrow, the Post-Closing Dispute first arose, or the nature of the relief sought.

(b) Waiver of Trial by Judge or Jury. By agreeing to resolve all Post Closing Disputes through binding arbitration, Buyer and Seller each give up the right to have their respective claims and defenses decided by a judge or a jury. Instead all claims and defenses will be decided by the arbitrator, or by the appeal arbitrator(s), if applicable.

(c) Rules Applicable to All Cases. The arbitration will be conducted by JAMS in accordance with the JAMS rules ("JAMS Rules") then applicable to the claims presented, as supplemented by this paragraph.

***

***(iv) Participation by Other Parties. Buyer and Seller, to the extent either such party is defending a claim in the arbitration, may, if it chooses, have all necessary and appropriate parties included as parties to the arbitration.***

***

(d) Additional Rules Applicable To Certain Cases. In any arbitration in which a claim of Buyer or Seller exceeds two hundred fifty thousand dollars ($250,000) in value, the following additional rules will supplement the JAMS Rules, and govern in the event of a conflict between the following rules and the rules set forth above, the JAMS Rules, or both.

(i) *Qualifications of Arbitrator.* In addition to the requirements of Paragraph 11.2(c) above, the arbitrator shall be a retired judge of the California Superior Court, a California Court of Appeal, or the California Supreme Court.

***

(f) Federal Arbitration Act. Buyer and Seller acknowledge that because many of the materials and products incorporated into the home are manufactured in other states, this Purchase Agreement evidences a transaction involving interstate commerce and the Federal Arbitration Act (9 U.S.C. § 1, et seq.) now in effect and as it may be hereafter amended will govern the interpretation and enforcement of the arbitration provisions of this Purchase Agreement.

(g) Final and Binding Award. The decision of the arbitrator or, if an appeal is heard, the decision of the appeal arbitrators, shall be final and binding.

**11.3 Agreement to Arbitrate. BY INITIALING IN THE SPACE BELOW, BUYER AND SELLER AGREE TO HAVE ALL POST-CLOSING DISPUTES DECIDED BY NEUTRAL ARBITRATION IN ACCORDANCE WITH THE FEDERAL ARBITRATION ACT AND THE CALIFORNIA ARBITRATION ACT, TO THE EXTENT THE CALIFORNIA ARBITRATION ACT IS CONSISTENT WITH THE FEDERAL ARBITRATION ACT, AND BUYER AND SELLER ARE GIVING UP ANY RIGHTS BUYER AND SELLER MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL.**

**BY INITIALING IN THE SPACE BELOW BUYER AND SELLER ARE GIVING UP THEIR RESPECTIVE JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THIS PURCHASE AGREEMENT. IF BUYER OR SELLER REFUSES TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, BUYER OR SELLER MAY BE COMPELLED TO ARBITRATE UNDER THE FEDERAL ARBITRATION ACT AND THE CALIFORNIA ARBITRATION ACT, TO THE EXTENT THE CALIFORNIA ARBITRATION ACT IS CONSISTENT WITH THE FEDERAL ARBITRATION ACT.**

See Request for Judicial Notice at Exh. C, pg. 8-10; Exh. D, pg. 14-16; Exh. E, pg. 9-11; Exh. F, pg. 9-11; Exh. G, pg. 9-10 (emphasis in section 11.2(c)(4) added).

Each plaintiff initialed his or her purchase contract in the space below section 11.3. In addition, each plaintiff initialed those pages of the purchase contract that contain the arbitration clause. Moreover, each plaintiff initialed the cover page of the purchase contract. The cover page contains the following statement:

**THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION. YOU SHOULD CONSULT LEGAL COUNSEL WITH ANY QUESTIONS ABOUT ANY OF THE PROVISIONS OF THIS CONTRACT.**

In short, the parties' clear intent was to have all post-closing disputes submitted to binding arbitration. Pursuant to the parties' agreement, therefore, the Court should order plaintiffs' claims to binding arbitration before JAMS.

## III.

## ARBITRATION AGREEMENTS ARE FAVORED

Arbitration clauses covered by the Federal Arbitration Act ("FAA") are highly favored and "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (emphasis added). Courts routinely honor arbitration provisions and the Supreme Court has instructed courts to rigorously enforce agreements to arbitrate. Indeed, there is a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Memorial Hospital v. Mercurty Construction Corp.* 460 U.S. 1, 24-25 (1983). "Any party bound to an arbitration agreement that falls within the scope of the FAA may bring a motion in federal district court to compel arbitration and stay the proceeding

pending resolution of the arbitration." *In re VeriSign Inc., Derivative Litig.* 531 F.Supp.2d 1173, 1222 (N.D. Cal 2007) (relying on 9 U.S.C. § 3).

In keeping with the liberal federal policy in favor of arbitration, courts enforce arbitration provisions in purported class action disputes. For example, in *Bischoff v. DirecTV, Inc.*, 180 F.Supp.2d 1097 (C.D. Cal. 2002), the plaintiffs filed a class action alleging Sherman Act and Cartwright Act violations against a satellite television provider. Because the standard customer agreement included an arbitration provision, the defendant moved to compel arbitration and the court granted the motion. Courts routinely order putative class actions to arbitration. *See, e.g., Southland Corp. v. Keating*, 465 U.S. 1 (1984); *Rachford v. Air Line Pilots Ass'n, Int'l*, 2006 U.S. Dist. LEXIS 44070, at *33-36 (N.D. Cal. 2006); *Luafau v. Affiliated Computer Servs.*, 2006 U.S. Dist. LEXIS 33048 (N.D. Cal. 2006); *Ramirez v. Cintas Corp.*, 2005 U.S. Dist. LEXIS 9237 (N.D. Cal. 2005). Moreover, in *Green Tree Financial Corp. v. Bassle,* 539 U.S. 444, 452-453 (2003), the court held that the question of whether an arbitration agreement can be interpreted to permit class arbitration is a matter for the arbitrator, and not the court, to decide.

The FAA mandates that, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Chiron Corp. v. Orthos Diagnostic Systems, Inc.* 207 F.3d 1126, 1130 (9th Cir. 2000).

## IV.

## PLAINTIFFS' CLAIMS ARE SUBJECT TO ARBITRATION

The Court's role in determining whether to compel a party to arbitration is not to review the merits of the dispute; rather, the court must limit its inquiry to: (1) whether the agreement to arbitrate is valid and enforceable, and, (2) whether the agreement encompasses the dispute at issue. *See Chiron*, 207 F.3d at 1130; see also 9 U.S.C. § 4. Both of these requirements are met.

First, the agreement to arbitrate is valid and enforceable because it sets forth detailed and neutral procedures by which the parties shall proceed to arbitration, it does not limit the plaintiffs' right to seek all available remedies, and it requires both buyer and seller to submit

any dispute to arbitration. *Armendariz v. Foundation Health Psychare Services, Inc.* 24 Cal.4th 83 (2000); see also *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 936-937 (9th Cir. 2001) (holding that federal courts rely on state law when addressing issues of contract validity and enforceability). In addition, the arbitration agreement contains no terms which could be considered so one-sided as to "shock the conscience." *California Grocers Ass'n v. Bank of America*, 22 Cal.App.4th 205, 214 (1994). To the contrary, the agreement sets forth a clear and evenhanded method by which the parties will resolve any post-closing disputes.

Second, the agreement to arbitrate encompasses the dispute alleged in plaintiffs' complaint. The arbitration agreement applies to "any and all disputes arising between Buyer and Seller . . . after the Close of Escrow concerning this Purchase Agreement or the Property . . ." The fact that the complaint only alleges tort claims is of no consequence. *See Kroll v. Doctor's Associates, Inc.*, 3 F.3d 1167, 1170 (7th Cir. 1993) ("[A] plaintiff may not avoid an otherwise valid arbitration provision merely by casing its complaint in tort. The touchstone of arbitrability in such situations is the relationship of the tort alleged to the subject matter of the arbitration clause. .... [T]he fraud claims asserted here are arbitrable because they are directly related to the agreements themselves.") (internal quotations and citations omitted). Arbitration should not be denied "unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *Neal v. Hardee's Food Systems, Inc.*, 918 F.2d 34, 37 (5th Cir. 1990) (citations omitted); see also *Simula, Inc. v. Autolive Inc.* 175 F.3d 716, 720 (9th Cir. 1999); *Kuehner v. Dickinson & Co.* 84 F.3d 316, 319 (9th Cir. 1996) ("The FAA not only reversed the judicial hostility to the enforcement of arbitration contracts, but also created a rule of contract construction favoring arbitration.").

All of plaintiffs' claims relate to alleged representations allegedly made during the home purchasing process. These alleged representations involve whether (i) plaintiffs were coerced to use DHI Mortgage to complete the purchase of the property and threatened with the loss of their purchase deposit if they did not, and (ii) deceived by misrepresentations about the closing costs they would incur by using DHI Mortgage to finance the purchase of the property, either standing alone or in combination with a promised purchase price discount. These

allegations directly concern plaintiffs' "Purchase Agreement or the Property" and thus must be resolved through binding arbitration.

V.

**PLAINTIFFS ARE REQUIRED TO ARBITRATE THEIR CLAIMS AGAINST D.R. HORTON, INC. AND DHI MORTGAGE COMPANY, LTD.**

Although D.R. Horton, Inc. and DHI Mortgage did not sign the purchase agreements, the claims alleged against them are covered by the arbitration clause and plaintiffs may be compelled to arbitrate them.

First, the arbitration agreement contains a clause expressly extending arbitration to non-signatory parties:

> Participation by Other Parties. Buyer and Seller, to the extent either such party is defending a claim in the arbitration, may, if it chooses, have all necessary and appropriate parties included as parties to the arbitration.

See Section 11.2(c)(4) of Purchase Agreements, Request for Judicial Notice at Exh. C, pg. 8-10; Exh. D, pg. 14-16; Exh. E, pg. 9-11; Exh. F, pg. 9-11; Exh. G, pg. 9-10. This clause gives Western Pacific the express right to include D.R. Horton and DHI Mortgage in the arbitration.

Second, even if the contract had not included this express provision, the general rule is that "nonsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles." *Leticia v. Prudential Bache Securities, Inc.*, 802 F.2d 1185, 1187 (9th Cir. 1986) (stating that, "[t]he rule is an outgrowth of the strong federal policy favoring arbitration."). "Agency principles have [also] been held to permit nonsignatory corporations to compel arbitration under arbitration clauses signed by their corporate parents, subsidiaries, or affiliates, at least when the allegations against the no signatory corporation do not differ substantially from those against its signatory affiliate." *Paragraph Intern. Inc. v. Bathed*, 928 F.Supp. 983, 990-991 (N.D. Cal. 1996). Clearly, all of plaintiffs' alleged claims against all defendants "relate to or arise out of the contract containing the arbitration clause," and the defendants are corporate affiliates.

The complaint alleges that all of the named defendants were the agents of one another and that they were acting for the benefit, at the request and on behalf of one another. See

Complaint at ¶¶ 16-18. The complaint states:

> At all times, D.R. Horton, Inc. not only knew about the acts and practices of the subsidiaries alleged herein . . . but also knowingly participated in the creation, design, direction and implementation of the scheme . . . This scheme could not have occurred but for the participation of Defendant D.R. Horton, Inc . . .All Defendants worked jointly, cooperatively, and in combination to perpetrate this illegal scheme . . . Each Defendant acted as the agent of each other Defendant. *Id.*

The question of agency is for the arbitrator to decide. *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (holding that on a motion to compel arbitration a court may not consider the merits of the dispute). Plaintiffs' allegation of agency as a basis for defendants' liability makes the claims subject to the arbitration agreement. Having alleged agency as a basis for D.R. Horton's and DHI Mortgage'ss liability, plaintiffs are stopped to deny agency for the purposes of the arbitration clause. *See, Sunkist Soft Drinks v. Sunkist Growers,* 10 F.3d 753, 758 (11th Cir. 1993) (holding where signatory's claims against nonsignatory "arises out of and relates directly" to the agreement containing an arbitration clause, nonsignatory can compel signatory into arbitration); *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315 (4th Cir. 1988); *Sam Reisfeld & Son Import Company v. S.A. Eteco*, 530 F.2d 679, 681 (5th Cir. 1976) ("If the parent corporation was forced to try the case, the arbitration proceedings would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted."); *In re Oil Spill by the Amoco Cadiz*, 659 F.2d 789 (7th Cir. 1981) (holding that because plaintiff alleged an agency relationship as the basis for its standing in the suit, it could not disavow that relationship for purposes of arbitration).

In *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315 (4th Cir. 1988) the Fourth Circuit stated that "[w]hen the charges against a parent company and its subsidiary are based on the same facts and are inherently inseparable, a court may refer claims against the parent to arbitration even though the parent is not formally a party to the arbitration agreement." *See also, Fujian Pacific Elec. Co. Ltd. v. Bechtel Power Corp.* 2004 WL 2645974 (N.D. Cal.) at *7. Here, plaintiffs cannot simultaneously (i) allege wrongdoing against all defendants based on an agency theory, and (ii) inconsistently argue that the alleged

agents cannot join in Western Pacific's invocation of the arbitration clause. Given plaintiffs' allegations of "agency" and "unity of interest," D.R. Horton, Inc. and DHI Mortgage are entitled to invoke the arbitration clause to the same extent as Western Pacific.

## VI.

## CONCLUSION

For the reasons set forth herein, the Court should grant defendants' motion to compel arbitration and stay this case pending the outcome of the arbitration.

DATED: May 5, 2008 LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: s/Valentine S. Hoy
Valentine S. Hoy
Attorneys for Defendants D.R. Horton, Inc., Western Pacific Housing, Inc., and DHI Mortgage Company, Ltd.
E-mail: vhoy@luce.com

101091646.3

Valentine S. Hoy VIII, State Bar No. 121766
John T. Brooks, State Bar No. 167793
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for D.R. Horton, Inc., Western Pacific Housing, Inc., and DHI Mortgage Company, Ltd.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES WILSON, REBECCA LORENZO, WAHEEDA KHAN, JORGE LOPEZ, and SUZIE KHUU, on behalf of themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>D.R. HORTON, INC., WESTERN PACIFIC HOUSING, INC. d/b/a/ D.R. HORTON, AMERICA'S BUILDER, DHI MORTGAGE COMPANY, LTD., L.P. and DOES 1-10,<br><br>Defendants. | Case No. 08 CV 592 BEN RBB<br><br>The Hon. Roger T. Benitez<br>Dept. 3<br><br>**PROOF OF SERVICE**<br><br>Complaint Filed: March 28, 2008 |

I, the undersigned, declare as follows:

I am employed with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose address is 600 West Broadway, Suite 2600, San Diego, California 92101-3372. I am over the age of eighteen years, and am not a party to this action.

On May 5, 2008, I served the following:

**ALL DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION NO. 4: DEFENDANTS' MOTION TO COMPEL ARBITRATION**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Norman B Blumenthal**
  norm@bamlawlj.com, bam@bamlawlj.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

☐ (No manual recipients)

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at San Diego, California ~~on~~ May 5, 2008.

Tamara Siemers

101092070.1