**BLUMENTHAL & NORDREHAUG**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
(858) 551-1223
Fax: (858) 551-1232

**GERARD & ASSOCIATES**
Robert B. Gerard, Esq. (State Bar #96296)
1516 Front St
San Diego, CA 92101
Telephone: (619) 232-2828
Facsimile: (619) 232-4219

**LAW OFFICES OF ROBERT FELLMETH**
Robert Fellmeth, Esq. (State Bar #49897)
5998 Alcala Park
San Diego, CA 92110
Telephone: (619) 260 4806
Facsimile: (619) 260 4753

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES WILSON, REBECCA LORENZO, WAHEEDA KHAN, JORGE LOPEZ, and SUSIE KHUU, on Behalf of Themselves and All Others Similarly Situated<br><br>Plaintiffs<br><br>v.<br><br>D.R. HORTON, INC., WESTERN PACIFIC HOUSING, INC. d/b/a D.R. HORTON, AMERICA'S BUILDER, DHI MORTGAGE COMPANY, LTD., L.P., and DOES 1-10,<br><br>Defendants. | CASE NO. **08 cv 0592 BEN RBB**<br><br>DECLARATION OF JORGE LOPEZ IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS, STRIKE AND COMPEL ARBITRATION<br><br>Judge: Hon. Roger Benitez<br>Courtroom: 3<br><br>Hearing Date: June 9, 2008<br>Hearing Time: 10:30 a.m. |

I, Jorge Lopez, declare:

1. I have personal knowledge as to the facts stated in this declaration. If called as a witness, I could and would competently testify to the truth of the facts stated in this declaration. I make this declaration in opposition to the motion to compel arbitration and in opposition to the motions to dismiss, and in opposition to the motion to strike.

2. On or about May 28, 2006, I entered into a home purchase agreement to purchase a new home from Western Pacific Housing, Inc., a Delaware Corporation, dba D.R. Horton, America's Builder ("Horton"), located in Horton's "Valverde Villages" community at 2614 Breaker Way, in Stockton, California .

3. In or about May of 2006 I paid a $13,500 deposit towards the purchase price of the home. I was also offered a $10,000 discount off of the closing costs by Ms. Julie Branecki, the sales assistant from Horton. Ms. Branecki, at that time, informed me that I would only be eligible for this "discount," if I obtained my home loan from Horton Mortgage. As required by ¶7.2 of the Purchase Agreement with Horton, I was required to and did apply for a home loan with DHI, which reads in relevant part as follows:

> (a) Loan Application. Within 5 days after Buyer's Offer, Buyer shall submit a completed application for the New Loan to DHI Mortgage (**"Seller's Approved Lender"**), and a lender selected by Buyer, if any.

4. In or about July of 2006, Ms. Candace Rivera from Horton Mortgage informed me that I was approved to receive a loan from Horton Mortgage. She also informed me of the terms and conditions of the loan, which included an interest rate of 6.25% that is fixed for five (5) years, but adjustable thereafter.

5. When I told Ms. Rivera that I would like to obtain my own financing for the home purchase, rather than accept the loan from Horton Mortgage, Ms. Rivera informed me that the $13,500 I paid as a deposit I paid as an upgrade deposit, along with other credits already paid,

would be forfeited and the sale of the home would be cancelled if I financed the home purchase with any provider other than Horton Mortgage, as set forth in ¶7.5 of the Purchase Agreement.

6. My understanding of ¶7.5 of my Purchase Agreement, when read with ¶7.2 and Addendum No. 1 thereto, was that ¶7.5 did not apply to a DHI Mortgage loan, as the DHI application did not "compel" me to accept the DHI Loan. This understanding is also supported by the clear language in the Affiliated Business Arrangement Disclosure document, contained in my purchase agreement, which discusses DR Horton's affiliation with DHI Mortgage and states:

> You are **NOT** required to use these companies as a condition of your purchase of the Property from **Seller** or as a condition of your application for, or settlement of, a mortgage loan on the Property in connection with your purchase. THERE ARE FREQUENTLY OTHER SETTLEMENT SERVICE PROVIDERS AVAILABLE WITH SIMILAR SERVICES. YOU ARE FREE TO SHOP AROUND TO DETERMINE THAT YOU ARE RECEIVING THE BEST SERVICES AND THE BEST RATE FOR THESE SERVICES
> (Emphasis in original)

7. My understanding is that this statement meant that I was free to shop and compare services. This freedom to shop was further reiterated in the Notice of Affiliated Business Arrangement Addendum, also contained in my Purchase Agreement, which also describes the relationship between Horton and Horton Mortgage as follows:

> You are **NOT** required to use these companies as a condition of your purchase of the Property from Seller. THERE ARE FREQUENTLY OTHER SETTLEMENT SERVICE PROVIDERS AVAILABLE WITH SIMILAR SERVICES. YOU ARE FREE TO SHOP AROUND TO DETERMINE THAT YOU ARE RECEIVING THE BEST SERVICES AND THE BEST RATE FOR THESE SERVICES.

The Affiliated Business Arrangement Addendum contained in my Purchase Agreement also states:

> If there is a conflict between the Purchase Agreement and the terms and provisions of this Addendum, the terms and provisions of this Addendum shall control.

8. Ms. Rivera, however, told me when I wanted to use a different lender, that upon being told the terms and conditions of the loan offered by Horton Mortgage, I was immediately foreclosed from shopping. This statement is inconsistent with the above mentioned language in the Purchase Agreement. This inconsistency is fostered by the fact that the Affiliated Business Arrangement Addendum contained in my Purchase Agreement states:

> If there is a conflict between the Purchase Agreement and the terms and provisions of this Addendum, the terms and provisions of this Addendum shall control.

9. The possibility of determining if I am receiving the best rate and lowest fees is nonexistent if I am not permitted to actually compare the rate and fees of the DHI loan to other rates and fees. As a result, I was shocked that I would not be permitted to fund my home purchase with a loan from an alternate lender and otherwise shop around because, as a loan consultant myself, I have never seen a provision that required a borrower to accept a loan without knowing and agreeing to the terms of the loan.

10. The loan I felt coerced into obtaining from Horton Mortgage charged closing costs of $14,000 as well as an interest rate of 6.25% that is fixed for five (5) years, but adjustable thereafter. Had I not been threatened by Mrs. Rivera and Ms. Branecki with the loss of the deposits, I would have funded my home purchase with a loan with a fixed interest rate of 5.75%. To date, I have not even received my $10,000 discount

11. The fees, interest rate, and closing costs of the mortgage loan I received from Horton Mortgage are substantially higher than the fees, interest rate, and closing costs that I would have paid if I obtained financing for my home purchase from another lender. As a result of the loan from Horton Mortgage that I was coerced into accepting, I have been financially devastated.

12. The Purchase Agreement for the unit was represented to me to be a standard form document, and I was never given any reason to believe that the terms of the arbitration agreement

were negotiable. The agreement was presented on a take-it or leave-it basis, and there was no opportunity to negotiate any of the boilerplate terms of the agreement. I did not understand that as a result of the agreement that my rights against D.R. Horton, Inc., Horton or DHI Mortgage Company, LTD., L.P. ("Horton Mortgage") (collectively referred to herein as "Defendants") to enforce statutory remedies and/or California law as a result of their sales conduct were being forfeited through the agreement.

13. In signing the agreement I was not told, nor did I understand that by signing the agreement with the arbitration provision I would be waiving rights to receive attorney's fees as a prevailing party, which are guaranteed by Federal and/or California law. I alsodid not understand that I would be waiving statutory remedies or other rights provided by California law. I was not informed nor did I understand that I would be forced to pay for the costs of providing, at my sole expense, JAMS and all non-appealing parties with a certified copy of the hearing transcript and JAMS with copies of all documentary evidence and all other tangible evidence received by the arbitrator and that, while Defendants would not be similarly forced to pay for these fees, only Defendants are provided with a mechanism to recoup these fees in the form of an award of costs on appeal.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this ___ day of May, 2008 at

________________________, ________________.

________________________________

Jorge Lopez