**BLUMENTHAL & NORDREHAUG**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
(858) 551-1223
Fax: (858) 551-1232

**GERARD & ASSOCIATES**
Robert B. Gerard, Esq. (State Bar #96296)
1516 Front St
San Diego, CA 92101
Telephone: (619) 232-2828
Facsimile: (619) 232-4219

**LAW OFFICES OF ROBERT FELLMETH**
Robert Fellmeth, Esq. (State Bar #49897)
5998 Alcala Park
San Diego, CA 92110
Telephone: (619) 260 4806
Facsimile: (619) 260 4753

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES WILSON, REBECCA LORENZO, WAHEEDA KHAN, JORGE LOPEZ, and SUSIE KHUU, on Behalf of Themselves and All Others Similarly Situated<br><br>Plaintiffs<br><br>v.<br><br>D.R. HORTON, INC., WESTERN PACIFIC HOUSING, INC. d/b/a D.R. HORTON, AMERICA'S BUILDER, DHI MORTGAGE COMPANY, LTD., L.P., and DOES 1-10,<br><br>Defendants. | CASE NO. **08 cv 0592 BEN RBB**<br><br>DECLARATION OF REBECCA LORENZO IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS, STRIKE AND COMPEL ARBITRATION<br><br>Judge: Hon. Roger Benitez<br>Courtroom: 3<br><br>Hearing Date: June 9, 2008<br>Hearing Time: 10:30 a.m. |

I, Rebecca Lorenzo, declare:

1. I have personal knowledge as to the facts stated in this declaration. If called as a witness, I could and would competently testify to the truth of the facts stated in this declaration. I make this declaration in opposition to the motion to compel arbitration, in opposition to the motions to dismiss, and in opposition to the motion to strike.

2. On or about January 25, 2006, I entered into a home purchase agreement to purchase a new home from Western Pacific Housing, Inc., a Delaware Corporation, dba D.R. Horton, America's Builder ("Horton"), located in Horton's "Valverde Villages" community at 2345 New Brighton Lane, in Stockton, California.

3. I was purchasing my home from Horton as a first time home buyer. After I paid a $7,500 deposit towards the purchase price of the home, I was offered a $5,000 discount off of the closing costs. Julie Branecki informed me that I would only be eligible for this "discount," if I obtained my home loan from Horton Mortgage. As required by ¶7.2 of my Purchase Agreement with Horton, I was required to and did apply for a home loan with DHI Mortgage, which reads in relevant part as follows:

> (a) Loan Application. Within 5 days after Buyer's Offer, Buyer shall submit a completed application for the New Loan to DHI Mortgage, LTD., LP (**"Seller's Approved Lender"**), and a lender selected by Buyer ("Buyer's Lender"), if any.

4. My understanding of ¶ 7.5 of my Purchase Agreement, when read with ¶7.2 and the Notice of Affiliated Business Arrangement Addendum thereto, was that ¶7.5 did not apply to a DHI Mortgage loan, as the DHI application did not "compel" me to accept the DHI Loan. This understanding is also supported by the clear language in the Affiliated Business Arrangement Disclosure, contained in my Purchase Agreement, which discusses Horton's affiliation with DHI Mortgage and states:

> You are **NOT** required to use this company as a condition of your purchase of the Property from **Seller**. There are frequently other settlement service providers available with similar services. You are free to shop around to determine that you are receiving the best services and the best rate for these services.
> (Emphasis in original)

6. My understanding was that this statement meant that I was free to shop and compare services. Ms. Branecki, nevertheless, had informed me that if I attempted to use any lender other than Horton Mortgage, my deposit of $7,500 would be forfeited and the sale of the home would be canceled. I accepted her at her word.

7. The possibility of then determining if I was receiving the best rate and lowest fees became nonexistent. Without the ability to compare the actual rate and fees of the DHI loan to other rates and fees, I did not feel that I was truly "free to shop around."

8. As a result of the offered "discount" and the direct threat of losing both the $7,500 deposit and home purchase if I did not purchase the home, I therefore did not consider financing my home loan with any mortgage provider other than Horton Mortgage.

9. The loan I felt coerced into obtaining from Horton Mortgage consisted of two (2) loans. The first loan funded eighty percent (80%) of the home purchase with an interest rate that was fixed at 1.5% for one (1) year and adjustable thereafter. The second loan funded twenty (20%) of the home purchase with an interest rate that adjusts between 9.75-10.5%.

10. The fees, interest rate, and closing costs of the mortgage loan I received from Horton Mortgage are substantially higher than the fees, interest rate, and closing costs that I expected to receive from Horton Mortgage, based on the representations made to me by employees of Defendants.

11. As a result of the higher fees, interest rate, and charges imposed on me by Horton Mortgage, I have been financially devastated. I cannot afford the loan payments and, as a result, I am constantly in fear of losing my home.

12. The Purchase Agreement for the unit was represented to me in the form of a standard form document, and I was never given any reason to believe that the terms of the arbitration agreement were negotiable. The agreement was presented on a take-it or leave-it basis, and there was no opportunity to negotiate any of the boilerplate terms of the agreement. I also did not understand that as a result of the agreement that my rights against D.R. Horton, Inc., Horton or DHI Mortgage Company, LTD., L.P. ("Horton Mortgage") (collectively referred to herein as "Defendants") to enforce statutory remedies and/or California law as a result of their sales conduct were being forfeited through the agreements.

13. In signing the agreement I was not told, nor did I understand that by signing the agreement with the arbitration provision I would be waiving rights to receive attorney's fees as a prevailing party, which are guaranteed by Federal and/or California law. I did not understand that I would be waiving statutory remedies or other rights provided by California law. I was not informed nor did I understand that I would be forced to pay for the costs of providing, at my sole expense, JAMS and all non-appealing parties with a certified copy of the hearing transcript and JAMS with copies of all documentary evidence and all other tangible evidence received by the arbitrator and that, while Defendants would not be similarly forced to pay for these fees, only Defendants are provided with a mechanism to recoup these fees in the form of an award of costs on appeal.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 23 day of May, 2008 at

____________________, ________________.

Rebecca Lorenzo