**BLUMENTHAL & NORDREHAUG**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
(858) 551-1223
Fax: (858) 551-1232

**GERARD & ASSOCIATES**
Robert B. Gerard, Esq. (State Bar #96296)
1516 Front St
San Diego, CA 92101
Telephone: (619) 232-2828
Facsimile: (619) 232-4219

**LAW OFFICES OF ROBERT FELLMETH**
Robert Fellmeth, Esq. (State Bar #49897)
5998 Alcala Park
San Diego, CA 92110
Telephone: (619) 260 4806
Facsimile: (619) 260 4753

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES WILSON, REBECCA LORENZO, WAHEEDA KHAN, JORGE LOPEZ, and SUSIE KHUU, on Behalf of Themselves and All Others Similarly Situated<br><br>Plaintiffs<br><br>v.<br><br>D.R. HORTON, INC., WESTERN PACIFIC HOUSING, INC. d/b/a D.R. HORTON, AMERICA'S BUILDER, DHI MORTGAGE COMPANY, LTD., L.P., and DOES 1-10,<br><br>Defendants. | CASE NO. **08 cv 0592 BEN RBB**<br><br>PLAINTIFFS' OBJECTION TO AND MOTION TO STRIKE EXHIBITS ATTACHED TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE<br><br>Judge: Hon. Roger Benitez<br>Courtroom: 3<br><br>Hearing Date: June 9, 2008<br>Hearing Time: 10:30 a.m. |

## I. INTRODUCTION

Plaintiffs object to the Defendants' Request for Judicial Notice ("RJN") [Doc. No. which introduces exhibits that are either irrelevant or are not subject to judicial notice. Defendants' request attempts to argue disputed facts in contravention of the Complaint and the standard under Rule 12. As a result, Defendants' use of these exhibits presenting matters from outside the pleading have turned Defendants' Rule 12 motions into summary judgment motions, and yet Plaintiff's have not yet been permitted any discovery to rebut the Defendants' factual assertions. See Fed. R. Civ. Proc., §12(d).

Exhibits "A" and "B" appear to be documents from the U.S. Census, however, the documents are not relevant and therefore should not be judicially noticed. Defendants improperly cite to the census data as evidence of the relevant market, which is a core disputed issue of fact in this case. Exhibits "H" and "I" are plainly not the types of documents which are subject to judicial notice. Plaintiffs' therefore respectfully request that the Court sustain Plaintiffs' objection to Exhibits A, B, H and I, and strike the exhibits from the record as these documents are not subject to judicial notice.

## II. LEGAL STANDARD

Federal Rules of Evidence, Rule 201, provides for judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. §201(b). Courts may not, however, take judicial notice of facts that are subject to reasonable dispute. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). A matter is also not properly subject to judicial notice by the court if it involves a central and disputed issue. U.S. v. Baker, 641 F.2d 1311 (9th Cir. 1981); Cactus Corner, LLC v. United States Dep't of Agric., 346 F. Supp. 2d 1075, 1098 (E.D.Cal. 2004). Gingo v. United States Dep't of Educ., 149 F. Supp.2d 1195, 1199 (E. D. Cal. 2000), noted that while a court may take judicial notice of a public record which has a "direct relation to the matters at issue," but only of the existence of those matters of public record (the existence of a public document or of representations in the document),

and not of the veracity of arguments or disputed facts in the document. Id.

Even if the document or information is subject to judicial notice, in order to be judicially noticed the information must still be relevant. See e.g. Knight v. Knight, 207 F.3d 1115, 1119, n.4 (9th Cir 2000) (judicial notice denied where irrelevant); City of Lodi v. M & P Invs., 308 F. Supp. 2d 1137, 1143, n.6 (E.D.Cal. 2003); In re LeapFrog Enters., Inc. Sec. Litig., 527 F. Supp. 2d 1033, 1042 (N.D. Cal. 2007) (by granting judicial notice, the Court does not "accept defendants' interpretation of the matters therein.")

Finally, documents may only be subject to judicial notice if the documents are authenticated and documents taken from the Internet are problematic in this regard. As discussed by the Seventh Circuit Court of Appeals in reversing a District Court's reliance on Internet documents:

> Of particular concern is that the District Court used the website at http://www.victaulic.com to establish certain facts about Victaulic's business. While it is proper for a court to take judicial notice of facts not reasonably subject to dispute, FED. R. EVID. 201(b), several concerns come into play here. **First, we require that evidence be authenticated before it can be admitted**. *Id.* 901(a). Thus we allow judicial notice only from sources not reasonably subject to dispute. *Id.* 201(b). **Anyone may purchase an internet address, and so, without proceeding to discovery or some other means of authentication, it is premature to assume that a webpage is owned by a company merely because its trade name appears in the uniform resource locator.** *Cf. United States v. Jackson*, 208 F.3d 633, 638 (7th Cir. 2000) (holding that information from the internet must be properly authenticated to be admitted); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("**Printouts from a web site do not bear the indicia of reliability** demanded for other self-authenticating documents under FED. R. EVID. 902. To be authenticated, some statement or affidavit from someone with knowledge is required...").

Victaulic Co. v. Tieman, 499 F.3d 227, 236 (3rd. Cir. 2007).

In addition, the Court expressed further doubt about the use of such Internet materials at the pleading stage to potentially adjudicate claims:

> We also note that the District Court employed judicial notice at an early stage in this litigation and outside the context of an evidentiary proceeding. While the rules allow a court to take judicial notice at any stage of the proceedings, FED. R. EVID. 201(f), **we believe that it should be done sparingly at the pleadings stage.** Only in the clearest of cases should a district court reach outside the pleadings for facts necessary to resolve a case at that point.

Victaulic Co. v. Tieman, 499 F.3d 227, 236 (3rd. Cir. 2007).

## III. OBJECTION TO REQUEST FOR JUDICIAL NOTICE

### A. Objection to Exhibit "A" and "B"

Exhibits "A" and "B" are presented by Defendants as US Census documents. Plaintiffs object to the presentation of Exhibits "A" and "B" because the documents are not authenticated, are irrelevant, and should not be used to challenge disputed facts in contravention of the allegations of the pleading. Nowhere in the Defendants' motion are Exhibits "A" and "B" authenticated. Although they appear to be from a website purporting to be a US Census website, as held in Victaulic, such Internet documents are not self-authenticating and because there is no authentication, judicial notice should not be granted.

In addition, Defendants present these matters outside the pleading to dispute central facts in this case and argue that the relevant market is evidenced by the US Census documents. These documents are not relevant to define the relevant market in this case which negates the request for judicial notice. Knight, supra, 207 F.3d at 1119, n.4; City of Lodi, supra, 308 F. Supp. 2d at 1143, n.6; In re LeapFrog, supra, 527 F. Supp. 2d at 1042 (when granting judicial notice, the Court does not "accept defendants' interpretation of the matters therein."). Moreover, these documents should not be used at the early pleading stage to dispute central allegations in the Complaint. U.S. v. Baker, 641 F.2d 1311; Cactus Corner, 346 F. Supp. 2d at 1098. As a result, the documents should not be the subject of judicial notice for these reasons as well.

### B. Objection to Exhibit "H"

Exhibit "H" is presented by Defendants to be a magazine article from Builder Magazine. Plaintiffs object to the presentation of Exhibits "A" and "B" because the documents are not subject to judicial notice, the documents are not authenticated, and should not be used to challenge disputed facts in contravention of the allegations of the pleading. In Victaulic, the Court specifically held that Internet documents from a private website are not subject to judicial notice:

> private corporate websites, particularly when describing their own business, generally are not the sorts of 'sources whose accuracy cannot reasonably be questioned,' FED. R. EVID. 201(b), that our judicial notice rule contemplates.

Victaulic Co. v. Tieman, 499 F.3d 227, 236 (3rd. Cir. 2007).

Plaintiffs object to the Defendants' request for this Court to take judicial notice of this document because the Defendants use the article improperly to establish the truth of the matters set forth in the article. This is an improper use of the Article under Evidence Code §201. Thus, the Defendants' assertion of facts from the article as true constitutes hearsay and an improper use of the article. See Reiger v. Altris Software, Fed. Sec. L. Rep. (CCH) ¶90, 491, 1999 U.S. Dist Lexis 7949 at *7 (S.D. Cal. 1999) (News article not subject to judicial notice). Courts which have bee requested to take judicial notice of articles such as Exhibit "H" have uniformly denied such requests:

> Finally, the Court DENIES Defendants' motion to take judicial notice of the San Francisco Daily Journal Article dated June 5, 2003, by Tyler Cunningham and John Roemer, entitled "Nuts, Bolts and Fraud" (supplied by Defendants as Exhibit 14 to the Declaration of Martin G. Mamett). **Not only is the article irrelevant, but the purpose for which the request was made does not constitute a proper purpose for which the Court could take judicial notice.** See Fed. R. Evid. 201(b) (permitting judicial notice of facts not subject to reasonable dispute).

City & County of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 222-3 (N.D. Cal. 2003)

In support of the request for judicial notice of this magazine article, Defendants cite to three decisions, none of which support Defendants' request for the Court to consider Exhibit "H". Defendants cite to Austin v. Amer. Ass'n of Neurological Surgeons, 253 F.3d 967 (7th Cir. 2001), however this decision in no way addresses judicial notice and certainly does not support Defendants' argument that Courts may judicially notice any article from the Internet. Defendants site to Modesto Irrigation Dist. v. Pacific Gas & Electric Co., 61 F.Supp. 2d 1058, 1066 (N.D. Cal. 1999), but this decision addressed government records which bore the stamp of the government agency. Finally, Grimes v. Navigant Consulting, 185 F.Supp. 2d 906 (N.D. Ill. 2002) permitted judicial notice of internet information concerning the price of a publically traded stock, which does not support Defendants' argument that magazine articles on the Internet are subject to judicial notice.

**C. Objection to Exhibit "I"**

Plaintiff objects to Defendants' request for this Court to judicially notice Exhibit "I," which is comprised of correspondence and a photograph of Patrick Missud. The Court should take note that to avoid any appearance of impropriety, Patrick Missud has formally withdrawn as co-counsel

for the Plaintiffs and the putative Class in this case. [Doc. No. 11]. Further, there is no authentication of the documents attached as Exhibit "I" and the documents are not relevant to any issue raised in the Rule 12 motions.

These various documents that comprise Exhibit "I" are clearly not subject to judicial notice, and indeed, Defendants' request fails to provide any authority or argument supporting the request as to Exhibit "I." The documents attached as Exhibit "I" should not be considered by this Court for any purpose, and certainly should not be judicially noticed. Plaintiffs' claims should respectfully be evaluated based upon the allegations of the complaint, not using correspondence by Mr. Missud taken out of context. Moreover, he is no longer counsel in this case. [Doc. No. 11].

## IV. MOTION TO STRIKE

As discussed above, Exhibits "A", "B", "H" and "I" are not subject to judicial notice for various reasons. As a result, these exhibits should be excluded an stricken from the record. If not so excluded from the record, Defendants' presentation of these exhibits from "matters outside the pleadings" converts the motions to motions for "summary judgment under Rule 56." F.R.C.P. 12(d). Once considered motions for summary judgment, plaintiffs "must be given a reasonable opportunity" to discover and present evidence in opposition to the motions. F.R.C.P. 12(d).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that this Court sustain the objection to Defendants' request for Exhibits "A", "B", "G" and "H" to be judicially noticed, and strike the exhibits from the record.

BLUMENTHAL & NORDREHAUG

DATED: May 27, 2008

By: *s/Norman B. Blumenthal*
Norman B. Blumenthal, Esq.

Robert Gerard, Esq.
GERARD & ASSOCIATES

1516 Front Street
San Diego, California 92101

Robert Fellmeth
LAW OFFICES OF ROBERT FELLMETH
5998 Alcala Park
San Diego, CA 92110

Attorneys for Plaintiffs

K:\D\NBB\Wilson v. DR Horton\Motion to Dismiss\p-objection to RJN-01.wpd