**BLUMENTHAL & NORDREHAUG**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
(858) 551-1223
Fax: (858) 551-1232

**GERARD & ASSOCIATES**
Robert B. Gerard, Esq. (State Bar #96296)
1516 Front St
San Diego, CA 92101
Telephone: (619) 232-2828
Facsimile: (619) 232-4219

**LAW OFFICES OF ROBERT FELLMETH**
Robert Fellmeth, Esq. (State Bar #49897)
5998 Alcala Park
San Diego, CA 92110
Telephone: (619) 260 4806
Facsimile: (619) 260 4753

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES WILSON, REBECCA LORENZO, WAHEEDA KHAN, JORGE LOPEZ, and SUSIE KHUU, on Behalf of Themselves and All Others Similarly Situated<br><br>Plaintiffs<br><br>v.<br><br>D.R. HORTON, INC., WESTERN PACIFIC HOUSING, INC. d/b/a D.R. HORTON, AMERICA'S BUILDER, DHI MORTGAGE COMPANY, LTD., L.P., and DOES 1-10,<br><br>Defendants. | CASE NO. **08 cv 0592 BEN RBB**<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO STRIKE [MOTION NO. 2]<br><br>Judge: Hon. Roger Benitez<br>Courtroom: 3<br><br>Hearing Date: June 9, 2008<br>Hearing Time: 10:30 a.m. |

# TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. SUMMARY OF THE RELEVANT CLASS ALLEGATIONS . . . . . . . . . . . . . . . . . . . . 2

III. LEGAL STANDARD FOR MOTION TO STRIKE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV. LAW & ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

A. DEFENDANTS' REQUEST TO WEIGH FACTS AND JUDGE THE FACTS REGARDING DEFENDANTS' WRONGFUL CONDUCT AT THE PLEADING STAGE IS PREMATURE . . . . . . . . . . . . . . . . . . . . . . . . . 6

B. PLAINTIFFS HAVE SUFFICIENTLY ALLEGED WRONGFUL CONDUCT BY DEFENDANT WHICH WAS COMMON TO THE CALIFORNIA CLASS9

C. DEFENDANTS' CITATIONS ARE INAPPOSITE . . . . . . . . . . . . . . . . . . . . . . 11

D. A NATIONWIDE CLASS IS PROPERLY ALLEGED WITH RESPECT TO THE SHERMAN ANTITRUST ACT CLAIM . . . . . . . . . . . . . . . . . . . . . . . 14

E. DEFENDANTS' REQUEST FOR A MORE DEFINITE STATEMENT IS WITHOUT MERIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

V. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

**Cases:**


Affiliated Ute Citizens v. United States,
406 U.S. 128 (1972) . . . . . . . . . . 13

Aron v. U-haul Co.,
143 Cal.App.4th 796 (2006) . . . . . . . . . . 13

Baas v. Dollar Tree Stores, Inc.,
2007 U.S. Dist. LEXIS 65979 (N.D. Cal. 2007) . . . . . . . . . . 8

Barnhart v. Safeway Stores, Inc.,
1992 U.S. Dist. LEXIS 22572 (Dec. 19 1992) . . . . . . . . . . 9

Beckstead v. Superior Court,
21 Cal. App. 3d 780 (1971) . . . . . . . . . . 6

Blackie v. Barrack,
524 F.2d 891 (9th Cir. 1975) . . . . . . . . . . 1, 10

Blakemore v. Superior Court,
129 Cal. App. 4th 36 (2005) . . . . . . . . . . 6

Burgert v. Lokelani Bernice Pauahi Bishop Trust,
200 F.3d 661 (9th Cir. 2000) . . . . . . . . . . 5

Cairns v. Franklin Mint Co.,
24 F. Supp. 2d 1013 (CD. Cal. 1998) . . . . . . . . . . 4

Californians for Disability Rights v. Mervyn's, LLC,
39 Cal. 4th 223 (2006) . . . . . . . . . . 13

Cascade Health Solutions v. PeaceHealth,
515 F.3d 883 (9th Cir. 2008) . . . . . . . . . . 14

Cattie v. Wal-Mart Stores,
504 F.Supp. 2d 939 (S.D. Cal. 2007) . . . . . . . . . . 13

Caro v. Proctor & Gamble,
18 Cal. App. 4th 644 (1993) . . . . . . . . . . 13

Cellars v. Pacific Coast Packaging, Inc.,
189 F.R.D. 575 (N.D. Cal. 1999) . . . . . . . . . . 15

Chern v. Bank of America,
15 Cal. 3d 866 (1976) . . . . . . . . . . 13

Chong v. State Farm Mut. Auto. Ins. Co.,
428 F. Supp. 2d 1136 (S.D. Cal. 2006) . . . . . . . . . . 1, 6, 8, 9, 11

Clark v. State Farm Mut. Auto. Ins. Co.,
231 F.R.D. 405, 407 (C.D. Cal. 2005) . . . . . . . . . . 8, 9

Clark v. Watchie,
513 F.2d 994 (9th Cir. 1975) . . . . . 13

Colaprico v. Sun Microsystems, Inc.,
758 F. Supp. 1335 (N.D. Cal. 1991) . . . . . 5

Committee on Children's Television v. General Foods Corp.,
35 Cal.3d 197 (1983) . . . . . 13

DeBoer v. Mellon Mortgage Co.,
64 F.3d 1171 (8th Cir. 1995), *cert. denied*, 517 U.S. 1156 (1996) . . . . . 5

Desaigoudar v. Meyercord,
223 F.3d 1020 (9th Cir. 2000) . . . . . 5

Dukes v. Wal-Mart, Inc.,
474 F.3d 1214 (9th Cir. 2007) . . . . . 11

Eastman Kodak Co. v. Image Tech. Servs., Inc.,
504 U.S. 451 (1992) . . . . . 14

Federal Sav. and Loan Ins. Corp. v. Musacchio,
695 F. Supp. 1053 (N.D. Cal. 1988) . . . . . 15

Fletcher v. Security Pacific Nat'l Bank,
23 Cal. 3d 442 (1979) . . . . . 13

FTC v. Tenet Health Care Corp.,
186 F.3d 1045 (8th Cir. 1999) . . . . . 14

Gartin v. S&M NuTec LLC,
245 F.R.D. 429 (C.D. Cal. 2007) . . . . . 12

Giraud v. Teamsters, Chauffeurs, Warehousemen and Helpers, Local 901,
46 F.R.D. 5 (D. P. R. 1969) . . . . . 5

Gonzalez v. P&G Co.,
247 F.R.D. 616 (S.D. Cal. 2007) . . . . . 12

Goodman v. Kennedy,
18 Cal. 3d 335 (1976) . . . . . 12

Hall v. Time, Inc.,
158 Cal. App. 4th 847 (2008) . . . . . 13

Hanlon v. Chrysler Corp.,
150 F.3d 1011 (9th Cir. 1998) . . . . . 10

Harris v. Palm Springs Alpine Estates, Inc.,
329 F.2d 909 (9th Cir. 1964) . . . . . 10

High Technology Careers v. San Jose Mercury News,
996 F.2d 987 (9th Cir.1993) . . . . . 14

In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 140 F.R.D. 425 (D. Ariz. 1991) . . . . . 10

In re Badger Mountain Irrigation Dist. Sec. Litig., 143 F.R.D. 693 (W.D. Wash. 1992) . . . . . 10

In re First Alliance Mortg. Co., 471 F.3d 977 (9th Cir. 2006) . . . . . 1, 10

In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283 (3d Cir. 1998) . . . . . 10

In re Wal-Mart Stores, Inc., 505 F. Supp. 2d 609 (N.D.Cal. 2007) . . . . . 1, 6, 7, 8, 11

In re Workers' Compensation, 130 F.R.D. 99 (D. Minn. 1990) . . . . . 5

Kay v. Wells Fargo & Co., 2007 U.S. Dist. Lexis 55519 (N.D. Cal. 2007) . . . . . 6, 11

Kay v. Wells Fargo & Co., 247 F.R.D. 572 (2007) . . . . . 11

Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718 (11th Cir. 1987) . . . . . 10

Korman v. Walking Co., 503 F.Supp. 2d 755 (E.D. Pa. 2007) . . . . . 2, 9

Laster v. T-Mobile United States, Inc., 407 F.Supp. 2d 1181 (S.D. Cal. 2005) . . . . . 13

McPhail v. First Command Fin. Planning, Inc., 247 F.R.D. 598 (S.D. Cal. 2007) . . . . . 1, 5, 10

Miller v. Group Voyagers, Inc., 912 F. Supp. 164 (E.D. Pa. 1996) . . . . . 5

Motisola Malikha Abdallah v. Coca-Cola Co., 1999 U.S. Dist. LEXIS 10612, 1999 WL 527835 (N.D. Ga. 1999) . . . . . 7

Myers v. MedQuist, Inc., 2006 U.S. Dist. LEXIS 91904, 2006 WL 3751210 (D. N.J. 2006) . . . . . 7

Negrete v. Allianz Life Ins. Co. of N. Am., 238 F.R.D. 482 (C.D. Cal. 2006) . . . . . 10

Newcal Industries, Inc. v. Ikon Office Solution, 513 F.3d 1038 (9th Cir. 2008) . . . . . 14, 15

Palmer v. Combined Ins. Co. of America, 2003 U.S. Dist. Lexis 2534 (N.D. Ill. 2003) . . . . . 9

Platte Anchor Bolt, Inc. v. IHI, Inc.,
352 F. Supp. 2d 1048 (N.D. Cal. 2004) . . . . . 5

Prince v. CLS Transportation, Inc.
118 Cal.App.4th 1320 (2004) . . . . . 6

Red Lion Med. Safety, Inc. v. Ohmeda, Inc.,
63 F.Supp.2d 1218 (E.D.Cal. 1999) . . . . . 14

Re/Max Int'l, Inc. v. Realty One, Inc.,
173 F.3d 995 (6th Cir. 1999) . . . . . 14

Rios v. State Farm Fire and Cas. Co.,
469 F.Supp.2d 727 (S.D.Iowa 2007) . . . . . 9

Schwarm v. Craighead,
233 F.R.D. 655 (E.D. Cal. 2006) . . . . . 10

SEC v. Digital Lightwave,
196 F.R.D. 698 (M.D. Fl. 2000) . . . . . 15

Silverman v. Smithkline Beecham Corp.,
2007 U.S. Dist. Lexis 80035 (C.D. Cal. 2007) . . . . . 9

Simon v. Merrill Lynch, Pierce, Fenner & Smith,
482 F.2d 880 (5th Cir. 1973) . . . . . 13

Skaff v. Meredien North America Beverly Hills, LLC,
506 F.3d 832 (9th Cir. 2007) . . . . . 15

Standfacts Credit Services v. Experian Information Solutions, Inc.,
405 F.Supp.2d 1141 (C.D. 2005) . . . . . 4

St. Paul Fire & Marine Ins. Co. v. American Bank,
33 F.3d 1159, 1162 (9th Cir. 1994) . . . . . 12

Tucker v. Apple Computer, Inc.,
493 F.Supp.2d 1090 (N.D.Cal. 2006) . . . . . 14

U. S. v. Board of Harbor Commissioners,
73 F.R.D. 460 (DC Del. 1977) . . . . . 15

Vasquez v. Superior Court of San Joaquin County,
4 Cal. 3d 800 (1971) . . . . . 6

Virtual Maintenance, Inc. v. Prime Computer, Inc.,
11 F.3d 660 (6th Cir.1993) . . . . . 14

White Mule Co. v. ATC Leasing Co. LLC.,
540 F.Supp.2d 869 (N.D.Ohio 2008) . . . . . 14

Zinser v. Accufix Research Inst., Inc.,
253 F.3d 1180 (9th Cir. 2001) . . . . . 8

**Statutes, Rules and Regulations:**

Cal. Bus. & Prof. Code § 16720 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Cal. Bus. & Prof. Code § 17200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Cal. Bus. & Prof. Code § 17204 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Cal. Bus. & Prof. Code § 17500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fed. R. Civ. Proc., rule 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 15

Fed. R. Civ. Proc., rule 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8 ,15

Fed. R. Civ. Proc., rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4, 6, 8, 9, 11, 15

and allow the propriety of class certification to be decided in accordance with the normal procedure under Rule 23 based upon a complete record supported by evidence.

BLUMENTHAL & NORDREHAUG

DATED: May 27, 2008

By: *s/Norman B. Blumenthal*
Norman B. Blumenthal, Esq.

Robert Gerard, Esq.
GERARD & ASSOCIATES
1516 Front Street
San Diego, California 92101

Robert Fellmeth
LAW OFFICES OF ROBERT FELLMETH
5998 Alcala Park
San Diego, CA 92110

Attorneys for Plaintiffs

K:\D\NBB\Wilson v. DR Horton\Motion to Dismiss\p-opposition to MTS-02.wpd

# I. INTRODUCTION

Plaintiffs' Complaint alleges a concerted scheme by Defendants to force Plaintiffs and the other members of the Class to finance their purchase agreement through Horton Mortgage. The anti-competitive lending scheme was devised to take advantage of the market of captive, locked-in D.R. Horton, Inc. home-buyers. The class allegations based upon this alleged common scheme satisfy Rule 23 for pleading purposes. The Defendants' arguments to the contrary are all respectfully without merit.

First, Defendants' argument regarding the merits of certification is premature. As held in In re Wal-Mart Stores, Inc., 505 F. Supp. 2d 609, 615-6 (N.D.Cal. 2007) and Chong v. State Farm Mut. Auto. Ins. Co., 428 F. Supp. 2d 1136, 1146-7 (S.D. Cal. 2006), the propriety of class certification should not be decided on the pleadings, which must be accepted as true. Rather, the Court is to perform a "rigorous" analysis at class certification, based upon evidence and facts adduced during discovery, not the argument and conjecture contained in Defendants' briefs.

Second, the Complaint sufficiently pleads the elements for class certification under Rule 23, which is all that is required at this stage. This is because "'the shape and form of a class action evolves only through the process of discovery." Wal-Mart, supra, at 615. Defendants' argument that common issues will not predominate is contrary to the decisions by Courts in the Ninth Circuit which only require that there be a "**common course of conduct**" to establish commonality. See McPhail v. First Command Fin. Planning, Inc., 247 F.R.D. 598, 608-9 (S.D. Cal. 2007); Blackie v. Barrack, 524 F.2d 891 (9th Cir. 1975); and In re First Alliance Mortg. Co., 471 F.3d 977 (9th Cir. 2006). Plaintiffs' Complaint sufficiently alleges that common issues of law and fact predominate.

Third, as addressed in Plaintiffs' Opposition to the Motion to Dismiss No. 1, the Complaint alleges a lock-in tying arrangement between the Defendants which is actionable under the Sherman Antitrust Act. Therefore, a nationwide class is properly pled as to this claim only.

Fourth, Defendants' request for a definite statement is without merit. Such a request is only granted where the pleading is unintelligible, not when a defendant seeks more detail. Plaintiffs' Complaint sufficiently and clearly alleges the scheme by the Defendants, and a request for a more

definite statement is not to be used as a substitute for discovery.

Defendants' motion to strike is disfavored, and should not take the place of a motion for class certification where Plaintiffs are left without an opportunity to present evidence and facts to rebut the Defendants conjecture and rhetoric. The Complaint sufficiently alleges a common course of conduct by the Defendants which injured the Plaintiffs and others. The exact contours of what class can and should be certified is to be decided on a motion for class certification. As stated by one Court, **"[i]t would be improper to allow Defendants to slip through the backdoor what is essentially an opposition to a motion for class certification before Plaintiffs have made such a motion and when discovery on the issue is still on-going."** Korman v. Walking Co., 503 F.Supp. 2d 755, 762 (E.D. Pa. 2007).[1] Plaintiffs therefore respectfully request that the motion to strike be denied to allow the question of certification to be decided on a full record in accordance with Rule 23.[2]

## II. SUMMARY OF THE RELEVANT CLASS ALLEGATIONS

The Complaint provides notice to the Defendants of the claims asserted on behalf of the Plaintiffs and similarly situated consumers, as required by Fed. R. Civ. Proc., rule 8. The Complaint alleges that Plaintiffs and similarly situated home buyers were injured by Defendants' wrongful conduct:

> Plaintiffs allege that these buyers were all, as a result of the uniform business practices of Defendants, unfairly or deceptively convinced to finance their purchase agreement through Horton Mortgage. This anti-competitive lending scheme was devised to take advantage of the market of captive, locked-in D.R. Horton, Inc. home-buyers.

(Complaint at ¶1 [Doc. No. 1].)

> While home loans with far better terms and conditions than the home loans offered by Horton Mortgage were available to the Class Members from Horton Mortgage's competitors, the Defendants were able to coerce each and every Class Member to

---

[1] Unless otherwise indicated, all emphasis added and internal citations omitted.

[2] The Court should be advised that Patrick Missud, to avoid any appearance of impropriety, has formally withdrawn as co-counsel for the Plaintiffs and the putative Class. [Doc. No. 11].

> finance their home purchases through Horton Mortgage through a concerted refusal to deal with Horton Mortgage's competitors and with tied-in market power which allowed Horton to threaten the Class Members with loss of their deposits and home purchase if they did not finance their Horton home purchase through Horton Mortgage. This market power was substantially enhanced by the taking of the deposit before the exercise of Defendants' coercive market power. Given the unique nature of a real property purchase, the market power of Defendants is further enhanced as to this unique market of Horton's home sales and tied-in financing.

(Complaint at ¶9 [Doc. No. 1].)

The anti-competitive and fraudulent scheme of the Defendants perpetrated on the members of the Class is described in detail throughout paragraphs 10 through 15 of the Complaint, and can be summarized as follows:

> In furtherance of their affiliated and consolidated financial relationship, Horton, as part of each purchase agreement, required each consumer seeking a loan for a Horton home purchase to apply to Horton Mortgage for the loan.... Defendants continued to combine their efforts to conceal the true cost of the mortgage product from each customer until such time as each Class Member was locked-in so that switching costs would be prohibitive. The true facts were that there was no true option to use alternative lenders, as any attempt to do business with alternative lenders was met with threats of loss of the home purchase and non-refundable deposit, along with stonewalling alternative lenders.

(Complaint at ¶10 [Doc. No. 1].)

> The Defendants' market power over the home purchasers was so strong that Defendants were able to successfully coerce the Class Members to use Horton Mortgage for their loan with threats of the loss of the deposit and/or other funds paid towards the purchase price of the home for any Class Member that wanted to use an alternate lender. The purpose of these threats by Horton's sales representatives was to cause these home buyers to use Horton Mortgage for their home loan, to the exclusion of the competitive lenders, so as to eliminate all competition. For those Class members who became so dissatisfied with the loan offered by Horton Mortgage before closing, that they were willing to accept the loss of the illusory $5,000-$10,000 "discount" in order to obtain financing from another lender, Horton refused to deal with the alternate lenders and threatened to have the Class Members' deposit forfeited and the sale cancelled if Horton Mortgage was not used for the loan.

(Complaint at ¶11 [Doc. No. 1].)

> The Defendants' concerted refusal to deal with other lenders and Defendants' use of market power over the home sale of this unique product and deposit loss allowed Horton Mortgage to unfairly and illegally capture a substantial percentage of the market for these financial services and deprived the Class members of an even and balanced playing field wherein all financial institutions were permitted the chance to compete fairly and honestly for the Class Members' business.... By virtue of unfairly preying on the locked-in and captive business market, Horton Mortgage was able to manufacture anti-competitive loans with unfairly high closing costs; above market fees and charges; and, higher than average interest rates and/or interest rates that were adjustable, rather than fixed...

(Complaint at ¶12 [Doc. No. 1].)

The Complaint also describes in detail how the alleged scheme was perpetrated on the named Plaintiffs. (Complaint at ¶33-42 [Doc. No. 1].)

Finally, the Complaint allegations "address each of Rule 23's requirements" (¶48-¶51) and the Class alleged in the Complaint is clearly and objectively defined as follows:

> As to Counts 1, 2 & 4, this is a class action filed on behalf of all California residential mortgage borrowers who, within four (4) years of the filing of this Class Action Complaint, purchased a home from Horton and received a mortgage loan for such purchase that was originated, processed and/or brokered by Horton Mortgage, wherein the borrower(s) financed their purchase through Horton Mortgage (the "Class"). Upon information and belief, the scope of this class definition, including its temporal scope, may be further refined after discovery of Defendants' books and records. As to Count 3, this Class Action is brought on behalf of all residents of the United States who purchased a home located in the United States from Horton, during the four (4) years prior to the filing of this Complaint and through the end of the Class Period as shall be determined by the Court, and who received a mortgage loan for such purchase that was originated, processed, and/or brokered by Horton Mortgage.

(Complaint at ¶48 [Doc. No. 1].)

In particular, the Complaint plainly alleges that common issues regarding the legality of the Defendants' concerted conduct predominate over any individual issues:

> Common questions of law and fact exist as to the members of the Class and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of the following:
>
> 1) Whether Defendants' multi-faceted scheme to cheat to compete by coercing the members of the Class to accept the mortgage product of Horton Mortgage constituted an unlawful, unfair and/or deceptive business practice within the meaning of Cal. Bus. & Prof. Code § 17200, et seq.;
> 2) What measure of restitution is appropriate;
> 3) What measure of injunctive relief is appropriate; and,
> 4) Whether Defendants' conduct constituted an illegal tying arrangement in violation of the Sherman Antitrust Act and/or the Cartwright Act.

(Complaint at ¶50(c) [Doc. No. 1].)

At this stage in the proceedings, these allegations must all be accepted as true.

## III. <u>LEGAL STANDARD FOR MOTION TO STRIKE</u>

"Motions to strike are generally disfavored." <u>Cairns v. Franklin Mint Co.</u>, 24 F. Supp. 2d 1013, 1037 (CD. Cal. 1998); <u>Standfacts Credit Services v. Experian Information Solutions, Inc.</u>, 405

F.Supp.2d 1141, 1154 (C.D. 2005). "Rule 12(f) provides that a court may strike 'from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.' F.R.C.P. § 12(f). Motions to strike are generally not granted unless it is clear that the material to be stricken could have "no possible relation to the matter at issue". Miller v. Group Voyagers, Inc., 912 F. Supp. 164, 168 (E.D. Pa. 1996); Colaprico v. Sun Microsystems, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

At this stage of the Complaint, the Court must "take all well-pleaded allegations of material fact as true and construe them in the light most favorable to the plaintiff." Desaigoudar v. Meyercord, 223 F.3d 1020, 1021 (9th Cir. 2000), *citing* Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000). "It is generally accepted that motions to strike are not granted freely and courts are cautious about disturbing the pleadings unless such action is clearly warranted, and where harm will be suffered by the adverse party." Giraud v. Teamsters, Chauffeurs, Warehousemen and Helpers, Local 901, 46 F.R.D. 5, 6 (D. P. R. 1969). "A motion to strike should not be granted unless the matter to be stricken clearly could have no possible bearing of the subject of the litigation. If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." McPhail v. First Command, 247 F.R.D. 598, 604 (S.D. Cal. 2007), *citing* Platte Anchor Bolt, Inc. v. IHI, Inc., 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

## IV. LAW & ANALYSIS

One of the primary functions of the class action device is to encourage and permit enforcement of rights established by law and contract for the purpose of protecting consumers. 3B James W. Moore, et al, Moore's Federal Practice §23.45[1] n.50 (2d ed. 1985). The class action has been described as "a necessary vehicle for the vindication of small claims, particularly when those claims involve complex litigation." In re Workers' Compensation, 130 F.R.D. 99, 103 (D. Minn. 1990); *see also* DeBoer v. Mellon Mortgage Co., 64 F.3d 1171 (8th Cir. 1995), *cert. denied,* 517 U.S. 1156 (1996). Further, trial courts are instructed that if questions arise regarding the appropriateness

of class certification, "the Court should give the benefit of doubt to approving the class," because the trial court retains authority to amend or adjust the class certification accordingly. In re Workers' Compensation, 130 F.R.D. at 103, 110.

In this motion, Defendants move to strike the class allegations in the complaint on the basis that no class could be certified as a matter of law. Defendants' argument addresses disputed factual issues regarding Defendants' conduct. As a result, the factual merits of class certification should be decided in the context of a motion for class certification under Rule 23, and in any event, the complaint sufficiently alleges class allegations for purposes of Rule 8.

### A. DEFENDANTS' REQUEST TO WEIGH FACTS AND JUDGE THE FACTS REGARDING DEFENDANTS' WRONGFUL CONDUCT AT THE PLEADING STAGE IS PREMATURE

Defendants argue that the class allegations should be adjudicated at the pleading stage, citing only to an unpublished District Court decision and to two intermediate state court appellate decisions.[3] Defendants, however, fail to inform this Court of the more recent published authority

---

[3] Notably, the unpublished decision in Kay v. Wells Fargo & Co., 2007 U.S. Dist. Lexis 55519, *16 (N.D. Cal. 2007) granted the motion only because "Plaintiff failed to allege facts that would show that putative class members are entitled to equitable tolling or fraudulent concealment" and granted leave to amend to correct this deficiency. The Court in Kay then stated that "further motion on this issue is discouraged until Plaintiff filed her motion for class certification." Id. This decision can hardly be considered authority for an adjudication of whether a class could be certified at the pleading stage in contravention of the more persuasive cases cited herein. California courts have also consistently rejected attempts to have class certification issues decided at the pleading stage. See: Vasquez v. Superior Court of San Joaquin County, 4 Cal. 3d 800, 813 (1971); Blakemore v. Superior Court, 129 Cal. App. 4th 36, 44 (2005)(reversing order granting motion to strike class action allegations because "the California Supreme Court has mandated that a candidate complaint for class action consideration, if at all possible, be allowed to survive the pleading stages of litigation."); Prince v. CLS Transportation, Inc. 118 Cal.App.4th 1320, 1325 (2004); Beckstead v. Superior Court, 21 Cal. App. 3d 780 (1971). As Prince held the only cases where class certification may properly be denied at the pleading stage are mass-tort cases which are inherently unsuitable for class litigation. Prince is instructive because this case involves allegations of anti-competitive conduct and unfair competition which are usually amenable to class litigation because the focus is on the Defendants' conduct.

by Courts in the Ninth Circuit which hold that such an adjudication of the class allegations at the pleading stage is "premature." See In re Wal-Mart Stores, Inc., 505 F. Supp. 2d 609, 615-6 (N.D.Cal. 2007) and Chong v. State Farm Mut. Auto. Ins. Co., 428 F. Supp. 2d 1136, 1146-7 (S.D. Cal. 2006). Importantly, Defendants cite to no decision in which a Court adjudged the issue of whether common issues predominated over individual issues at the pleading stage.

In the Ninth Circuit, granting such challenges to the "class allegations before discovery has commenced is rare." In re Wal-Mart, supra, 505 F. Supp. 2d at 615-6. As the Court in Wal-Mart noted last year, while there is little authority to support such an attack at the pleading stage within the Ninth Circuit, decisions from courts in other jurisdictions have made clear that "dismissal of class allegations at the pleading stage should be done rarely and that the better course is to deny such a motion because 'the shape and form of a class action evolves only through the process of discovery.'" Id., *citing* Myers v. MedQuist, Inc., No. 05-4608, 2006 U.S. Dist. LEXIS 91904, 2006 WL 3751210, *4 (D. N.J. 2006) (internal citations omitted) (declining to strike class allegations because discovery had not yet commenced and observing that most courts deny such motions if brought prior to discovery), Motisola Malikha Abdallah v. Coca-Cola Co., No. Civ.A. 1:98CV3679-RW, 1999 U.S. Dist. LEXIS 10612, 1999 WL 527835 (N.D. Ga. 1999) (dismissal of class allegations prior to discovery premature), and 7AA Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure Civil § 1785.3 (3d 2005) (the practice employed in the overwhelming majority of class actions is to resolve class certification only after an appropriate period of discovery).

In Wal-Mart, the Court rejected the Defendants' attack on the sufficiency of the class allegations at the pleading stage, noting that "Wal-Mart has not answered in this case, discovery has not yet commenced, and no motion for class certification has been filed." Id. As a result, the Court concluded that "[i]n the absence of any discovery or specific arguments related to class certification, the Court is not prepared to rule on the propriety of the class allegations and explicitly reserves such a ruling." Id. In fact, the Court in Wal-Mart refused to rule on the propriety of the class allegations even though the Plaintiffs' definitions were "suspicious and may in fact be improper." Nevertheless,

the Court concluded:

> Plaintiffs should at least be given the opportunity to make the case for certification based on appropriate discovery... **Accordingly, Wal-Mart's motions to dismiss or strike the class allegations are premature** and are denied, but without prejudice as to Wal-Mart's ability to move to strike or dismiss the class allegations if and when class certification is sought.

In re Wal-Mart, supra, 505 F. Supp. 2d at 615-6.[4]

The result should be no different in this case where Plaintiffs should also be permitted the opportunity to establish how Defendants' wrongful conduct was common to the entire class through discovery, at which time Defendants will have their opportunity to oppose Plaintiffs' showing on the merits.

In Chong, supra, 428 F. Supp. 2d at 1146-7, Judge Whelen rejected a challenge to class allegations at the pleading stage:

> Defendant also moves to strike Plaintiff's class allegations, arguing that no common questions exist because the inquiry into whether each class member has been made whole will necessarily be individualized. Plaintiff counters and, in an opposition that reads like a motion for class certification, argues that her class allegations meet the standard set forth in the Federal Rules of Civil Procedure. **Both parties are getting ahead of themselves.**
>
> It is well established that the Federal Rules of Civil Procedure place the burden of meeting Rule 23's requirements on the party seeking class certification. Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001). "Mere repetition of the language of the Rule, without a statement of the basic facts is insufficient to gain class certification." Clark v. State Farm Mut. Auto. Ins. Co., 231 F.R.D. 405, 407 (C.D. Cal. 2005)**. However, even where a plaintiff's complaint contains conclusory class allegations, those allegations should not be stricken if they relate to the subject matter of the litigation and are not redundant, impertinent or immaterial.** Id.
>
> Plaintiff's class allegations here may be somewhat conclusory, but they are nonetheless sufficient to survive a motion to strike. Simply put, Defendant's motion to strike is premature. Id. As in Clark, **Plaintiff's allegations address each of Rule 23's requirements, relate to the subject matter of this litigation, and are not redundant, impertinent or immaterial... Construing the complaint in the light most favorable to the Plaintiff, as the Court must on a Rule 12 motion, Plaintiff's**

---

[4] This holding in Wal-Mart has since been followed in another decision. In Baas v. Dollar Tree Stores, Inc., 2007 U.S. Dist. LEXIS 65979 (N.D. Cal. 2007), the Court noted that courts generally "review class allegations through a motion for class certification." Therefore, the Court in Baas followed Wal-Mart and similarly ruled that "Defendant's arguments regarding the propriety of the class allegations are premature. Accordingly, the Court denies Defendant's motion to strike or dismiss the class allegations at this procedural stage."

**class allegations are sufficient.** Defendant's motion to strike is therefore DENIED. Chong v. State Farm Mut. Auto. Ins. Co., 428 F. Supp. 2d 1136, 1146-7 (S.D. Cal. 2006).

As in Chong, Defendants here are getting "ahead of themselves," and the class allegations in this case address each of the requirements of Rule 23 and are therefore sufficient. Under the reasoning of Chong as well, Defendants' motion to strike class allegations should respectfully be denied as premature at this time.[5]

### B. PLAINTIFFS HAVE SUFFICIENTLY ALLEGED WRONGFUL CONDUCT BY DEFENDANT WHICH WAS COMMON TO THE CALIFORNIA CLASS

The Complaint is brought on behalf of the Plaintiffs and a California class with respect to the claims brought under the Cartwright Act and the Unfair Competition Law ("UCL") set forth in California Business & Professions Code §§ 16720, 17200 and 17500, *et seq.*[6] (Complaint at ¶ 1 and ¶ 48). These claims generally allege that the Defendants engaged in an anti-competitive lending scheme in order to take advantage of the market of captive, locked-in D.R. Horton, Inc. home-

---

[5] See also Korman v. Walking Co., 503 F.Supp. 2d 755, 762 (E.D. Pa. 2007); Rios v. State Farm Fire and Cas. Co., 469 F.Supp.2d 727, 740-1 (S.D.Iowa 2007); Silverman v. Smithkline Beecham Corp., 2007 U.S. Dist. Lexis 80035, *6 (C.D. Cal. 2007) ("Defendant argues that Plaintiffs cannot achieve class certification for his state law claims under Rule 23 because Plaintiffs cannot demonstrate that the class, as alleged, will meet the Rule 23 requirements of commonality and superiority. The Court agrees with Plaintiffs that Defendant's arguments on the Rule 23 factors are premature. The Court declines to rule on Rule 23 class certification in this procedural posture with such a scant development of the arguments and will instead wait for full dedicated briefing on the class certification issue at the appropriate time."); Barnhart v. Safeway Stores, Inc., 1992 U.S. Dist. LEXIS 22572, *4-*5 (Dec. 19 1992) ("Many courts, including the Ninth Circuit, have recognized that discovery is often necessary to determine if a class is maintainable and to define the scope of the class....**[T]he better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable**."); and Palmer v. Combined Ins. Co. of America, 2003 U.S. Dist. Lexis 2534, *5-*7 (N.D. Ill. 2003) (the Court declined to dismiss the class allegations because there were insufficient indicia in the pleadings for the court to determine whether the class allegations were appropriate, even in a sexual discrimination case where class treatment was normally "difficult").

[6] The claim under the federal Sherman Antitrust Act is alleged on behalf of a nationwide class and is addressed separately herein below and in Opposition to the Motion to Dismiss No.1

buyers, and that Defendants used deceptive and unfair business practices to perpetrate the scheme. (Complaint at ¶ 1 and ¶48 [Doc. No. 1]).

Defendants' motion to strike attacks the sufficiency of the class allegations by arguing that the complaint fails to allege facts establishing a "predominant common question of law or fact." (Def's Memorandum at p. 4). Defendants do not make any argument with respect to the allegations concerning the other elements for class certification, and therefore, Plaintiffs address only the sufficiency of the allegations concerning the common issues of law and fact which predominate. The allegations concerning the requirements of numerosity, typicality, adequacy of representation and superiority are undoubtedly sufficient. (Complaint at ¶49-¶51 [Doc. No. 1]).

As Chief Judge Irma E. Gonzalez held last year when certifying a class based upon oral misrepresentations during the sale of an investment:

> **Common questions of law and fact exist where "the complaint alleges a common course of conduct over the entire period**, directed against all investors, generally relied upon, and violating common statutory provisions[.]" Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 914 (9th Cir. 1964) (interpreting an earlier but similarly worded version of Rule 23). The Ninth Circuit applies a "common course of conduct" test to determine whether to certify a class in a fraud case. Blackie, 524 F.2d at 903-04; In re Badger Mountain Irrigation Dist. Sec. Litig., 143 F.R.D. 693, 698 (W.D. Wash. 1992). Therefore, class certification is appropriate where investors are "allegedly defrauded over a period of time by similar misrepresentations[.]" Blackie, 524 F.2d at 902; *accord* In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 314 (3d Cir. 1998); Negrete v. Allianz Life Ins. Co. of N. Am., 238 F.R.D. 482, 492 (C.D. Cal. 2006). **The existence of oral, rather than written, misrepresentations does not preclude class certification.** In re First Alliance Mortgage Co., 471 F.3d 977, 991 (9th Cir. 2006) (discussing In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 140 F.R.D. 425, 430 (D. Ariz. 1992)); Badger Mountain, 143 F.R.D. at 698 & n.2 (discussing Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 724 (11th Cir. 1987)). **The commonality requirement is "construed permissively" such that "[a]ll questions of fact and law need not be common to satisfy the rule."** Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998); Schwarm v. Craighead, 233 F.R.D. 655, 660-61 (E.D. Cal. 2006).
>
> **The Court finds the commonality requirement is established by plaintiffs' allegations of a "common course of conduct"** to defraud investors with similar misrepresentations.... Although defendants argue that actual sales pitches did not exactly follow the script and, therefore, the oral misrepresentations were never uniform, the **Ninth Circuit's case law does not require identical misrepresentations to satisfy the commonality requirement.** First Alliance Mortgage, 471 F.3d at 991; Blackie, 524 F.2d at 902.

McPhail v. First Command Fin. Planning, Inc., 247 F.R.D. 598, 608-9 (S.D. Cal. 2007).

In light of the foregoing, under First Alliance Mortgage, Blackie, In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 140 F.R.D. 425, 430-1 (D. Ariz. 1991), and McPhail, Defendants' attack on the sufficiency of the class allegations fails because in this case Plaintiffs have alleged a "common course" of anti-competitive and deceptive conduct by the Defendants, which similarly injured the alleged Class. As the Ninth Circuit has held, "one significant issue common to the class may be sufficient to warrant certification." Dukes v. Wal-Mart, Inc., 474 F.3d 1214, 1225 (9th Cir. 2007).

In the Complaint, Plaintiffs have sufficiently alleged a common course of conduct which predominates. As a result, all of the elements for class certification under Rule 23 are properly and sufficiently alleged in the Complaint (¶48-¶51), and therefore, Defendants' motion should respectfully be denied.

## C. DEFENDANTS' CITATIONS ARE INAPPOSITE

Defendants' Motion to Strike cites to a host of cases which only further emphasize the impropriety of the challenge to the class allegation that common issues of law and/or fact predominate over individual issues at this stage of the proceedings.

First, Defendants cite to no federal authority permitting a Court to decide whether common issues predominate at the pleading stage. As discussed herein above, Defendants lone citation to the unpublished decision in Kay v. Wells Fargo & Co., 2007 U.S. Dist. Lexis 55519, *16 (N.D. Cal. 2007) as authority for this motion is distinguishable. In Kay, the motion was granted because of a failure to pled facts to support equitable tolling or fraudulent concealment and the Court granted leave to amend to amend to correct this deficiency. Although ignored by Defendants, the Court then held that "further motion on this issue is discouraged until Plaintiff filed her motion for class certification." Id. In fact, the Court later certified the action in Kay to proceed as a class action in a published decision. Kay v. Wells Fargo & Co., 247 F.R.D. 572 (2007). Kay therefore does not abrogate the rule set forth in Wal-Mart and Chong that class certification issues, especially issues involving factual disputes over whether common issues predominate, cannot be decided at the

pleading stage.[7]

Defendants cite to Gartin v. S&M NuTec LLC, 245 F.R.D. 429, 435 (C.D. Cal. 2007), Goodman v. Kennedy, 18 Cal. 3d 335, 346-7 (1976), and St. Paul Fire & Marine Ins. Co. v. American Bank, 33 F.3d 1159, 1162 (9th Cir. 1994) to argue that individual issues would create a quagmire for the Court. Again, these cases do not support the Defendants' argument. In fact, Gartin is a decision involving class certification, and not a challenge to the pleadings, thus confirming the position that the Court is to determine whether common issues of law and/or fact predominate at class certification as in Gartin and only after discovery and record supports the decision. Here, all Defendants offer is conjecture about what Defendants believe to be differences in the transactions. Plaintiffs' Complaint, however, alleges a systematic scheme by Defendants that was common to the entire class. The question of how common and far-reaching this scheme was should not be decided on Defendants rhetoric, but rather upon facts, discovery and evidence presented at certification. The decision in Goodman involved common law claims for negligence and fraud against an attorney who gave advice to third-parties. Here, the alleged fraudulent, unfair, and unlawful conduct was committed directly by Defendants upon the Plaintiffs and the other members of the Class. Goodman has no application to the facts in this case. The decision in St. Paul fairs no better because that case involved a claim for negligent misrepresentation decided after trial, not statutory claims for anti-competitive conduct and unfair, unlawful and deceptive business practices. These statutes certainly impose duties on the Defendants which Plaintiffs allege were violated.

Defendants rely extensively on Gonzalez v. P&G Co., 247 F.R.D. 616, 625 (S.D. Cal. 2007) to argue that Plaintiffs' claims under the UCL fail and therefore cannot support the class allegations. Defendants' reliance is misplaced as Gonzalez is wholly distinguishable on the facts. Gonzalez involved a claim for alleged false advertising of hair products to strengthen hair, however, the

[7] The intermediate state court cases cited by Defendants have no precedential value and were decided on issues unique to each decision which precluded certification as a matter of law. No such issues preclude the maintenance of a class action under the Sherman Act, the Cartwright Act or the UCL, which are routinely certified for class-wide resolution.

Plaintiff failed to see the advertising or even buy the allegedly falsely advertised product. Here, however, Plaintiffs specifically and particularly allege how the Defendants misrepresented closing costs and "discounts" in order to close the sale, and then used their lock-in market power to force consumers to pay supracompetitive prices for the tied mortgage product. (Complaint at ¶33-¶42 [Doc. No. 1]). Likewise, the citation to Caro v. Proctor & Gamble, 18 Cal. App. 4th 644, 667 (1993) is similarly inapposite because in that case the Plaintiff never even believed the representation alleged to be false (i.e. that the orange juice was fresh).

Defendant also cites to Hall v. Time, Inc., 158 Cal. App. 4th 847, 852 (2008), Laster v. T-Mobile United States, Inc., 407 F.Supp. 2d 1181, 1194 (S.D. Cal. 2005), Cattie v. Wal-Mart Stores, 504 F.Supp. 2d 939, 947-48 (S.D. Cal. 2007) to argue that the Proposition 64 standing requirements preclude class treatment. This argument is specious because as these cases hold, and the express language of Cal. Bus. & Prof. Code § 17204 provides, only the named Plaintiffs are required to pled and prove the Proposition 64 standing requirements.[8] The standing requirements have no application to the claims of the absent class members and the named Plaintiffs have pled specifically how they suffered an economic injury as a result of the Defendants' wrongful conduct. (Complaint at ¶33-¶42 [Doc. No. 1]). Plaintiffs also alleged that "[as] a result of Defendants' unfair, deceptive and unlawful acts and practices, Plaintiffs and the Class Members have been injured in amounts to be proven at trial." (Complaint at ¶58). Nothing more is required to be pled.

---

[8] The UCL does **not** require any reliance by the consumer or proof that any individual consumer was actually deceived. Committee on Children's Television v. General Foods Corp., 35 Cal.3d 197, 211 (1983); Fletcher v. Security Pacific Nat'l Bank, 23 Cal. 3d 442, 453 (1979). **Instead, the test is an objective one depending on whether the defendant's conduct was "likely to deceive" a reasonable consumer, and therefore amenable to class-wide adjudication.** Williams v. Gerber, 2008 U.S. App Lexis 8599, at *7-*8 (9th Cir. April 21, 2008) (reversing decision of Judge Miller and affirming "likely to deceive" standard); Committee, supra, 35 Cal.3d at 211; Chern v. Bank of America, 15 Cal. 3d 866, 876 (1976); Aron v. U-haul Co., 143 Cal.App.4th 796, 806 (2006). As the California Supreme Court recently held, these substantive rules governing liability under the UCL were not changed by the Proposition 64 amendment to standing provisions. Californians for Disability Rights v. Mervyn's, LLC, 39 Cal. 4th 223, 232 (2006). Moreover, the allegations of concealment never require proof of reliance as set forth in Affiliated Ute Citizens v. United States, 406 U.S. 128 (1972).

Finally, Defendants reliance on Clark v. Watchie, 513 F.2d 994 (9th Cir. 1975) and Simon v. Merrill Lynch, Pierce, Fenner & Smith, 482 F.2d 880 (5th Cir. 1973) is misplaced. These cases again involved motions for class certification, which is the appropriate time for the Court to determine whether common issues predominate. These cases do not hold that the class alleged in this case cannot be maintained as a matter of law. In fact, the Court of Appeals in Clark ultimately affirmed the grant of class certification, negating Defendants' argument that class allegations must be stricken as a matter of law.

**D. A NATIONWIDE CLASS IS PROPERLY ALLEGED WITH RESPECT TO THE SHERMAN ANTITRUST ACT CLAIM**

The Complaint, at paragraphs 43-47 and 62-70, alleges a claim for Unlawful Tying under the Sherman Antitrust Act on behalf of a nationwide class. Plaintiff's antitrust tying claim is fully supported by the decision in Eastman Kodak Co. v. Image Tech. Servs., Inc., 504 U.S. 451, 477, (1992). Because the Sherman Act claim is a federal claim, the allegations of a nationwide class are appropriate. The sufficiency of Plaintiff's antitrust claims are discussed in detail in Plaintiff's Opposition to the Motion to Dismiss No. 1.

In this motion, Defendants' factual arguments regarding the relevant market and conduct of the Defendants and their respective roles in the anti-competitive conduct are inappropriate at this stage in the litigation. "Determination of the relevant geographic market is highly fact sensitive." FTC v. Tenet Health Care Corp., 186 F.3d 1045, 1052 (8th Cir. 1999). Accordingly, the proper geographic market cannot generally be determined until after discovery. White Mule Co. v. ATC Leasing Co. LLC., 540 F.Supp.2d 869 (N.D.Ohio 2008); Kodak, supra, 504 U.S. at 482. These are factual questions which need to be developed by discovery and decided in the context of a motion for class certification and/or a motion for summary judgment, not a motion to strike. See Newcal Industries, Inc. v. Ikon Office Solution, 513 F.3d 1038, 1045 (9th Cir. 2008); High Technology Careers v. San Jose Mercury News, 996 F.2d 987, 990 (9th Cir.1993); Re/Max Int'l, Inc. v. Realty One, Inc., 173 F.3d 995, 1019 (6th Cir. 1999); Virtual Maintenance, Inc. v. Prime Computer, Inc., 11 F.3d 660, 666-67 (6th Cir.1993) (holding that plaintiff had stated valid tying claim based on allegations of lock-in and

switching costs); Tucker v. Apple Computer, Inc., 493 F.Supp.2d 1090 (N.D.Cal. 2006); Red Lion Med. Safety, Inc. v. Ohmeda, Inc., 63 F.Supp.2d 1218, 1232 (E.D.Cal. 1999).[9] As a result, the allegations of a Section 2 tying claim are sufficiently alleged for purposes of Rule 8, and heightened pleading with more particularity is not required. Newcal , supra, 513 F.3d at 1045; Skaff v. Meredien North America Beverly Hills, LLC, 506 F.3d 832, 845 (9th Cir. 2007).

### E. DEFENDANTS' REQUEST FOR A MORE DEFINITE STATEMENT IS WITHOUT MERIT

"Motions for a more definite statement are viewed with disfavor, and are rarely granted." Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999). "The proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." Federal Sav. and Loan Ins. Corp. v. Musacchio, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988). "Court[s] will require a more definite statement only when the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.'" Cellars, supra, 189 F.R.D. at 578.

As a result, "the basis for granting a motion for more definite statement is unintelligibility, not lack of detail; as long as the defendant is able to respond, even if only with simple denial, in good faith, without prejudice, the complaint is deemed sufficient." SEC v. Digital Lightwave, 196 F.R.D. 698, 700 (M.D. Fl. 2000). Where "the requirements of Rule 8 are satisfied and the opposing party is fairly notified of the nature of the claim, a Rule 12(e) motion is inappropriate." U. S. v. Board of Harbor Commissioners, 73 F.R.D. 460, 462 (DC Del. 1977).

## V. CONCLUSION

Plaintiffs' class allegations are sufficiently alleged. For the foregoing reasons, Plaintiffs respectfully submit that this Court should deny Defendants' motion to strike the class allegations

[9] Recently, the Ninth Circuit explained that "the Supreme Court has condemned tying arrangements when the seller has the market power to force a purchaser to do something that he would not do in a competitive market." Cascade Health Solutions v. PeaceHealth, 515 F.3d 883, 915 (9th Cir. 2008).