**BLUMENTHAL & NORDREHAUG**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
(858) 551-1223
Fax: (858) 551-1232

**GERARD & ASSOCIATES**
Robert B. Gerard, Esq. (State Bar #96296)
1516 Front St
San Diego, CA 92101
Telephone: (619) 232-2828
Facsimile: (619) 232-4219

**LAW OFFICES OF PATRICK MISSUD**
Patrick Missud, Esq. (State Bar #219614)
91 San Juan Ave
San Francisco, CA 94112

**LAW OFFICES OF ROBERT FELLMETH**
Robert Fellmeth, Esq. (State Bar #49897)
5998 Alcala Park
San Diego, CA 92110
Telephone: (619) 260 4806

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES WILSON, REBECCA LORENZO, WAHEEDA KHAN, JORGE LOPEZ, and SUSIE KHUU, on Behalf of Themselves and All Others Similarly Situated<br><br>Plaintiffs<br><br>v.<br><br>D.R. HORTON, INC., WESTERN PACIFIC HOUSING, INC. d/b/a D.R. HORTON, AMERICA'S BUILDER, DHI MORTGAGE COMPANY, LTD., L.P., and DOES 1-10,<br><br>Defendants. | CASE NO. **08 cv 0592 BEN RBB**<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION [MOTION NO. 4]<br><br>Judge: Hon. Roger Benitez<br>Courtroom: 3<br><br>Hearing Date: June 9, 2008<br>Hearing Time: 10:30 a.m. |

# TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. LEGAL ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

A. Defendants' Two (2) Motions to Dismiss Must be Converted Into Motions for Summary Judgment . . . . . . . . . . . . . . . . 5

B. Defendants Have Waived the Right to Compel Arbitration . . . . . . . . 6

1. Defendants' had knowledge of the existing right to compel arbitration . . . . . . . . 6

2. Defendants have acted inconsistently with the right to compel arbitration . . . . . . 6

3. Defendants' actions have prejudiced Plaintiffs . . . . . . . . . . . . 8

C. The Arbitration Provision Cannot Be Enforced by DHI Mortgage . . . . . . . . 10

D. The Arbitration Provision Is Unconscionable and, As a Result, Unenforceable . . . . . . 13

1. The Arbitration Provision is Procedurally Unconscionable . . . . . . . . 12

2. The Arbitration Provision is Substantively Unconscionable . . . . . . . . 15

a. The arbitration provision lacks mutuality by foreclosing the availability of full statutorily prescribed remedies to the Plaintiffs . . . . 15

b. The agreements also lack mutuality with respect to expenses and costs on appeal . . . . . . . . . . . . . . . . 15

V. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

**Cases:**


Aral v. Earthlink, Inc.,
134 Cal. App. 4th 544 (2005) . . . . . . . . . . 13

Armendariz v. Foundation Health Psychcare Serv. Inc.,
24 Cal.4th 83, 114 (2000) . . . . . . . . . . 2, 13-15

Aviation Data, Inc. v. American Express Travel Related Services Co., Inc.,
152 Cal. App. 4th 1522 (Cal. App. 1st Dist. 2007). . . . . . . . . . 3

Bell Atl. Corp. v. Twombly,
127 S. Ct. 1955 (U.S. 2007) . . . . . . . . . . 14

Bengiovi v. Prudential-Bache Sec., Inc.,
1985 U.S. Dist. LEXIS 20391 . . . . . . . . . . 4

Cabinetree of Wisc., Inc. v. Kraftmaid Cabinetry, Inc.,
50 F.3d 388, 390 (7th Cir. 1995) . . . . . . . . . . 4, 7

Circuit City Stores v. Adams,
279 F.3d 889 (9th Cir. 2002) . . . . . . . . . . 4, 7, 14

Convergys Corp. v. Freedom Wireless, Inc.,
2006 U.S. Dist. LEXIS 75025 (D. Nev. Oct. 11, 2006) . . . . . . . . . . 8

Dean Witter Reynolds Inc. v. Byrd,
470 U.S. 213 (1985) . . . . . . . . . . 3, 6

Doctor's Assocs. v. Casarotto,
517 U.S. 681 (1996) . . . . . . . . . . 3, 13

EEOC v. Waffle House,
534 U.S. 279 (2002) . . . . . . . . . . 11

Ferguson v. Countrywide Credit Indus., Inc.,
298 F.3d 778, 783 (9th Cir. 2002) . . . . . . . . . . 14

Fitz v. NCR Corp.,
118 Cal. App. 4th 702 (2004) . . . . . . . . . . 13

Garaux v. Pulley,
739 F.2d 437 (9th Cir.1984) . . . . . . . . . . 5

Gutierrez v. Autowest, Inc.,
114 Cal. App. 4th 77 (Cal. App. 1st Dist. 2003) . . . . . . . . . . 13

Ingle v. Circuit City Stores,
328 F.3d 1165 (9th Cir. 2003) . . . . . . . . . . 14

Martinez v. Master Prot. Corp., 118 Cal. App. 4th 107 (Cal. App. 2004) . . . . . . . . . . 14

Mayer v. Wedgewood Neighborhood Coalition, 707 F.2d 1020 (9th Cir.1983) . . . . . . . . . . 5

Mercuro v. Superior Court, 96 Cal. App. 4th 167 . . . . . . . . . . 14

Nagrampa v. MailCoups, Inc., 469 F.3d 1257 (9th Cir. 2006) . . . . . . . . . . 12

Nelson v. Anderson, 72 Cal. App. 4th 111 (1999) . . . . . . . . . . 2, 10

Pardee Construction Co. v. Superior Court, 100 Cal. App. 4th 1081 (Cal. App. 4th Dist.) . . . . . . . . . . 14

Portland Retail Druggists Association v. Kaiser Foundation Health Plan, 662 F.2d 641 (9th Cir. 1981) . . . . . . . . . . 1, 5

PPG Indus., Inc. v. Webster Auto Parts, Inc., 128 F.3d 103 (2d Cir. 1997) . . . . . . . . . . 2, 4

Price v. Drexel Burnham Lambert, Inc., 791 F.2d 1156 (5th Cir. 1986) . . . . . . . . . . 3

National Foundation for Cancer Research v. A.G. Edwards & Sons, 821 F.2d 772 (D.C. Cir. 1987) . . . . . . . . . . 1-3, 6, 9

St. Mary’s Med. Ctr., Inc. v. Disco Aluminum Prod. Co., 969 F.2d 858 (7th Cir. 1992) . . . . . . . . . . 2, 4, 7, 8

Szetela v. Discover Bank, 97 Cal. App. 4th 1094 (2002) . . . . . . . . . . 14

Thyssen, Inc. v. Calypso Shipping Corp., S.A. 310 F.3d 102 (2d Cir. 2002) . . . . . . . . . . 8, 9

Ticknor v. Choice Hotels Int’l Inc., 265 F. 3d 931 (9th Cir. 2001) . . . . . . . . . . 3, 13

Ting v. AT&T, 319 F.3d 1126 (9th Cir. 2003) . . . . . . . . . . 14

Townsend v. Columbia Operations, 667 F.2d 844 (9th Cir. 1982) . . . . . . . . . . 5

Tracer Research, Inc. v. National Envtl. Servs. Co., 42 F.3d 1292 (9th Cir. 1994) . . . . . . . . . . 3, 11, 12

Van Ness Twonhouses v. Mar Industries Cop., 862 F.2d 754 (9th Cir. Cal. 1988) . . . . . . . . . . 1, 3, 4, 6

Volt Info. Sci., Inc. v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468 (1989) . . . . . 3, 11

Weight Watchers of Quebec Ltd. v. Weight Watchers Int'l, Inc., 398 F.Supp. 1057 (E.D.N.Y. 1975) . . . . . 2, 3, 7, 9

Wilson v. Norbreck LLC, 2007 U.S. Dist. LEXIS 26144 (E.D. Cal. Apr. 9, 2007) . . . . . 14

**Statutes, Rules and Regulations:**

9 U.S.C. 2 . . . . . 13

California Code of Civil Procedure § 1021.5 . . . . . 15

California Code of Civil Procedure § 1284.3 . . . . . 16

California Code of Civil Procedure § 1670.5 . . . . . 13, 17

Federal Rules of Civil Procedure, Rule 12 . . . . . 1, 5, 6

Federal Rules of Civil Procedure, Rule 56 . . . . . 1 5, 6, 9

## I. INTRODUCTION

Defendants' Motion Number 4 to Compel Arbitration should be viewed in the context of Defendants' other filings in this action. Defendants D.R. Horton, Inc., Western Pacific Housing, Inc. d/b/a D.R. Horton, America's Builder, and DHI Mortgage Company, LTD., LP. (hereinafter collectively referred to as the "Defendants"), filed four (4) motions on May 6, 2008, all to be heard on June 9, 2008. The Defendants' Motion to Compel Arbitration is submitted by Defendants as the fourth (4th) motion to be heard after hearing Motions 1, 2 & 3.

In Defendants' first motion, the Motion to Dismiss Antitrust Claims, Defendants explicitly request the Court to consider the Motions in numerical order, with the Defendants' Motion to Dismiss to be heard first (1st), the Motion to Strike and/or Dismiss Plaintiffs' Class Allegations to be heard second (2nd), DHI Mortgage's Motion to Dismiss to be heard third (3rd), and, "[f]inally," Defendant's Motion to Compel Arbitration to be heard last.

Defendants' Motions to Dismiss contain several references to documents and other exhibits that require the Court to look beyond the pleadings in evaluating the motions. As a result, the motions must be treated as motions for summary judgment under Rule 56. Fed.R.Civ.P. 12(b)(6); Portland Retail Druggists Association v. Kaiser Foundation Health Plan, 662 F.2d 641, 645 (9th Cir.1981) ("Portland").

By bringing these motions seriatim, Defendants have intentionally chosen to substantially litigate the merits of this case, *before* having the Court decide whether this case should be sent to arbitration. In so doing, **Defendants have waived the right to arbitrate Plaintiffs' claims. Defendants made a "conscious decision to continue to seek judicial judgment on the merits of [the] arbitrable claims. This choice was inconsistent with the agreement to arbitrate those claims**." Van Ness Townhouses v. Mar Industries Corp., 862 F.2d 754, 759 (9th Cir. Cal. 1988), *quoting* National Found. for Cancer Research v. A.G. Edwards & Sons, 821 F.2d 772, 777 (D.C. Cir. 1987) ("A.G. Edwards & Sons) (securities firm had waived right to arbitrate by participating in the litigation).[1]

Effectively, with this Motion to Compel Arbitration being demanded by Defendants to be heard

[1] Emphasis added and internal citations omitted unless otherwise indicated.

fourth (4th), Defendants are attempting to improperly take a "second bite at the very questions presented to the court for disposition[, which] squarely confronts the policy that **arbitration may not be used as a strategy to manipulate the legal process**." A.G. Edwards & Sons, Inc., supra, 821 F.2d at 776.[2]

In analogous situations, courts consistently find that **the right to arbitration is waived** because, by filing substantive motions, the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate. Conwest Res. v. Playtime Novelties, 2007 U.S. Dist. LEXIS 35585, *16-20 (N.D. Cal. May 1, 2007); *see, also*, PPG Indus., Inc. v. Webster Auto Parts, Inc., 128 F.3d 103, 108-09 (2d Cir. 1997); St. Mary's Med. Ctr., Inc. v. Disco Aluminum Prod. Co., 969 F.2d 585, 589 (7th Cir. 1992) (finding waiver where party moved to dismiss); Weight Watchers of Quebec Ltd. v. Weight Watchers Int'l, Inc., 398 F. Supp. 1057, 1060-61 (E.D.N.Y. 1975) (Weight Watchers).

In Defendants' Motion to Compel Arbitration, Defendants vigorously argue that Plaintiffs' claims are arbitrable. Rather than first put this issue before the Court, Defendants have intentionally chosen to burden the Court with the substantive adjudication of three (3) motions, *before* deciding whether these same claims should be decided by an arbitrator. To ask the Court and the Plaintiffs to expend considerable time and resources analyzing Plaintiffs' claims, a task that will be duplicated if this case is sent to arbitration, causes substantial prejudice to Plaintiffs in the form of duplicative effort and expense along with giving Defendants a free look at Plaintiffs' responses and evidence. Defendants' were obviously aware of the right to compel arbitration, but instead decided to act wholly inconsistent with that right by first filing three (3) substantive motions. Consequently, Defendants have caused prejudice to the Plaintiffs' and have, therefore, waived the right to compel arbitration in the process. Conwest, supra, 2007 U.S. Dist. LEXIS at *16-20.

Further, notwithstanding the waiver of arbitration, Defendant DHI Mortgage Company is not a party to the arbitration provision and therefore have no right to enforce the arbitration provision and compel arbitration of the claims asserted by Plaintiff against D.R. Horton, Inc. and DHI Mortgage Company. "One who is not a party to a contract has no right to enforce it." Nelson v. Anderson, 72 Cal. App. 4th 111, 130

---

[2] By demanding the motion to arbitrate to be heard fourth (4th) after the three other motions, Plaintiffs have been severely prejudiced by having to respond to motions that might have otherwise been rendered moot by the ruling on the arbitration motion.

(1999). As explained by the Ninth Circuit Court of Appeals:

> Notwithstanding the federal policy favoring it, '**arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit**.' **We cannot expand the parties' agreement to arbitrate** in order to achieve greater efficiency. The Federal Arbitration Act '*requires* piecemeal resolution when necessary to give effect to an arbitration agreement.'

Tracer Research, Inc. v. National Envtl. Servs. Co., 42 F.3d 1292, 1294 (9th Cir. 1994).

Here, the arbitration provision at Section 11 provides for arbitration only with respect to "disputes arising between Buyer and Seller". Courts may not expand this provision by ignoring the limitation that only disputes "arising between Buyer and Seller" are subject to arbitration by expanding the provision beyond the express terms of this provision, as the Plaintiffs never agreed to arbitrate disputes between Plaintiffs and DHI Mortgage.

Aside from waiving arbitration as Defendants have done, Defendants also seek to enforce unconscionable and, therefore, unenforceable arbitration provisions. The arbitration provision is unenforceable as procedurally unconscionable because the contracts are adhesive contracts, presented on a "take-it-or-leave-it-basis." Armendariz v. Foundation Health Psychcare Serv. Inc., 24 Cal.4th 83, 114 (2000) ("Armendariz"). The arbitration provision is also substantively unconscionable because the provision would (i) limit Plaintiffs' statutory remedies by depriving the Plaintiffs of mandatory attorney's fees and (ii) second, the lacks mutuality by providing Defendants with reimbursement for all expenses and costs borne on appeal, without providing Plaintiffs with any such mechanism for recovery of costs.

For these reasons, as more fully set forth herein, the Defendants have intentionally waived the arbitration of this matter. Moreover, had there been no waiver, which there is here, the arbitration provision should not be enforced as unconscionable and cannot be enforced with respect to DHI Mortgage. Therefore, Defendants' Motion to Compel Arbitration should be respectfully denied.

## II. LEGAL STANDARD

General state law principles may apply in determining the validity, enforceability, and interpretation of an arbitration clause. Doctor's Assocs. v. Casarotto, 517 U.S. 681, 686-87, 116 S. Ct. 1652, 134 L. Ed. 2d 902 (1996) ("Doctor's") (General contract defenses such as fraud, duress or unconscionability, grounded

in state contract law, mat operate to invalidate arbitration agreements); Volt Info. Sci., Inc. v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 475-76 (1989); see also Ticknor v. Choice Hotels Int'l Inc., 265 F. 3d 931 (9th Cir. 2001) ("Ticknor").

A waiver of arbitration rights results from a party that has'substantially invok[ed] the litigation machinery' in such a way as to prejudice the other party. Aviation Data, Inc. v. American Express Travel Related Services Co., Inc., 152 Cal. App. 4th 1522, 1538 (Cal. App. 1st Dist. 2007).

A party seeking to prove such waiver of the right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." Van Ness Townhouses, supra, 862 F.2d at 758.

This question, "whether there has been waiver in the arbitration agreement context, should be analyzed in much the same way as in any other contractual context. The essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right." Id.; A.G. Edwards & Sons, supra, 821 F.2d 772, 774 (D.C. Cir. 1987), citing Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218–224 (1985).

Courts have found waiver where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate, such as by filing substantive motions. See, e.g., Price v. Drexel Burnham Lambert, Inc., 791 F.2d 1156, 1162 (5th Cir. 1986) (finding waiver where defendant filed motion to dismiss and for summary judgment, as plaintiff was prejudiced by the expense in having to defend motions); Weight Watchers, supra, 398 F. Supp. 1057, 1060-61 (E.D.N.Y. 1975) (finding waiver where party answered on merits, filed motion for summary judgment, and did not request arbitration until court decided motion); PPG Indus., Inc., supra, 128 F.3d at 108-09 (finding waiver where party engaged in discovery and filed substantive motions in related action based on same facts); St. Mary's, supra, 969 F.2d at 588 (7th Cir. 1992) (finding waiver where party moved to dismiss and for summary judgment without mentioning arbitration until after motions were lost); Com-Tech Assoc. v. Computer Assoc. Int'l, Inc., 938 F.2d 1574, 1576 (2d Cir. 1991) (finding waiver where party filed pre-trial motions including one for partial summary judgment and motion to compel, engaged in discovery, and

asserted arbitration right only four months before scheduled trial); Van Ness Townhouses, supra, 862 F.2d at 759 (9th Cir. 1989); Fraser v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 817 F.2d 250 (4th Cir. 1987) (finding sufficient prejudice to support waiver where opposing party was required to respond to motion for partial summary judgment and three motions to dismiss); Bengiovi v. Prudential-Bache Sec., Inc., 1985 U.S. Dist. LEXIS 20391 (finding waiver where plaintiff was "required to produce documents, answer deposition questions, and file an opposition to the summary judgment motion").

**Where, as here, a party elects by filing three (3) substantive motions "to proceed before a nonarbitral tribunal for the resolution of a contractual dispute [there] is a presumptive waiver of the right to arbitrate**." Cabinetree of Wisc., Inc. v. Kraftmaid Cabinetry, Inc., 50 F.3d 388, 390 (7th Cir. 1995) ("Cabinetree").

Here Defendants have filed two (2) motions to dismiss. These motions are, for all practical purposes, summary judgment motions. Defendants also has filed a motion to strike Plaintiffs' class allegations.[3] Whereas one perfunctorily filed motion to dismiss before answering may not constitute waiver, Defendants' submission of multiple, substantive motions affirmatively waives the right to arbitration. Id.

## III. LEGAL ANALYSIS

### A. Defendants' Two (2) Motions to Dismiss Must be Treated as Motions for Summary Judgment

Whenever a district court looks beyond the pleadings in evaluating a Rule 12(b)(6) motion to dismiss, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); Portland, supra, 662 F.2d 641, 645 (9th Cir.1981). Before summary judgment may be entered, all parties must be given notice of the motion and an opportunity to respond. Portland, supra, 662 F.2d at 645. The

[3] The three (3) motions to dismiss were accompanied by a Request for Judicial Notice, which contains matters outside of the pleadings in the form of two (2) articles from the U.S. Census Bureau website, every purchase agreement entered into by each Plaintiff, correspondence received from Patrice and Patrick Missud, and a Builder Magazine Article and related market charts from www.builderonline.com/housing-data/local-leaders-winning-at-all-costs.aspx. Consideration of these extrinsic exhibits converts the motions to dismiss into motions for summary judgment under Rule 12(d). Plaintiff have responded with several declarations, objections to Defendants' evidence, three (3) responses in opposition, and a proposed amended complaint.

opportunity to respond must include time for discovery necessary to develop facts justifying opposition to the motion. Id.; Fed.R.Civ.P. 56.

In this circuit, notice is adequate if the party against whom judgment is entered is "fairly apprised" that the court will look beyond the pleadings, thereby transforming the motion to dismiss into a motion for summary judgment. Mayer v. Wedgewood Neighborhood Coalition, 707 F.2d 1020, 1021 (9th Cir.1983) (per curiam) (citing Portland, supra, 662 F.2d at 645). When a party is represented by counsel, formal notice may be unnecessary. See Garaux v. Pulley, 739 F.2d 437, 439-40 (9th Cir.1984). Notice occurs when a party has reason to know that the court will consider matters outside the pleadings. See Townsend v. Columbia Operations, 667 F.2d 844, 849 (9th Cir. 1982).

A represented party who submits matters outside the pleadings to the judge and invites consideration of them has notice that the judge may use them to decide a motion originally noted as a motion to dismiss, requiring its transformation to a motion for summary judgment. Id.; see Garaux, 739 F.2d at 439.

Defendants submitted matters outside the pleadings. (*See* Defendant's Request for Judicial Notice ("Def's RJN"), [Docket No. 7]). For reasons explained in the Plaintiffs' Objection thereto, at least two of the exhibits cited by Defendants are not subject to judicial notice. As a result, Defendants' two (2) Motions to Dismiss present matters outside of the pleadings and therefore must be treated as Motions for Summary Judgment. Fed. R. Civ. P. 12(d). Defendants, therefore, have effectually subjected Plaintiffs to not one, but two (2) motions for summary judgment, in addition to the Defendants Motion to Strike Plaintiffs' Class Allegations. Moreover, Defendants have ordered the Court to hear all three (3) motions before determining whether this case should be sent to arbitration by way of the fourth (4th) Motion to Compel Arbitration.

**B. Defendants Have Waived the Right to Compel Arbitration**

A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." Van Ness Townhouses v. Mar Industries Corp., 862 F.2d 754, 758 (9th Cir. Cal. 1988).

**1. Defendants' had knowledge of the existing right to compel arbitration**

Defendants' Motion to Compel asserts that Plaintiffs' claims are subject to arbitration and that Plaintiffs are required to arbitrate their claims against both D.R. Horton, Inc. and DHI Mortgage Company, LTD. Thus, the first prong of waiver, that Defendants' had knowledge of an existing right to compel arbitration, is clearly satisfied. While Defendant clearly had knowledge of the existing right, Defendants' zeal in arguing in favor of the right to arbitrate Plaintiffs' claims begs the question:

Why has Defendant burdened the Court and the Plaintiffs with the analysis and litigation of two (2) motions for summary judgment and one motion to strike Plaintiffs' class allegations, instead of asserting the right to compel arbitration?

**2. Defendants have acted inconsistently with the right to compel arbitration**

Analyzing the question of whether there has been waiver in the arbitration agreement context should be analyzed in much the same way as in any other contractual context. "The essential question is **whether**, under the totality of the circumstances, **the defaulting party has acted inconsistently with the arbitration right**. A.G. Edwards & Sons, supra, 821 F.2d at 774, citing Dean Witter Reynolds Inc. v. Byrd (1985) 470 U.S. 213, 218–224 [84 L. Ed. 2d 158, 105 S. Ct. 1238].)

Here, the totality of the circumstances shows that Defendants have purposefully acted inconsistently with the arbitration right.

> On the whole, the facts are what matter, because the district courts must make an inquiry into the totality of the circumstances that led to the alleged waiver....Legal presumptions also play a role in evaluating the consequences of the parties' actions. In Cabinetree, for example, we held that a **presumption of waiver may arise from certain conduct**, while at the same time we suggested what kind of evidence might rebut that presumption.

Iowa Grain Co. v. Brown, 171 F.3d 504, 509-510 (7th Cir. Ill. 1999), citing to Cabinetree, supra, 50 F.3d at 390.

Defendants here, by electing a judicial forum rather than an arbitral tribunal, have presumptively waived the right to arbitration. Instead of proceeding to arbitration in the first instance, Defendants instead chose to litigate arbitrable issues on the merits. Such conduct constitutes a clear example of waiver. Irwin v. UBS Painewebber, Inc., 324 F. Supp. 2d 1103, 1110 (C.D. Cal. 2004). Further, the fact that Defendants decided to litigate this dispute in federal court, before asking the Court to consider a motion to compel arbitration, leaves no room for the Defendants to successfully rebut the presumption that the right has been

waived. Cabinetree, supra, 50 F.3d at 390. **Put simply, Defendants actions evidence the "worst possible reason for delay," which is to "to see how the case was going in federal district court before deciding whether it would be better off there or in arbitration."** Id.

Moreover, the three (3) motions filed by Defendants, all have caused Plaintiffs to expend considerable time and resources analyzing the claims asserted therein and responding thereto. More than one-hundred (100) hours of labor have been logged by multiple attorneys in analyzing Defendants' arguments, conducting legal research, and drafting oppositions to Defendants' motions, along with retaining an expert and drafting declarations. Plaintiffs have been forced to retain experts and prepare declarations to respond to the factual argument by Defendants. This work could have all been avoided, however, had Defendants simply moved to compel arbitration in the first instance.

The fact that Defendants, instead, filed multiple motions **and explicitly requested the Court to hear these motions first**, constitute actions that are definitively inconsistent with the right to compel arbitration.

The plaintiff in Weight Watchers was similarly subjected to significant pretrial litigation. There, the court found that the defendant waived the right to compel arbitration by filing a motion for summary judgment. The assertion of the right to have the court hear and decide the motion for summary judgment was found to be "an unequivocal expression of intent to seek a judicial determination of the merits of [the] action rather than arbitration." Weight Watchers, supra, 398 F. Supp. at 1060.

In St. Mary's, the filing of multiple pretrial motions was also found to be an act inconsistent with the right to seek arbitration.

> Especially telling was Disco's motion to dismiss. Submitting a case to the district court for decision is not consistent with a desire to arbitrate. A party may not normally submit a claim for resolution in one forum and then, when it is disappointed with the result in that forum, seek another forum.

St. Mary's, supra, 969 F.2d at 589.

Defendants here, may cite authority for the proposition that the mere filing of a motion to dismiss does not constitute waiver of the right to arbitration. In St. Mary's, the defendants made a similar argument, to which the court responded:

> Disco cites two Second Circuit cases that it says stand for the proposition that filing a motion to dismiss does not waive the movant's right to arbitrate. But Disco did not move only to dismiss; it also moved, alternatively, for summary judgment. Sweater Bee distinguished motions to dismiss from summary judgment motions, stating that a summary judgment motion would "preclude any arbitration . . . by virtue of waiver." 754 F.2d at 465.

As discussed herein above, Defendants have not merely filed one perfunctory motion to dismiss. Rather, Defendants have filed two (2) converted motions for summary judgment, both of which ask the Court to consider matters outside the pleadings. Fed. R. Civ. Proc. 56.

The filing of these two (2) motions for summary judgment, coupled with Defendants' Motion to Strike Plaintiffs Class Allegations, force the Court to decide several substantive issues on the merits. Defendants' inconsistent acts, however, are not comprised only of filing these motions. In addition, Defendants have affirmatively requested the Court to consider each of these motions *before* hearing the Motion to Compel Arbitration. As a result, Defendants have clearly acted inconsistent with the right to compel arbitration, by substantially invoking the judicial process to litigate the otherwise arbitrable claims.

**3. Defendants' actions have prejudiced Plaintiffs**

"Two forms of prejudice are recognized in these types of cases, substantive prejudice and prejudice due to excessive cost and/or delay. E.g., Thyssen, Inc. v. Calypso Shipping Corp., S.A., 310 F.3d 102, 105 (2d Cir. 2002) Inc. v. Calypso Shipping Corp., S.A., 310 F.3d 102, 105 (2d Cir. 2002)." Convergys Corp. v. Freedom Wireless, Inc., 2006 U.S. Dist. LEXIS 75025 (D. Nev. Oct. 11, 2006).

> **Prejudice can be substantive, such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration**, or it can be found when a party too long postpones his invocation of his contractual right to arbitration, and thereby causes his adversary to incur unnecessary delay or expense.

Thyssen, Inc. v. Calypso Shipping Corp., S.A. (2d Cir. 2002) 310 F.3d 102, 105 ("Thyssen").

Here, Defendants have exposed Plaintiffs to both substantive prejudice as well as prejudice due to excessive cost.

Defendants' request to the Court, to hear the two (2) converted motions for summary judgment and the Motion to Strike, *before*, hearing the Motions to dismiss, evince the very kind of maneuvering that gives rise to substantive prejudice. Effectually, Defendants seek the most inefficient resolution to the issues raised in the motions, by attempting to take a "second bite at the very questions presented to the court for

disposition[, which] squarely confronts the policy that **arbitration may not be used as a strategy to manipulate the legal process**." A.G. Edwards & Sons, Inc., supra, 821 F.2d at 776. Moreover, all of the Plaintiffs' work product responses are now exposed for fresh scrutiny should Plaintiffs be required to respond again in arbitration.

Defendants' filed the Motion to Compel Arbitration as a contingency plan, in case the converted motions for summary judgment and the motion to strike are denied. This stratagem, which clearly contemplates a duplicative abuse of the judicial process, substantively prejudices Plaintiffs. If, after litigating the substantive motions before this Court, Plaintiffs are thereafter forced to relitigate the same issues in arbitration, manifest injustice would result. Thyssen, supra, 310 F.3d at 105.

To combat the inefficient waste of judicial resources that occurs when parties attempt to employ such tactics, courts have found that such conduct is substantively prejudicial. Weight Watchers, supra, 398 F. Supp. 1057, 1060-61 (E.D.N.Y. 1975) (finding waiver where party filed motion for summary judgment, and did not request arbitration until court decided motion).

Defendants have also exposed Plaintiffs to prejudice due to excessive cost. More than a hundred of hours of legal work and research has been employed to oppose Defendants converted summary judgment motions, the motion to strike, and to prepare this motion, along with the expense of retaining an expert, drafting an amended complaint and Plaintiffs' declarations.

As a result of the fact that Defendants knew of their right to arbitrate, intentionally acted inconsistent with their right to arbitrate, and severely prejudiced Plaintiffs by such acts, the Defendants have, therefore, waived their right to arbitration. As a result, Defendants motion must be denied.

**C. The Arbitration Provision Cannot Be Enforced by DHI Mortgage**

There can be no dispute that DHI Mortgage is not a party to the arbitration provision. (See Defs' RJN, Exhibits "C" through "G.") "One who is not a party to a contract has no right to enforce it." Nelson v. Anderson, 72 Cal. App. 4th 111, 130 (1999). Accordingly, DHI Mortgage as a nonparty to the arbitration provision has no right to enforce the arbitration agreement and compel arbitration. Thus, irrespective of the waiver of arbitration and the fact that the arbitration provision is unconscionable, DHI Mortgage cannot

force Plaintiffs to arbitrate because DHI Mortgage has no standing to enforce the arbitration provision.

The language of the arbitration provision confirms that the provision only applies to **"disputes arising between Buyer and Seller."** (See Purchase Agreements at Section 11, RJN Exhibits "C" through "G"). This language distinguishes this case from the decisions cited by Defendants' motion because in each of the cases cited by Defendants, the arbitration provision was broadly worded to encompass all disputes relating to the agreement. Here, however, the arbitration provision was precisely worded to only cover those disputes "arising between Buyer and Seller" "concerning this Purchase Agreement." These are defined terms in which "Buyer" is defined to mean the Plaintiff, and "Seller" is defined to mean Western Pacific only. Therefore, the arbitration provision cannot be extended to cover disputes between Plaintiffs and DHI Mortgage, especially here where the Plaintiffs' claims are based upon violations of state and Federal law, and not brought under the Purchase Agreement.

Defendants will likely argue that this will result in piecemeal litigation, however, the Ninth Circuit has addressed this issue and explained:

> Notwithstanding the federal policy favoring it, '**arbitration is a matter of contract and a <u>party cannot be required to submit to arbitration any dispute which he has not agreed so to submit</u>**.' **We cannot expand the parties' agreement to arbitrate** in order to achieve greater efficiency. The Federal Arbitration Act '*requires* piecemeal resolution when necessary to give effect to an arbitration agreement.'

<u>Tracer Research, Inc. v. National Envtl. Servs. Co.</u>, 42 F.3d 1292, 1294 (9th Cir. 1994).

This Court cannot expand the agreement to arbitrate which was expressly limited to only disputes between Plaintiffs as the Buyer and Western Pacific as the Seller. The FAA directs courts to place arbitration agreements on equal footing with other contracts and "does not require parties to arbitrate when they have not agreed to do so." <u>Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.</u>, 489 U.S. 468, 478, 103 L. Ed. 2d 488, 109 S. Ct. 1248 (1989). "[T]he FAA does not confer a right to compel arbitration of any dispute at any time; it confers only the right to obtain an order directing that 'arbitration proceed *in the manner provided for in [the parties'] agreement.*'" <u>Volt</u>, <u>supra</u>, 489 U.S. at 474-475 (quoting 9 U.S.C. § 4). Similarly, the FAA "does not expand the range of claims subject to arbitration beyond what is provided for in the agreement." <u>EEOC v. Waffle House</u>, 534 U.S. 279, 294 (2002). To hold in this case otherwise would ignore this express limitation in the arbitration provision as to which disputes

are subject to arbitration and which are not.

Defendants' argument that Section 11.2 of the arbitration provision permits DHI Mortgage to enforce the arbitration provision is refuted by the plain language of that section which plainly does not support Defendants' argument. Western Pacific may have the right to join parties if those parties agree, but that does not give such parties the right to enforce the arbitration provision against Plaintiffs. See Tracer, supra, at 1294. Further, this section in no way expands the scope of which claims are subject to arbitration, as claims between Plaintiffs and DHI Mortgage are excluded from the scope of the arbitration provision.

Defendants' argument that Plaintiffs are estopped to deny DHI Mortgage the right to enforce the arbitration provision because Plaintiffs have pled allegations of agency also fails. First, Plaintiffs' complaint alleges only that the Defendants were agents and united interest in committing the wrongful acts of unfair competition and anticompetitive conduct. Plaintiffs have not alleged, nor have Defendants established, that DHI Mortgage was the agent of Wester Pacific with respect to the Purchase Agreements. Second, the cases cited by Defendants on this issue all involved a broad arbitration provision where the signatore agreed to arbitrate all disputes relating to the agreement and an action was brought under the agreement, but here, the arbitration agreement contains the limitation that the only disputes subject to arbitration are those "between Buyer and Seller" and the Plaintiffs' claims against DHI arise under California and Federal law. This distinction is important because DHI Mortgage and Plaintiffs have separate agreements, and in the event Plaintiffs defaulted on their mortgage, DHI Mortgage would have foreclosed and would not have been obligated to arbitrate their dispute.

Finally, as to Defendants' argument that the arbitrator should decided whether DHI Mortgage can enforce the arbitration provision, this argument is entitled to short shrift. According to settled law, the Court decides whether each dispute or claim is subject to arbitration is a "threshold issue to be decided by the courts." Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1268 (9th Cir. 2006). As a result, this Court should respectfully find that irrespective of the waiver and unconscionability of the arbitration provision, the dispute between Plaintiffs and DHI Mortgage are not subject to arbitration.

**D. The Arbitration Provision Is Unconscionable and, As a Result, Unenforceable**

A written arbitration provision shall be valid and enforceable "save upon such grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Court looks to state law to determine the existence of such grounds to invalidate the arbitration provision. Doctor's, supra, 517 U.S. at 687 ("General contract defenses such as fraud, duress or unconscionability, grounded in state contract law, may operate to invalidate arbitration agreements); see also Ticknor, supra, 265 F. 3d 931 (9th Cir. 2001).

Civil Code section 1670.5, subdivision (a) provides, in pertinent part, that a contract clause found to be unconscionable is unenforceable, unless the court severs the clause or so limits its application as to avoid any unconscionable result. Gutierrez v. Autowest, Inc., 114 Cal. App. 4th 77, 87 (2003).

In California, "unconscionability has both a procedural and a substantive element, the former focusing on 'oppression' or 'surprise' due to unequal bargaining power, the latter on 'overly harsh' or 'one-sided' results. The prevailing view is that procedural and substantive unconscionability must *both* be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability. But they need not be present in the same degree. … In other words, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." Armendariz, supra, 6. P.3d. at 690.

**1. The Arbitration Provision is Procedurally Unconscionable**

"Procedural unconscionability focuses on 'oppression' or 'surprise' due to unequal bargaining power. The procedural element generally takes the form of an adhesion contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." Fitz v. NCR Corp.,118 Cal. App. 4th 702, 713 (2004).

Procedurally unconscionability is, therefore, present if the contract is (i) drafted by the party of superior bargaining power, (ii) the terms signify a standardized contract, and (iii) the contract is presented on a take-it- or leave-it basis. Armendariz, supra, 24 Cal. 4th at 113; see also Aral v. Earthlink, Inc.,134 Cal. App. 4th 544, 557 (2005) (finding "quintessential procedural unconscionability" where "the terms of the [arbitration] agreement were presented on a 'take it or leave it' basis . . . with no opportunity to opt out").

Here, the adhesiveness of the contract is readily apparent. Each Plaintiff is a consumer who, as a "weaker or 'adhering' party is presented a contract drafted by the stronger party on a take it or leave it basis."

Mercuro v. Superior Court, 96 Cal. App. 4th 167, 174. The inequality of bargaining position is especially apparent in the context of home purchase agreements. As described in Pardee Construction Co. v. Superior Court, 100 Cal. App. 4th 1081, 1087 (Cal. App. 4th Dist.):

> **[A]s potential buyers interested in [Defendant's] entry-level homes, plaintiffs were unlikely to have significant economic bargaining power against [the Defendant]**...and since each buyer was "buying a house," not "a piece of sporting equipment" or some other "regular type of product," factors such as "location," "view," and "set-back" made it "a pretty unique purchase," one that "for most people" is "the biggest purchase they will ever make in their life." The court also stated that "as a practical matter," Defendant's argument that plaintiffs "can go elsewhere if they don't like it" flies "in the face" of "the uniqueness of a home.

**The declarations of the Plaintiffs submitted herewith confirm that the arbitration provision was uniformly presented by Defendant on a "take it or leave it" basis, all related to the purchase of the inherently unique purchase of a home.** (*See* Plaintiffs' Declarations). The Courts in Armendariz, supra, 6 P.3d at 690-1, Ingle v. Circuit City Stores, 328 F.3d 1165, 1172 (9th Cir. 2003), Ting v. AT&T, 319 F.3d 1126, 1148-9 (9th Cir. 2003), Circuit City Stores v. Adams, 279 F.3d 889, 893 (9th Cir. 2002), Ferguson v. Countrywide Credit Indus., Inc., 298 F.3d 778, 783 (9th Cir. 2002), and Martinez v. Master Prot. Corp., 118 Cal. App. 4th 107 (Cal. App. 2004) all held that contracts similarly presented on a "take it or leave it basis," without more, is procedurally unconscionable.[4]

### 2. The Arbitration Provision is Substantively Unconscionable

#### a. The arbitration provision lacks mutuality by foreclosing the availability of full statutorily prescribed remedies to the Plaintiffs

Like in Armendariz, the unconscionability of one-sided mandatory arbitration clause in this case is

---

[4] As held by the Ninth Circuit in Ingle, supra, the availability of other options does not remove the procedural unconscionability of a take it or leave it contract:

> We follow the reasoning in Szetela v. Discover Bank, 97 Cal. App. 4th 1094, 118 Cal. Rptr. 2d 862 (2002), in which the California Court of Appeal held that the availability of other options does not bear on whether a contract is procedurally unconscionable. 97 Cal. 4th at 1100. **Rather, when a party who enjoys greater bargaining power than another party presents the weaker party with a contract without a meaningful opportunity to negotiate, "oppression and, therefore, procedural unconscionability, are present."**

Ingle, supra, at 1172; see also Ting, supra, at 1149.

also compounded by the fact that the arbitration provision does not permit the full remedies allowed under the statute. Armendariz, supra, 24 Cal. 4th at 121.

Each of the alleged arbitration agreements state at :

> JAMS Fees: Attorney Fees and Costs. All fees charged by JAMS and the arbitrator shall be advanced by the Seller. If the Seller is the prevailing party in the arbitration, the arbitrator may, in his or her discretion and only to the extent permitted by law and the JAMS Minimum Standards of Procedural Fairness, direct the Buyer to reimburse the Seller all or part of the JAMS fee and arbitrator's fee advanced by the Seller. **Each part shall bear its own attorneys fees and costs**.

(Agreements, Def's RJN, [Docket No. 7])..

In this case, the arbitration provision impermissibly precludes plaintiffs from recovering attorney's fees in violation of public policy. Under the Cartwright Act, the Sherman Act, and Cal. Code Civ. Proc. § 1021.5, an award of reasonable attorney's fees to the prevailing plaintiffs is mandatory. The award of attorney's fees pursuant to this statutory authority is only available to prevailing plaintiffs and not to prevailing defendants.

> The public policy implicit in the unilateral fee-shifting provision of [the Cartwright Act] is to encourage injured parties to broadly and effectively enforce the Cartwright Act 'in situations where they otherwise would not find it economical to sue.

Wilson v. Norbreck LLC, 2007 U.S. Dist. LEXIS 26144, *8-9 (E.D. Cal. Apr. 9, 2007); *see also*, Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1982 (U.S. 2007); Cal. Code Civ. Proc. § 1021.5.

As such, this clause requiring employee to waive the mandatory attorney's fees violates the minimum requirement of Armendariz that a lawful arbitration agreement must provides for all of the types of relief that would otherwise be available in court, "such as punitive damages and *attorney fees*." Armendariz at 24 Cal. 104 (emphasis added). The lack of mutuality caused by the unconscionable waiver of Plaintiffs' statutory rights causes the alleged arbitration agreements to be substantively unconscionable.

**b. The agreements also lack mutuality with respect to expenses and costs on appeal**

Each alleged arbitration agreement states at ¶ 11.2(e)(iv):

> (iv) Expenses and Costs on Appeal. The fees charged by JAMS and the appeal arbitrator(s) shall be advanced by the Seller, except as provided in Paragraph 11.2(c)(II) above. The party who filed the appeal must, at its sole expense, provide JAMS and all non-appealing parties with a certified copy of the hearing transcript, and must provide JAMS with copies of all documentary evidence and all other tangible evidence received by the arbitrator...**If the seller is the prevailing party on**

> **appeal, the appeal arbitrator(s) may, in his, her or their discretion and only to the extent permitted by law and the JAMS Minimum Standards of Procedural Fairness, include all or part of the JAMS fee and arbitrator's fee advanced by the Seller in the award of costs on appeal**.

(*See* Agreements, Def's RJN, [Docket No. 7]).

Pursuant to this provision, the party filing the appeal must, "**at its sole expense**, provide JAMS and all non-appealing parties with a certified copy of the hearing transcript, and must provide JAMS with copies of all documentary evidence and all other tangible evidence received by the arbitrator." Id.

While this obligation must be borne by both parties, only Defendants, as the "Seller," are provided with recourse for reclaiming these sunk costs in the form of an "award of costs on appeal." As a result, if Plaintiffs are forced to take an appeal, even if Plaintiffs are the prevailing parties on appeal, Plaintiffs, *unlike Defendants*, will have no ability to recoup any expenses associated with providing JAMS and all non-appealing parties with a certified copy of the hearing transcript, and also providing JAMS with copies of all documentary evidence and all other tangible evidence received by the arbitrator.

Substantive unconscionability also arises from ¶ 11.2(c)(ii), which states:

> JAMS Fees; Attorney Fees and Costs. All fees charged by JAMS and the arbitrator shall be advanced by the Seller. If the Seller is the prevailing party in the arbitration, the arbitrator may, in his or her discretion and only to the extent permitted by law and the **JAMS Minimum Standards of Procedural Fairness**, direct the Buyer to reimburse the Seller all or part of the HAMS fee and arbitrator's fee advanced by te Seller. Each party shall bear its own attorneys fees and costs.

The policy of both ¶¶ 11.2(c)(ii) and 11.2((e)(iv) of the arbitration provision are in direct contravention of Cal. Code of Civ. Proc. §1284.3, which states:

> (a) **No neutral arbitrator or private arbitration company shall** administer a consumer arbitration under any agreement or **rule requiring that a consumer who is a party to the arbitration pay the fees and costs incurred by an opposing party if the consumer does not prevail in the arbitration**, including, but not limited to, the fees and costs of the arbitrator, provider organization, attorney, or witnesses.

Defendants' arbitration provision is contrary to the public policy expressed in the above referenced Cal. Code of Civ. Proc. § 1284.3 because ¶¶ 11.2(c)(ii) and 11.2(e)(iv) of the agreements are illegal cost-shifting provisions. The arbitration provision is therefore substantively unconscionable and unenforceable under Cal. Code of Civ. Proc. § 1670.5.

## V. CONCLUSION

Based on these facts, Defendants knew of the right to arbitration, acted inconsistent with this right, and, thereby caused prejudice to Plaintiffs, along with providing an unconscionable arbitration provision. As a result, on the basis of Defendants' inconsistent acts, Defendants have waived the right to compel arbitration and cannot enforce the arbitration provision. Defendants' arbitration provision is also procedurally and substantively unconscionable under California law. Defendants motion to compel arbitration must, therefore, respectfully be denied.

BLUMENTHAL & NORDREHAUG

DATED: May 27, 2008

By: *s/Norman B. Blumenthal*
Norman B. Blumenthal, Esq.

Robert Gerard, Esq.
GERARD & ASSOCIATES
1516 Front Street
San Diego, California 92101

Robert Fellmeth
LAW OFFICES OF ROBERT FELLMETH
5998 Alcala Park
San Diego, CA 92110

Attorneys for Plaintiffs

K:\D\NBB\Wilson v. DR Horton\Motion to Dismiss\p-opp-mot to compel arb.wpd