Valentine S. Hoy VIII, State Bar No. 121766
John T. Brooks, State Bar No. 167793
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for D.R. Horton, Inc., Western Pacific Housing, Inc., and DHI Mortgage Company, Ltd., L.P.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILSON, REBECCA LORENZO, WAHEEDA KHAN, JORGE LOPEZ, and SUZIE KHUU, on behalf of themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>D.R. HORTON, INC., WESTERN PACIFIC HOUSING, INC. d/b/a/ D.R. HORTON, AMERICA'S BUILDER, DHI MORTGAGE COMPANY, LTD., L.P. and DOES 1-10,<br><br>Defendants. | Case No. 08 CV 592 BEN RBB<br><br>The Hon. Roger T. Benitez<br>Dept. 3<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION**<br><br>Date: June 9, 2008<br>Time: 10:30 a.m.<br><br>Complaint Filed: March 28, 2008 |

# I.

# INTRODUCTION

A defendant does not forfeit its right to arbitrate by moving to enforce an arbitration agreement and challenging the sufficiency of a plaintiff's pleading concurrently. Even if the pleading challenge precedes the enforcement motion by several months, cases hold that there is no waiver. By longstanding precedent, a pleading challenge is simply not inconsistent with the subsequent assertion of an arbitration right, let alone the concurrent assertion of an arbitration right at the first opportunity. So much for plaintiffs' primary argument.

Plaintiffs' second and third arguments fare no better. The non-signatory defendants may enforce the arbitration agreement against plaintiffs because plaintiffs granted the signatory defendant a right to include them and, under case law precedent, they are corporate affiliates and alleged agents of the signatory defendant. Finally, the arbitration agreement is fair, neutral and not unconscionable.

Plaintiffs' opposition offers no valid reason why the Court should disregard the parties' pre-dispute bargain. Therefore, this motion should be granted.

# II.

# DEFENDANTS DID NOT WAIVE ARBITRATION RIGHTS BY FILING A CONCURRENT PLEADING CHALLENGE

In making a waiver argument plaintiffs chose to fight an uphill battle on unfriendly terrain. "Waiver of a contractual right to arbitration is not favored." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986). A party seeking to prove waiver must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts. Because waiver of the right to arbitration is disfavored, a party who argues for a waiver of arbitration "bears a heavy burden of proof." *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 758 (9th Cir. 1988).

Plaintiffs failed to lug their heavy burden to the starting blocks, let alone cross the finish line. Plaintiffs' argument fails at the outset because it is premised on the erroneous assumption

that defendants moved for summary judgment, which defendants clearly did not do. Plaintiffs' opposition collapses shy of the starting line.

**A. Defendants Did Not Move For Summary Judgment (Yet)**

Plaintiffs posit that the defendants' request for judicial notice compels the Court to treat the motions to dismiss and strike as motions for summary judgment. This attempted "gotcha" grossly misconstrues the cases in which district courts have properly reclassified motions to dismiss.

A Rule 12(b)(6) motion to dismiss must treated as a Rule 56 summary judgment motion only when the district court chooses to consider evidence "outside the pleadings." This rule is for the protection of the opposing party, which is entitled to notice and an opportunity to respond to the extrinsic material. The rule does not apply, however, when the matter outside the pleadings is subject to judicial notice. Citing more than 1,000 federal cases – including 66 from courts in the Ninth Circuit – one treatise explains the rule as follows:

> In determining whether to grant a Federal Rule 12(b)(6) motion, district courts primarily consider the allegations in the complaint. The court is not limited to the four corners of the complaint, however. Numerous cases, as the note below reflects, have allowed consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; ***these items may be considered by the district judge without converting the motion into one for summary judgment***.

5B Wright & Miller, Federal Prac. & Proc. Civil § 1357 at 593 (1969) (emphasis supplied); *accord*, *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988) (declining to treat Rule 12(b)(6) motion as a summary judgment motion based on defendants' declaration requesting judicial notice); *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580-82 (9th Cir. 1983).

Plaintiffs cited four Rule 56 conversion cases. Each of these cases, however, involved (1) a district court's consideration of declarations or other evidence *apart from* a request for judicial notice and (2) reversal of the district court's decision to consider evidence and convert a defendant's Rule 12(b)(6) motion to a Rule 56 motion without adequate notice to the plaintiff. Plaintiff's Opposition ("Opp."), pp. 5-6. The situation here is dissimilar. Defendants carefully colored within the lines of Rule 12(b)(6). They did not file declarations or ask the Court to

consider any evidence that the Court does not agree is subject to judicial notice. Thus, to the extent the Court grants judicial notice, this case is just like the thousand cases cited in Wright & Miller holding that the motion is not converted to a summary judgment. To the extent the Court denies judicial notice of any documents, those documents cannot convert the motion to one for summary judgment because the Court will not even consider them.

Because plaintiffs' argument that defendants' motions have been converted into motions to summary judgment fails, plaintiffs' entire waiver argument fails as well.

## B. A Pleading Challenge Does Not Waive Arbitration Rights

The filing of a motion to dismiss or a motion to strike does not waive arbitration rights because pleading challenges are not considered to be inconsistent with the right to arbitrate. In *Rush v. Oppenheimer & Co.*, 779 F.2d 885 (2nd Cir. 1985), the court dealt with a similar situation and explained that no waiver had occurred:

> Rather than immediately seeking arbitration in response to [plaintiff's] complaint, defendants moved to dismiss. Such a motion alone, however, does not waive the right to arbitrate.

*Id.* at 888. Indeed, the *Rush* court so held even though the defendant did not move to compel arbitration until after 8 months of proceedings, including discovery and the filing of an answer that did not raise arbitration as a defense. Here, where there was no such delay and no discovery, the same rule applies with even more force.

What's more, if defendants had merely answered and moved to compel arbitration – as plaintiffs say they should have – defendants would have waived their right to bring a Rule 12(f) motion to strike. Fed.R.Civ.P. 12(f) (motion to strike must be made "before responding to a pleading"). It is absurd to argue waiver based upon the filing of a motion that, under the Federal Rules, defendants had either to bring now or forego forever.

Indeed, even when parties do more to litigate a case than simply file a motion to dismiss or strike, courts routinely find no waiver occurred. "The cases, taken together, suggest that the mere acts of filing an answer and taking some limited part in the litigation process do not constitute a waiver of arbitration rights." *Howard Fields & Assocs. v. Grand Wailea Co.*, 848 F. Supp. 890, 898 (D. Haw. 1993). Some courts have declined to find waiver even where the moving party had

engaged extensively in the traditional litigation process. *See, e.g., Lake Communications, Inc. v. ICC Corp.*, 738 F.2d 1473, 1477 (9th Cir. 1984) (finding no waiver where the defendant filed a motion to dismiss and failed to seek arbitration until more than a year after the complaint was filed), overruled on other grounds by *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 632-35 (1985); *see also Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 661-62 (5th Cir. 1995) (finding no waiver where defendant filed a motion to dismiss and a motion to stay the proceedings, answered the complaint, asserted a counterclaim and exchanged discovery).

Every case cited by plaintiffs involves a defendant who substantially engaged in the litigation process by either filing a motion for summary judgment, delaying in the filing of a motion to compel arbitration until losing a motion for summary judgment, substantively litigating the case for long periods of time, or engaging in a lengthy and costly discovery process. (Opp., 4:18-27 and 5:1-6.) None of those factors is present in this case. Defendants moved to enforce their arbitration rights at the first opportunity. There has been no delay and the parties have conducted no discovery. Thus plaintiffs cannot make a straight-faced waiver argument on the facts of this case. Plaintiffs' waiver argument is so ill-suited to the facts of this case, it borders on the absurd.

Contrary to another of plaintiffs' contentions, defendants did not order, or even ask, the Court to defer ruling on this motion until after it decides the pleading challenges. Rather, defendants asked the Court to *consider* the briefs in sequence. In the proposed sequence each brief gives context to the next one. Defendants recognize that if the Court grants this motion, it may well decline to rule on the others in deference to the arbitrator.

**C. <u>There Has Been No Prejudice To Plaintiffs</u>**

Even if the Court were to find that defendants' concurrent filing of motions challenging plaintiffs' pleadings constituted an action inconsistent with defendants' right to arbitrate, such action cannot constitute a waiver of defendants' contractual right to arbitrate unless plaintiffs have been prejudiced by it. *Fisher v. A.G. Becker Paribas, Inc.*, 791 F.2d 691, 694 (9th Cir. 1986); *see also Saint Agnes Medical Center v. PacifiCare of California*, 31 Cal. 4th 1187, 1203 (2003) (finding that the presence or absence of prejudice from the litigation of the dispute is the

determinative issue regarding waiver of contractual arbitration rights under federal law); *Boys Club of San Fernando Valley, Inc. v. Fidelity and Deposit Co. of Md.*, 6 Cal. App. 4th 1266, 1275 (1992).[1]

Plaintiffs' argument that they have been prejudiced is premised upon the fact that they had to oppose two motions to dismiss and one motion to strike. Plaintiffs' argument fails, however, because they do not explain how opposing defendants' four motions forced them to alter their legal position or take some other action that they would not otherwise have to take in the course of this litigation. *See, e.g., Fisher v. A.G. Becker Paribas, Inc.*, 791 F.2d 691, 697 (9th Cir. 1986). Plaintiffs cannot argue prejudice from delay. Nor can they argue prejudice due to expense.

The mere expense of responding to motions or other preliminary pleadings filed in court is not the type of prejudice that bars a later petition to compel arbitration. *See Groom v. Health Net*, 82 Cal.App.4th 1189, 1197 (2000). Even if defendants had filed only a motion to compel arbitration, plaintiffs would ultimately have to respond to the pleading challenges during the course of the litigation, whether in the court or in arbitration. Plaintiffs have suffered no prejudice from defendants' concurrent filing and defendants have not waived their arbitration rights.

## III.

## PLAINTIFFS ARE REQUIRED TO ARBITRATE WITH DHI MORTGAGE

Plaintiffs do not dispute that the arbitration agreement extends not only to their claims against the signatory party, Western Pacific, but also to their claims against non-signatory D.R. Horton, Inc. Yet they somehow contend that their identical claims against DHI Mortgage are *not* subject to arbitration. Plaintiffs offer no cogent analysis for this incongruous result.

Section 11.2 of the arbitration agreement is dispositive. Section 11.2 entitles the defendant to include "all necessary and appropriate parties" in the arbitration:

> (iv) Participation by Other Parties. Buyer and Seller, to the extent either such party is defending a claim in the arbitration, may, if it chooses, have *all necessary and appropriate parties* included as parties to the arbitration.

---

[1] Plaintiffs' reliance on *Cabinetree of Wisc. v. Kraftmaid Cabinetery*, 50 F.3d 388 (7th Cir. 1995), is misplaced. The court took a "minority position" with respect to what constitutes prejudice. *Id.* at 390. The holding in *Cabintree* is an outlier and should not be imported to this circuit.

Plaintiffs concede that this provision gives Western Pacific "the right to join parties if those parties agree," but nevertheless argue that their claims against DHI Mortgage cannot be arbitrated. Opp., 12:4-5. Perhaps plaintiffs are suggesting that Western Pacific only has the right to arbitrate a cross-complaint against a necessary third-party if the third-party agrees. That, however, is not what section 11.2 says. It constitutes the complaining party's consent to allow all necessary and appropriate parties in the arbitration, without limiting that consent to cross-claims. Plaintiffs' attempt to read unstated narrowing language into section 11.2 flies in the face of law requiring arbitration agreements to be broadly construed.

Plaintiffs also suggest, without elaboration, that their claims against DHI Mortgage are somehow different from their claims against Western Pacific and D.R. Horton – and thus beyond the scope of the arbitration agreement. Opp., 12:6-7. This argument is equally frivolous. The claims against DHI Mortgage are *identical* to those against the other defendants. All defendants are allegedly liable for the *same* bad acts. All the claims arise out of the *same* purchase agreements which (according to plaintiffs) imposed the illegal tie-in.

Finally, even if section 11.2 didn't exist, the claims against DHI Mortgage are subject to arbitration based on agency principles. Defendants detailed the supporting cases in the opening brief, and plaintiffs do not discuss (let alone distinguish) one of those cases. "Agency principles have [also] been held to permit non-signatory corporations to compel arbitration under arbitration clauses signed by their corporate parents, subsidiaries, or affiliates, at least when the allegations against the non-signatory corporation do not differ substantially from those against its signatory affiliate." *Prograph Int'l Inc. v. Barhydt*, 928 F.Supp. 983, 990-991 (N.D. Cal. 1996). Courts are lenient in permitting the joinder in arbitration of non-signatory corporate affiliates and alleged agents or principals as "an outgrowth of the strong federal policy favoring arbitration." *Letizia v. Prudential Bache Securities, Inc.*, 802 F.2d 1185, 1187 (9th Cir. 1986).

In response to the agency law, plaintiffs rehash their argument that the claims against DHI Mortgage are somehow different. Opp., 12:12-16. But the claims against DHI Mortgage do not differ from the claims against Western Pacific and D.R. Horton; they are identical. Plaintiffs alternatively suggest that DHI Mortgage was only an agent for the purpose of "committing the

wrongful acts" alleged in the complaint, but not for other purposes. Opp., 12:9-11. Since plaintiffs concede that those wrongful acts fall within the scope of the arbitration agreement, it follows that an alleged agent with respect to the same wrongful acts likewise can arbitrate.

In short, having sued three corporate affiliates based on alleged anticompetitive acts and having alleged an agency relationship among them with respect to those acts, plaintiffs brought this case within the agency rule and made the question of agency one for the arbitrator to decide. They cannot argue against their own agency allegation in opposing this motion. *In re Oil Spill by Amoco Cadiz*, 659 F.2d 789 (7th Cir. 1981) (plaintiff who alleged agency could not disavow that relationship for purposes of arbitration). For this independent reason, the Court should order the claims against DHI Mortgage to arbitration.

## IV.

## <u>THE ARBITRATION AGREEMENT IS NOT UNCONSCIONABLE</u>

Plaintiffs make a perfunctory argument that the arbitration agreement in each purchase contract is unconscionable. Any objective review of the facts and law would necessarily lead to the opposite conclusion. Plaintiffs' burden in opposing the motion was to prove the agreement to be both procedurally and substantively unconscionable. *Crippen v. Central Valley RV Outlet, Inc.* 124 Cal. App. 4th 1159, 1165 (2004). Plaintiffs showed neither.

### A. <u>Plaintiffs Failed To Show The Purchase Contracts Were Adhesive Or Procedurally Unconscionable</u>

Unconscionability analysis begins with an inquiry into whether the contract is one of adhesion, or is otherwise procedurally unconscionable. *See Armendariz v. Foundation Health Psychare Services, Inc.*, 24 Cal. 4th 83, 113 (2000). Of course, contracts of adhesion are not automatically unenforceable. An adhesion contract is only unconscionable when it is also substantively unconscionable. *Armendariz*, 24 Cal. 4th at 114.

Unfortunately for plaintiffs, they failed to get past even the first hurdle of showing plaintiffs' purchase contracts were adhesive. An adhesion contract is a "standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Id.* at 113 (citation

omitted). An essential element of any contract of adhesion is that it is not negotiable. To determine whether a contract is negotiable, courts look for evidence that the objecting party *actually attempted* to negotiate the provision and was rebuffed. *Greenbriar Homes Communities v. Superior Court (Couris)*, 117 Cal. App. 4th 337, 345 (2004); *Trend Homes v. Superior Court (Azperren)*, 131 Cal. App. 4th 950, 958 (2005). The party asserting unconscionability has the burden to prove actual unsuccessful attempts to negotiate changes. *Trend Homes* at 958.

Although the plaintiffs signed standardized purchase contracts, plaintiffs offered *no evidence* that Western Pacific would have refused a reasonable request to negotiate the terms of the contracts. Each plaintiff submitted a nearly identical declaration stating only that he or she held an *unexpressed belief* that he or she could not negotiate changes.[2] The declarations recite no facts that would explain why any plaintiff held such a subjective belief. Also conspicuously missing is any statement that a plaintiff actually attempted to negotiate his or her purchase contract and was rebuffed. Plaintiffs' speculation that they would not have been able to negotiate changes is not enough to show adhesion. Evidence must amount to more than mere "statements that the [objecting party was] never told the provision was negotiable or could be stricken." *Trend Homes*, 131 Cal.App.4th at 958.

Plaintiffs also assume without analysis that they occupied an inferior bargaining position relative to Western Pacific. Relative bargaining strength is not, however, solely a function of relative financial assets. The availability of alternative supply and the relative sophistication of buyer and seller are also important factors. Two plaintiffs, Wilson and Khuu, allegedly purchased condominiums at auction in 2007, when it is common knowledge sellers were desperate to sell and buyers had true bargaining power. Wilson Decl., ¶ 3; Complaint, ¶ 42. In the absence of evidence that it was plaintiffs' burden to present, the court cannot presume those two plaintiffs occupied an inferior bargaining position. Further, the declarations are silent concerning the qualifications and

---

[2] The absence of any variation whatsoever in the last two paragraphs of the plaintiffs' declarations (regarding their subjective beliefs about the negotiability of the contracts) seriously undermines the credibility of the declarations to show that plaintiffs gave even a thought to negotiating changes to the arbitration agreement. Whether all of the plaintiffs even read their declarations is cast into doubt by Plaintiff Khuu's declaration that she purchased at Valverde Village in Stockton. As alleged in the complaint, she purchased a condominium at La Boheme in San Diego.

experience of most plaintiffs. Only one identifies herself as a first-time buyer. Lorenzo Decl., ¶ 3. By implication the others were not. Plaintiff Lopez admits he is a loan consultant. Could any occupation better qualify a person to bargain for a home mortgage?

In sum, plaintiffs failed to offer sufficient evidence to show inability to negotiate changes or unequal bargaining power. Absent such a showing, they have not met their burden of showing the arbitration agreement is adhesive or otherwise procedurally unconscionable.

**B. <u>There Is No Evidence The Arbitration Agreement Is Substantively Unconscionable</u>**

Substantive unconscionability focuses on the one-sidedness or overly harsh effect of the contract term or clause. *Armendariz* at 114. Substantive unconscionability is indicated by contract terms that are so one-sided they "*shock the conscience*." *California Grocers Assn. v. Bank of America*, 22 Cal. App. 4th 205, 214 (1994) (italics in original). None of the conditions relied upon by the court in *Armendariz* is present in the arbitration agreements at issue in this case.

First, plaintiffs claim that the arbitration agreement is substantively unconscionable because a provision that requires each side to pay its own attorneys' fees could be construed to deprive plaintiffs of a one-way statutory attorneys' fees remedy.[3] The provision in the agreement is speaking to contractual attorneys' fees, however, and not to fees awarded as part of a legal remedy. Far from limiting plaintiffs' remedies, the arbitration agreement preserves them by stating that the arbitrator "shall be authorized to provide all recognized remedies available at law or equity for any cause of action." NOL, Exhs. C, D, E, F, and G at Paragraph 11.2 (c)(v). Thus, if plaintiffs are entitled to an award of attorneys' fees as part of a Sherman Act, Cartwright Act or UCL remedy, that remedy is expressly preserved.

Second, plaintiffs claim that the arbitration agreements are unilateral and lacking in mutuality like the one in *Armendariz*. Plaintiffs' argument is based on a misreading of two provisions in the arbitration agreement. The plaintiffs first misread paragraph 11.2(e)(iv) of the agreement. That paragraph requires Western Pacific to advance all arbitration fees if either party

---

[3] As a threshold matter, attorneys' fees under UCL and FAL causes of action are not statutory, but are discretionary if it is determined that the lawsuit resulted in a substantial public benefit. *See Satrap v. Pac. Gas & Elec. Co.*, 42 Cal.App.4th 72 (1996).

appeals. It also requires the party appealing, whomever that may be, to provide all parties with copies of certain documents. The paragraph next provides that if Western Pacific prevails on appeal it may recover the arbitration fees it advanced. Not only is the awarding of these fees within the discretion of the arbitrator, such an award would only include those fees that the agreement requires Western Pacific to advance. Plaintiffs' explanation of this paragraph as allowing the arbitrator to award Western Pacific the costs it incurred for providing parties with copies of documents is simply wrong.

Plaintiffs next misread paragraph 11.2(c)(ii). That paragraph again requires Western Pacific to advance arbitration fees and allows Western Pacific to recoup those fees from the buyer if Western Pacific is the prevailing party in the arbitration, "and only to the extent permitted by law." The clause is neutral because the fees in question are to be advanced 100% by Western Pacific and then allocated in the discretion of the arbitrator after the arbitration hearing. If Western Pacific prevails in the arbitration and the arbitrator finds that Code of Civil Procedure section 1284.3 limits the arbitrator's power to award Western Pacific the costs and fees it advanced, then such costs and fees will not be awarded pursuant to the agreement.

Thus, plaintiffs have failed to cite any contractual provision that renders it unconscionable.

## V.

## CONCLUSION

For the reasons stated herein, and in defendants' moving papers, the Court should order the parties to submit this dispute to arbitration.

DATED: June 2, 2008

Respectfully submitted,

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: /s Valentine S. Hoy VIII
Valentine S. Hoy VIII
Attorneys for D.R. Horton, Inc., Western Pacific Housing, Inc., and DHI Mortgage Company, Ltd., L.P.

101097001.4

Valentine S. Hoy VIII, State Bar No. 121766
John T. Brooks, State Bar No. 167793
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for D.R. Horton, Inc., Western Pacific Housing, Inc., and DHI Mortgage Company, Ltd.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES WILSON, REBECCA LORENZO, WAHEEDA KHAN, JORGE LOPEZ, and SUZIE KHUU, on behalf of themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>D.R. HORTON, INC., WESTERN PACIFIC HOUSING, INC. d/b/a/ D.R. HORTON, AMERICA'S BUILDER, DHI MORTGAGE COMPANY, LTD., L.P. and DOES 1-10,<br><br>Defendants. | Case No. 08 CV 592 BEN RBB<br><br>The Hon. Roger T. Benitez<br>Dept. 3<br><br>**PROOF OF SERVICE**<br><br>Complaint Filed: March 28, 2008 |

I, the undersigned, declare as follows:

I am employed with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose address is 600 West Broadway, Suite 2600, San Diego, California 92101-3372. I am over the age of eighteen years, and am not a party to this action.

On June 2, 2008, I served the following:

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Norman B Blumenthal**
  norm@bamlawlj.com, bam@bamlawlj.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

☐ (No manual recipients)

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at San Diego, California on June 2, 2008.

Tamara Siemers

Tamara Siemers

101092070.1