Valentine S. Hoy VIII, State Bar No. 121766
John T. Brooks, State Bar No. 167793
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for D.R. Horton, Inc., Western Pacific Housing, Inc., and DHI Mortgage Company, Ltd., L.P.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILSON, REBECCA LORENZO, WAHEEDA KHAN, JORGE LOPEZ, and SUZIE KHUU, on behalf of themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>D.R. HORTON, INC., WESTERN PACIFIC HOUSING, INC. d/b/a/ D.R. HORTON, AMERICA'S BUILDER, DHI MORTGAGE COMPANY, LTD., L.P. and DOES 1-10,<br><br>Defendants. | Case No. 08 CV 592 BEN RBB<br><br>The Hon. Roger T. Benitez<br>Dept. 3<br><br>**DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTIONS TO DISMISS, MOTIONS TO STRIKE, AND MOTION TO COMPEL ARBITRATION**<br><br>Date: June 9, 2008<br>Time: 10:30 a.m.<br>Dept.: 3<br><br>Complaint Filed: March 28, 2008 |

Defendants D.R. Horton, Inc., Western Pacific Housing, Inc., and DHI Mortgage Company, Ltd., hereby request that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the following documents relevant to the accompanying motions to dismiss, motion to strike, and motion to compel arbitration:

1. Voter Information Guide for Proposition 64, available at: http://www.sos.ca.gov/elections/elections_viguide_pg04.htm.

The attached materials were obtained from a website maintained by the California Secretary of State, entitled "Official Voter Information Guide for the November 2, 2004, California General Election."

As such, they are properly subject to judicial notice. *See, e.g., Paralyzed Veterans of America v. McPherson*, 2006 WL 3462780, *4 (N.D. Cal. 2006) (noting that courts "routinely take judicial notice . . . of information on government websites"); *Wallace v. FEMA*, Case No. C 99-1471 VRW, 2001 U.S. Dist. LEXIS 1547, at *5-6 (N.D. Cal. Jan. 26, 2001) (taking judicial notice of publications on the FEMA website), aff'd, 36 Fed. Appx. 637 (9th Cir. 2002); *McLaughlin v. Volkswagen Of America, Inc.*, Civil Action No. 00-3295, 2000 U.S. Dist. LEXIS 17505, at *2 (E.D. Pa. Dec. 6, 2000) (relying on information published on NHTSA website); *Nemir v. Mitsubishi Motors Corp.*, Case No. 96-75380, 2002 U.S. Dist. LEXIS 5224, at *6 (E.D. Mich. March 11, 2002) (noting in response to a request regarding judicial notice of NHTSA website and authentication of NHTSA letter as a public record that "the letter may be used in argument, and for that purpose judicial notice may be taken"); *Austin v. American Ass'n Of Neurological Surgeons,* 253 F.3d 967 (7th Cir. 2001) (citing several websites and noting that "there is an abundance of up-to-date literature easily retrievable from the World Wide Web"); *Modesto Irrigation District v. Pacific Gas & Electric Co.*, 61 F. Supp. 2d 1058, 1066 (N.D. Cal. 1999) (taking judicial notice of information where it "is readily accessible through the internet"); *Grimes v. Navigant Consulting, Inc.*, 185 F. Supp. 2d 906, 913 & n. 7 (N.D. Ill. 2002) (taking judicial notice of information published on the internet and observing that "[i]n other contexts, the Seventh Circuit has approved of taking judicial notice of reliable information published on the internet [citations]").

DATED: June 2, 2008 LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: s/Valentine S. Hoy
Valentine S. Hoy
Attorneys for Defendants D.R. Horton, Inc., Western Pacific Housing, Inc., and DHI Mortgage Company, Ltd., L.P.
E-mail: vhoy@luce.com

101097768.1

# EXHIBIT A

Secretary of State
1500 11th Street
Sacramento, CA 95814

PRSRT STD
U.S. POSTAGE
PAID
SECRETARY OF
STATE

# myVote counts

## General Election

For additional copies of the Voter Information Guide in any of the following languages, please call:

English: 1-800-345-VOTE (8683)
Español/Spanish: 1-800-232-VOTA (8682)
日本語 /Japanese: 1-800-339-2865
Việt ngữ/Vietnamese: 1-800-339-8163
Tagalog/Tagalog: 1-800-339-2957
中文/Chinese: 1-800-339-2857
한국어/Korean: 1-866-575-1558

www.voterguide.ss.ca.gov

## Official Voter Information Guide

In an effort to reduce election costs, the State Legislature has authorized the State and counties to mail only one guide to addresses where more than one voter with the same surname resides. You may obtain additional copies by writing to your county elections official or by calling 1-800-345-VOTE.

# TABLE OF CONTENTS

| | | PAGE |
|---|---|---|
| | Voter Bill of Rights | 2 |
| | **Ballot Measure Summary** | 3–10 |
| | Candidate Statement Information | 11 |
| | Audio Version of the Voter Information Guide | 11 |
| | What is Cal-Access? | 11 |
| | Safe At Home | 11 |
| PROP | LEGISLATIVE CONSTITUTIONAL AMENDMENTS | |
| 59 | Public Records, Open Meetings. Legislative Constitutional Amendment. | 12 |
| 60 | Election Rights of Political Parties. Legislative Constitutional Amendment. | 16 |
| 60A | Surplus Property. Legislative Constitutional Amendment. | 20 |
| | INITIATIVE CONSTITUTIONAL AMENDMENTS AND STATUTES | |
| 61 | Children's Hospital Projects. Grant Program. Bond Act. Initiative Statute. | 24 |
| 62 | Elections. Primaries. Initiative Constitutional Amendment and Statute. | 28 |
| 63 | Mental Health Services Expansion, Funding. Tax on Personal Incomes Above $1 Million. Initiative Statute. | 32 |
| 64 | Limits on Private Enforcement of Unfair Business Competition Laws. Initiative Statute. | 38 |
| 65 | *—Pursuant to statute, Proposition 65 will appear in a Supplemental Voter Information Guide.—* | 42 |
| 66 | Limitations on "Three Strikes" Law. Sex Crimes. Punishment. Initiative Statute. | 44 |
| 67 | Emergency Medical Services. Funding. Telephone Surcharge. Initiative Constitutional Amendment and Statute. | 48 |
| 68 | Non-Tribal Commercial Gambling Expansion. Tribal Gaming Compact Amendments. Revenues, Tax Exemptions. Initiative Constitutional Amendment and Statute. | 54 |
| 69 | DNA Samples. Collection. Database. Funding. Initiative Statute. | 60 |
| 70 | Tribal Gaming Compacts. Exclusive Gaming Rights. Contributions to State. Initiative Constitutional Amendment and Statute. | 64 |
| 71 | Stem Cell Research. Funding. Bonds. Initiative Constitutional Amendment and Statute. | 68 |
| | REFERENDUM | |
| 72 | Health Care Coverage Requirements. Referendum. | 74 |
| | An Overview of State Bond Debt | 80 |
| | Text of Proposed Laws | 81 |
| | Voting Systems | 164 |

PROPOSITION

# 64

# Limits on Private Enforcement of Unfair Business Competition Laws. Initiative Statute.

## OFFICIAL TITLE AND SUMMARY

Prepared by the Attorney General

**Limits on Private Enforcement of Unfair Business Competition Laws. Initiative Statute.**

- Limits individual's right to sue by allowing private enforcement of unfair business competition laws only if that individual was actually injured by, and suffered financial/property loss because of, an unfair business practice.
- [ Requires private representative claims to comply with procedural requirements applicable to class action lawsuits. ]
- Authorizes only the California Attorney General or local government prosecutors to sue on behalf of general public to enforce unfair business competition laws.
- Limits use of monetary penalties recovered by Attorney General or local government prosecutors to enforcement of consumer protection laws.

**Summary of Legislative Analyst's Estimate of Net State and Local Government Fiscal Impact:**

- Unknown state costs or savings depending on whether the measure significantly increases or decreases court workload related to unfair competition lawsuits and the extent to which funds diverted by this measure are replaced.
- Unknown potential costs to local governments depending on the extent to which funds diverted by this measure are replaced.

## ANALYSIS BY THE LEGISLATIVE ANALYST

### Background

California's unfair competition law prohibits any person from engaging in any unlawful or fraudulent business act. This law may be enforced in court by the Attorney General, local public prosecutors, or a person acting in the interest of itself, its members, or the public. Examples of this type of lawsuit include cases involving deceptive or misleading advertising or violations of state law intended to protect the public well-being, such as health and safety requirements.

Currently, a person initiating a lawsuit under the unfair competition law is not required to show that he/she suffered injury or lost money or property. Also, the Attorney General and local public prosecutors can bring an unfair competition lawsuit without demonstrating an injury or the loss of money or property of a claimant.

Currently, persons initiating unfair competition lawsuits do not have to meet the requirements for class action lawsuits. Requirements for a class action lawsuit include (1) certification by the court of a group of individuals as a class of persons with a common interest, (2) demonstration that there is a benefit to the parties of the lawsuit and the court from having a single case, and (3) notification of all potential members of the class.

In cases brought by the Attorney General or local public prosecutors, violators of the unfair competition law may be required to pay civil penalties up to $2,500 per violation. Currently, state and local governments may use the revenue from such civil penalties for general purposes.

### Proposal

This measure makes the following changes to the current unfair competition law:

- ***Restricts Who Can Bring Unfair Competition Lawsuits.*** This measure prohibits any person, other than the Attorney General and local public prosecutors, from bringing a lawsuit for unfair competition unless the person has suffered injury and lost money or property.

## ANALYSIS BY THE LEGISLATIVE ANALYST (CONT.)

- *Requires Lawsuits Brought on Behalf of Others to Be Class Actions.* This measure requires that unfair competition lawsuits initiated by any person, other than the Attorney General and local public prosecutors, on behalf of others, meet the additional requirements of class action lawsuits.
- *Restricts the Use of Civil Penalty Revenues.* This measure requires that civil penalty revenues received by state and local governments from the violation of unfair competition law be used only by the Attorney General and local public prosecutors for the enforcement of consumer protection laws.

### Fiscal Effects

#### State Government

*Trial Courts.* This measure would have an unknown fiscal impact on state support for local trial courts. This effect would depend primarily on whether the measure increases or decreases the overall level of court workload dedicated to unfair competition cases. If the level of court workload significantly decreases because of the proposed restrictions on unfair competition lawsuits, there could be state savings. Alternatively, this measure could increase court workload, and therefore state costs, to the extent there is an increase in class action lawsuits and their related requirements. The number of cases that would be affected by this measure and the corresponding state costs or savings for support of local trial courts is unknown.

*Revenues.* This measure requires that certain state civil penalty revenue be diverted from general state purposes to the Attorney General for enforcement of consumer protection laws. To the extent that this diverted revenue is replaced by the General Fund, there would be a state cost. However, there is no provision in the measure requiring such replacement.

#### Local Government

The measure requires that local government civil penalty revenue be diverted from general local purposes to local public prosecutors for enforcement of consumer protection laws. To the extent that this diverted revenue is replaced by local general fund monies, there would be a cost to local government. However, there is no provision in the measure requiring the replacement of diverted revenues.

#### Other Effects on State and Local Government Costs

The measure could result in other less direct, unknown fiscal effects on the state and localities. For example, this measure could result in increased workload and costs to the Attorney General and local public prosecutors to the extent that they pursue certain unfair competition cases that other persons are precluded from bringing under this measure. These costs would be offset to some unknown extent by civil penalty revenue earmarked by the measure for the enforcement of consumer protection laws.

Also, to the extent the measure reduces business costs associated with unfair competition lawsuits, it may improve firms' profitability and eventually encourage additional economic activity, thereby increasing state and local revenues. Alternatively, there could be increased state and local government costs. This could occur to the extent that future lawsuits that would have been brought under current law by a person on behalf of others involving, for example, violations of health and safety requirements, are not brought by the Attorney General or a public prosecutor. In this instance, to the extent that violations of health and safety requirements are not corrected, government could potentially incur increased costs in health-related programs.

For text of Proposition 64 see page 109.

PROP 64

# LIMITS ON PRIVATE ENFORCEMENT OF UNFAIR BUSINESS COMPETITION LAWS. INITIATIVE STATUTE.

## ARGUMENT in Favor of Proposition 64

PROTECT SMALL BUSINESSES FROM FRIVOLOUS LAWSUITS—CLOSE THE SHAKEDOWN LOOPHOLE

There's a LOOPHOLE IN CALIFORNIA LAW that allows private lawyers to file frivolous lawsuits against small businesses even though they have no client or evidence that anyone was damaged or misled. Shakedown lawyers "appoint" themselves to act like the Attorney General and file lawsuits on behalf of the people of the State of California, demanding thousands of dollars from small businesses that can't afford to fight in court.

Here's the little secret these lawyers don't want you to know: *MOST OF THE TIME, THE LAWYERS OR THEIR FRONT GROUPS KEEP ALL THE MONEY!*

*No other state allows this.* It's time California voters stopped it. For years, Sacramento politicians, flush with special interest trial lawyer money, have protected the lawyers at the expense of California consumers, taxpayers, and small businesses.

*Yes on Proposition 64 will stop thousands of frivolous shakedown lawsuits like these:*

- Hundreds of travel agents have been shaken down for not including their license number on their website.
- Local homebuilders have been sued for using 'APR' in advertisements instead of spelling out 'Annual Percentage Rate.'

HERE'S WHAT ACTUALLY HAPPENED TO ONE SMALL BUSINESS VICTIM:

"My family came to this country to pursue the American Dream. We work hard to make sure our customers like the job we do. One day I got a letter from a law firm demanding $2,500. The letter didn't claim we broke the law, just that we might have and if we wanted to stop the lawsuit, we needed to send them $2,500. I called a lawyer who said it would cost even more to fight, so we sent money even though we'd done nothing wrong. It's just not right."

Humberto Galvez, Santa Ana

*Here's why "YES" on Proposition 64 makes sense:*

- *Stops these shakedown lawsuits.*
- *Protects your right to file a lawsuit if you've been damaged.*
- *Allows only the Attorney General, district attorneys, and other public officials to file lawsuits on behalf of the People of the State of California* to enforce California's unfair competition law.
- *Settlement money goes to the public, not the pockets of unscrupulous trial lawyers.*

"Public Prosecutors have a long, distinguished history of protecting consumers and honest businesses. Proposition 64 *will give those officials the resources they need to increase enforcement of consumer protection laws* by designating penalties from their lawsuits to supplement additional enforcement efforts, above their normal budgets."

Michael D. Bradbury, Former President
California District Attorneys Association

*Vote Yes on Proposition 64: Help California's Economy Recover*

"Frivolous shakedown lawsuits cost consumers and businesses millions of dollars each year. They make businesses want to move to other states where lawyers don't have a legal extortion loophole. When businesses leave, taxpayers who remain pick up the burden. Proposition 64 closes this loophole and helps improve California's business climate and overall economic health."

Larry McCarthy, President
California Taxpayers Association

*Vote Yes on Proposition 64. Close the frivolous shakedown lawsuit loophole.*

RAY DURAZO, *Chairman*
*Latin Business Association*
MARTYN HOPPER, *State Director*
*National Federation of Independent Business*
MARYANN MALONEY
*Citizens Against Lawsuit Abuse*

## REBUTTAL to Argument in Favor of Proposition 64

Small business???

The Associated Press reported:

"Here are some of the companies that have made donations to the campaign to pass Proposition 64 and some of the lawsuits that have been filed against them under California's unfair competition law:

—Blue Cross of California. Donation: $250,000. Unfair competition suits have accused the health care company of . . . discriminating against non-company emergency room doctors and underpaying hospitals.

—Bank of America. Donation: $100,000. A jury found the bank misrepresented to customers that it had the right to take Social Security and disability funds from their accounts to pay overdraft charges and other fees.

—Microsoft. Donation: $100,000. Suit . . . accuses the computer giant of failing to alert customers to security flaws that allow hackers to break into its computer systems by gaining some personal information.

—Kaiser Foundation Health Plan. Donation: $100,000. One suit accused the health care provider of false advertising for claiming that only doctors, not administrators, made decisions about care . . .

—State Farm. Donation: $100,000. A group of victims of the 1994 Northridge earthquake accused the company of reducing their quake coverage without adequate notice. State Farm reportedly was forced to pay $100 million to policyholders."

Quoting the Attorney General's senior consumer attorney in the Department of Justice, the *Los Angeles Times* reports: "The initiative 'goes unbelievably far,' . . . 'Throwing the baby out with the bathwater is not the best thing' . . . the (current) law has been used successfully to protect the public from polluters, unscrupulous financing schemes and religious discrimination."

ELIZABETH M. IMHOLZ, *Director*
*Consumers Union, West Coast Office*
SUSAN SMARTT, *Executive Director*
*California League of Conservation Voters*
DEBORAH BURGER, RN, *President*
*California Nurses Association*



*Arguments printed on this page are the opinions of the authors and have not been checked for accuracy by any official agency.*

# LIMITS ON PRIVATE ENFORCEMENT OF UNFAIR BUSINESS COMPETITION LAWS. INITIATIVE STATUTE.

PROP 64

## ARGUMENT Against Proposition 64

Proposition 64 LIMITS THE RIGHTS OF CALIFORNIANS TO ENFORCE ENVIRONMENTAL, PUBLIC HEALTH, PRIVACY, AND CONSUMER PROTECTION LAWS.

The Attorney General's Official Title for the Proposition 64 petition read: "LIMITATIONS on Enforcement of Unfair Business Competition Laws."

Across California headlines warn the public about this special interest initiative. San Francisco Chronicle: *"Measure would limit public interest suits"*; Ventura County Star: *"Consumers lose if initiative succeeds"*; Orange County Register: *"Consumer lawsuits targeted"*; San Francisco Examiner: *"Bank of America's shakedown: Unfair-competition law under fire from businesses."*

Look who is supporting Proposition 64. Consider why they want to limit California's 71-year-old Unfair Business Competition law.

*Chemical companies* support Proposition 64. They want to stop environmental organizations from enforcing laws against polluting streams, rivers, lakes, and our coast.

*Oil companies* support Proposition 64. They want to stop community organizations from suing them for polluting drinking water supplies with cancer-causing MTBE.

*Credit card companies* support Proposition 64. They want to stop consumer groups from enforcing privacy laws protecting our financial information.

IF A CORPORATION PROFITS FROM INTENTIONALLY POLLUTING OUR AIR AND WATER, OR INVADING OUR PRIVACY, WE SHOULD BE ABLE TO STOP IT.

The Los Angeles Times reports: *"The measure would weaken a state law that allows private groups and government prosecutors to sue businesses for polluting the environment and for engaging in misleading advertising and other unfair business practices . . . If voters approve the measure, the current law would be drastically curtailed."*

*Tobacco companies* support Proposition 64. They want to block health organizations from enforcing the laws against selling tobacco to children.

*Banks* support Proposition 64. They want to stop elderly and disabled people who sued them for confiscating Social Security funds.

*Insurance companies and HMOs* support Proposition 64. They don't want to be held accountable for fraudulent marketing or denying medically necessary treatment to patients.

*Energy companies* support Proposition 64. They ripped off California during the "energy crisis" and want to block ratepayers from attacking energy company fraud.

Since 1933, the Unfair Business Competition Laws have protected Californians from pollution, invasions of privacy, and consumer fraud. Here are examples of cases successfully brought under this law:

- Supermarkets had to stop changing the expiration date on old meat and reselling it.
- HMOs had to stop misrepresenting their services to patients.
- Bottled water companies had to stop selling water that hadn't been tested for dangerous levels of bacteria, arsenic, and other chemicals.

The Los Angeles Times editorialized: *"(Proposition 64) would make it very difficult for citizens, businesses, and consumer groups to file justified lawsuits."*

Proposition 64 is strongly opposed by:

- AARP
- California Nurses Association
- California League of Conservation Voters
- Consumers Union
- Sierra Club California
- Congress of California Seniors
- Center for Environmental Health
- California Advocates for Nursing Home Reform
- Foundation for Taxpayer and Consumer Rights

Please join us in voting NO on Proposition 64. Don't let them limit your right to enforce the laws that protect us all.

ELIZABETH M. IMHOLZ, *Director*
*Consumers Union, West Coast Office*
SUSAN SMARTT, *Executive Director*
*California League of Conservation Voters*
DEBORAH BURGER, RN, *President*
*California Nurses Association*

## REBUTTAL to Argument Against Proposition 64

*The argument against Proposition 64 is a trial lawyer smokescreen: Read the official title and the law yourself.*

- *Nowhere is Environment, Public Health, or Privacy mentioned!*
- *California has dozens of strong laws to protect the environment, public health, and privacy, including Proposition 65, passed by voters in 1986, the California Environmental Quality Act and the California Financial Information Privacy Act.*
- *Proposition 64 doesn't change any of these laws.*
- *Proposition 64 would permit ALL the suits cited by its opponents.*

". . . the trial attorneys who benefit from the current system are going bonkers, and misrepresenting what (Prop. 64) will do. They claim that (Prop. 64) . . . will somehow undermine the state's environmental laws. That's patently untrue."

Orange County Register

*Here's what 64 really does:*

- *Stops Abusive Shakedown Lawsuits*
- Stops fee-seeking trial lawyers from exploiting a loophole in California law—*A LOOPHOLE NO OTHER STATE HAS*—that lets them "appoint" themselves Attorney General and file lawsuits on behalf of the People of the State of California.
- *Stops trial lawyers from pocketing FEE AND SETTLEMENT MONEY that belongs to the public.*
- *Protects your right to file suit if you've been harmed.*
- *Permits only real public officials like the Attorney General or District Attorneys to file lawsuits on behalf of the People of the State of California.*

Join 700+ groups, small businesses, and shakedown victims, including:

California Taxpayers Association
California Black Chamber of Commerce
California Mexican American Chamber of Commerce
*Vote YES on 64—www.yeson64.org*

JOHN KEHOE, *Founding Director*
*Senior Action Network*
ALLAN ZAREMBERG, *President*
*California Chamber of Commerce*
CHRISTOPHER M. GEORGE, *Chairman of the Board of Governors*
*Small Business Action Committee*

*Arguments printed on this page are the opinions of the authors and have not been checked for accuracy by any official agency.*

Valentine S. Hoy VIII, State Bar No. 121766
John T. Brooks, State Bar No. 167793
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for D.R. Horton, Inc., Western Pacific Housing, Inc., and DHI Mortgage Company, Ltd.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES WILSON, REBECCA LORENZO, WAHEEDA KHAN, JORGE LOPEZ, and SUZIE KHUU, on behalf of themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>D.R. HORTON, INC., WESTERN PACIFIC HOUSING, INC. d/b/a/ D.R. HORTON, AMERICA'S BUILDER, DHI MORTGAGE COMPANY, LTD., L.P. and DOES 1-10,<br><br>Defendants. | Case No. 08 CV 592 BEN RBB<br><br>The Hon. Roger T. Benitez<br>Dept. 3<br><br>**PROOF OF SERVICE**<br><br>Complaint Filed: March 28, 2008 |

I, the undersigned, declare as follows:

I am employed with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose address is 600 West Broadway, Suite 2600, San Diego, California 92101-3372. I am over the age of eighteen years, and am not a party to this action.

On June 2, 2008, I served the following:

**DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTIONS TO DISMISS, MOTIONS TO STRIKE, AND MOTION TO COMPEL ARBITRATION**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Norman B Blumenthal**
  norm@bamlawlj.com, bam@bamlawlj.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

☐ (No manual recipients)

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at San Diego, California on June 2, 2008.

Tamara Siemers

101092070.1