Valentine S. Hoy VIII, State Bar No. 121766
John T. Brooks, State Bar No. 167793
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for D.R. Horton, Inc., Western Pacific Housing, Inc., and DHI Mortgage Company, Ltd., L.P.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILSON, REBECCA LORENZO, WAHEEDA KHAN, JORGE LOPEZ, and SUZIE KHUU, on behalf of themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>D.R. HORTON, INC., WESTERN PACIFIC HOUSING, INC. d/b/a/ D.R. HORTON, AMERICA'S BUILDER, DHI MORTGAGE COMPANY, LTD., L.P. and DOES 1-10,<br><br>Defendants. | Case No. 08 CV 592 BEN RBB<br><br>The Hon. Roger T. Benitez<br>Dept. 3<br><br>**<u>REPLY</u> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION NO. 2: ALL DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>Date: June 9, 2008<br>Time: 10:30 a.m.<br>Dept.: 3<br><br>Complaint Filed: March 28, 2008 |

# I.

# INTRODUCTION

Plaintiffs' opposition confirms that they have not (and presumably cannot) plead the "common thread" necessary to justify the expense and burden of nationwide class proceedings. In an attempt to divert attention from that glaring defect, plaintiffs argue that conclusory allegations (offered under the guise of "notice" pleading) will suffice. But under Ninth Circuit and California state law authority, deficient class allegations can and should be addressed at the pleading stage.

Application of that authority is particularly warranted here for at least three reasons. First, compliance with class action procedures is an essential element of plaintiffs' representative claims under the lead causes of action in the complaint – the Unfair Competition Law (California Business & Professions Codes § 17200, *et seq.*, ("UCL") and False Advertising Law (California Business & Professions Codes § 17500, *et seq.*, ("FAL"). So, at a minimum, these representative causes of action must be dismissed for failure to state a claim (as requested in defendants' companion motion.)

Second, as to all claims, the complaint fails to allege sufficient facts to establish a predominant common question of law or fact and other class action requirements. Indeed, the specific allegations provided with respect to the named plaintiffs actually undercuts plaintiffs' conclusory assertion that "common" questions exist.

Finally, the request for a nationwide class is improper. None of the named plaintiffs contracted with (or allege an injury caused by) an entity that sells homes to non-California purchasers and plaintiffs' focus on "local" markets makes the class unmanageable. For these and other reasons set forth below, defendants' motion should be granted.

# II.

## CONTRARY TO PLAINTIFFS' ARGUMENT, PLEADING CHALLENGES TO CONCLUSORY CLASS ALLEGATIONS ARE APPROPRIATE UNDER FEDERAL AND CALIFORNIA AUTHORITY

Citing two *district court* decisions – *Wal-Mart* and *Chong* – plaintiffs argue that pleading challenges are rarely granted "in the Ninth Circuit." Both decisions are clearly distinguishable, as predominant common questions were evident on the face of the pleadings. Specifically, *Wal-Mart*

involved unpaid overtime, vacation pay and other claims asserted on behalf of an employee class based on the defendant's uniform employment procedures. *In re Wal-Mart Stores Inc. Wage and Hour Litigation*, 505 F. Supp. 2d 609, 615-616 (N.D. Cal. 2007). In *Chong*, plaintiffs challenged the legality of a reimbursement provision in a standard insurance policy that applied to all class members. *Chong v. State Farm Mutual Automobile Insurance Co.*, 428 F. Supp. 2d 1136, 1147 (S.D. Cal. 2006).[1]

Here, in contrast, plaintiffs do not challenge documents or procedures that are "common" to the putative class, nor can they given the extensive regulatory oversight under RESPA and other statutes. Instead, plaintiffs attempt to manufacture class liability based on supposed misrepresentations made to specific purchasers. But as the allegations with respect to the named plaintiffs illustrate, there is no common practice to support class treatment. This case is more akin to mass tort cases "or other actions equally unsuited to class action treatment" where liability must be determined on a "case by case" basis. *Prince*, 118 Cal. App. 4th at 1325, 1327. Unlike *Wal-Mart* and *Chong,* there is a substantial question *on the face of the complaint* as to whether the enormous litigation costs associated with nationwide class litigation are warranted.

In that regard, this case is closer to the situation presented in *Kamm v. California City Development Co*., 509 F.2d 205 (9th Cir. 1975), the Ninth Circuit decision which plaintiffs conveniently ignore. In that case, the majority of the common claims had been resolved in prior litigation, casting considerable doubt on the benefits of the proposed class case. The trial court granted defendants' motion to dismiss and strike class action allegations. The Ninth Circuit affirmed, noting, *inter alia*, that the class action would involve "59,000 buyers in separate transactions," entail a "substantial expenditure of judicial time" and "prove costly" to defend. *Id.* at 212. In so holding, *Kamm* rejected the same argument that plaintiffs make here, namely, that a pre-discovery dismissal of class allegations is necessarily premature. *Id.* at 210.

---

[1] The same is true for the other decision upon plaintiffs principally rely – *Prince v. CLS Transp., Inc.* (2004) 118 Cal. App. 4th 1320. Like *Wal-Mart*, that case involved wage and hour claims that "routinely proceed" as class actions. *Prince*, 118 Cal. App. 4th at 1328. The pleading challenge there was deemed inappropriate because the plaintiff alleged "institutional practices by [defendant] that affected all of the members of the potential class in the same manner," such that "all liability issues can be determined on a class-wide basis." *Id.* at 1329.

Numerous California state court decisions likewise have granted pleading challenges to class allegations. *See, e.g.*, *Clausing v. San Francisco Unified School Dist.*, 221 Cal. App. 3d 1224, 1234 (1990) (affirming demurrer to class allegations; "individual issues substantially predominate over common factual questions" making the class action unsuitable); *Brown v. Regents of University of California*, 151 Cal. App. 3d 982, 989 (1984) ("If the ability of each member of the class to recover clearly depends on a separate set of facts applicable only to him [or her], then all of the policy considerations which justify class actions equally compel the dismissal of such inappropriate actions at the pleading stage."); *Bozaich v. State of California*, 32 Cal. App. 3d 688, 695 (1973) (affirming order striking class allegations from the complaint; "independent factual issues which would have to be separately litigated" are too numerous).[2]

Plaintiffs' assertion that the class determination can only be made in the context of a full-blown certification hearing misses a critical first step in the analysis. Plaintiffs must first plead *facts* to demonstrate a prima facie entitlement to class treatment *before* forcing the parties (and the Court) to endure extensive discovery and certification proceedings.

> Before a hearing may be held to offer proof of the propriety of a class action, the *threshold requirement* that the complaint contain sufficient allegations of class interest must first be met, absent which the pleading is vulnerable to a general demurrer.

*Bartett v. Hawaiian Village, Inc.*, 87 Cal.App.3d 435, 437-438 (1978) (sustaining demurrer to class allegations) (emphasis added).[3]

Plaintiffs' suggestion that antitrust or unfair competition class claims are somehow immune from scrutiny at the pleading stage is likewise misplaced. *See e.g., Devidian v. Automotive Dealers Assn.*, 35 Cal. App. 3d 978, 982-984 (1973) (affirming demurrer to antitrust

---

[2] *See also Newell v. State Farm General Ins. Co.*, 118 Cal. App. 4th 1094, 1101 (2004) ("trial courts properly and routinely decide[ ] the issue of class certification on demurrer"), and the other cases cited at page 2 of defendants' opening brief.

[3] Leading commentators articulate the same rule. "To state a valid claim for class relief, the complaint … *must* contain allegations showing the existence of the prerequisites and grounds for maintaining a class action." California Practice Guide (Federal), Class Actions, § 10:535 (Rutter Group, 2007) (emphasis added); "A class action complaint *must* contain allegations showing the existence of the requirements for maintaining a class action. … Absence of allegations establishing an ascertainable class and community of interest subjects the complaint to general demurrer for failure to state a cause of action." Civil Procedure Before Trial, 14:81 (Rutter Group 2007) (emphasis added).

conspiracy class action given numerous diverse issues and manageability problems). Indeed, given the substantial expense in litigating these types of claims, pleading scrutiny of class allegations is even more important. *Id.* at 984 ("Even at the pleading and discovery stage the costs incurred would be enormous").

Perhaps most suspect is plaintiffs' contention that the "recent" trend is to allow class litigation based on conclusory "notice" pleading alone. That position is directly undercut by the Supreme Court's recent directive that a complaint must contain "enough facts" to show the asserted claim is "plausible on its face." *Bell Atlantic Corp v. Twombly*, 127 S.Ct. 1955, 1960 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1957)). The notion that plaintiffs should be held to a *lower* standard with respect to class action allegations, which will exponentially increase the burden and expense of this lawsuit, borders on the absurd.

**III.**

**COMPLIANCE WITH CLASS CERTIFICATION REQUIREMENTS IS AN ESSENTIAL ELEMENT FOR UCL AND FAL CLAIMS**

The lead causes of action in the complaint are purported claims under the UCL and FAL statutes. As amended by Proposition 64, both statutes now provide that "representative" claims may be asserted "only if" the plaintiff "complies with Section 382 of the Code of Civil Procedure," California's class action statute. Cal Bus. & Prof. Code §§ 17203 (UCL statute) and 17535 (FAL statute).

Plaintiffs acknowledge that Proposition 64 imposed new standing limitations (*i.e.*, injury in fact, lost of money or property), but ignore the separate requirement of compliance with the class action elements under Section 382. Plaintiffs' Opposition to Motion No. 2 ("Opp."), 13:8-18. Unfortunately for plaintiffs, both sets of requirements apply. *Gonzalez v. P&G Co.*, 247 F.R.D. 616, 625 (S.D. Cal 2007) (Proposition 64 "amended section 17203 of the UCL and 17535 of the FAL such that a private person "may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of [Section 17204 or Section 17535] *and* complies with Section 382 of the Code of Civil Procedure") (emphasis added).

While the amendments are clear on this point, any argument to the contrary by plaintiffs is definitely answered by the legislative history that preceded the enactment of Proposition 64.[4] In particular, the Voter Information Guide to Proposition 64 states: "This measure requires that unfair competition lawsuits initiated by any person, other than the Attorney General and local public prosecutors, on behalf of others, meet the *additional requirements of class action lawsuits*." Voter Information Guide, Gen. Elec. (Nov. 2, 2004) analysis of Prop. 64 by Legis. Analyst, p. 39 (emphasis added). Likewise, the "Official Title and Summary" of Proposition 64, prepared by the Attorney General, states that the initiative statute: "Requires private representative claims to comply with *procedural requirements applicable to class action lawsuits*." Voter Information Guide, p. 38 (emphasis added).

Stating the obvious, one of the "requirements" applicable to a class action lawsuit – indeed the "threshold requirement" – is a complaint that properly alleges a factual basis for class certification. *See e.g., Bartett*, 87 Cal. App. 3d at 437-438. It follows that plaintiffs' failure to adequately plead the requirements for class treatment necessarily renders the complaint inadequate to state a representative claim under the UCL or FAL.

Plaintiffs' only response is the non-sequitur contention that Proposition 64 imposes additional pleading requirements on the named plaintiffs only, not the putative class. Opp. at 13:12-13. That begs the question, as the named plaintiffs bear the burden of pleading and proving all prerequisites for class treatment. Moreover, class certification requires that all class members can satisfy whatever standing requirements are necessary to maintain a suit in their own right. *See, e.g., Collins v. Safeway Stores, Inc.*, 187 Cal. App. 3d 62, 73 (1986) ("Each class member must have standing to bring the suit in his [or her] own right."); *Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal. App. 4th 997, 1018 (2005) (class representative may not assert "claims" that the absent class members do not have).

[4] Because Proposition 64 passed as a ballot initiative, any ambiguity may be resolved by reference to the Voter Information Guide in the official ballot pamphlet. *Robert L. v. Superior Court*, 30 Cal. 4th 894, 901 (2003) (when resolving alleged ambiguity in ballot initiative, trial court refers to "other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet."). A copy of the Voter Information Guide for Proposition 64 is attached as Exhibit 1 to Defendants' Supplemental Request for Judicial Notice.

Plaintiffs' related argument that "reliance" is not a required element under the UCL and FAL is likewise flawed. Proposition 64 amended both statutes to require that claimants have suffered injury "as a result of" the challenged conduct. Cal. Bus. & Prof. Code §§ 17204, 17535. Federal and California state courts have construed this language as requiring both causation and reliance where, as here, the plaintiffs' claims are premised on alleged misrepresentations. *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855 (2008); *Cattie v. Wal-Mart Stores,* 504 F. Supp. 2d 939, 947-48 (S.D. Cal. 2007); *see also, O'Brien v. Camisasca Automotive Manufacturing, Inc.*, 161 Cal. App. 4th 388, 402 (2007).

Here, plaintiffs do not explain how they can possibly demonstrate reliance and causation on a classwide basis, given the individualized nature of the proof required on these issues. That is yet another reason why their class allegations are defective. *See Akkerman v. Mecta Corp., Inc.*, 152 Cal. App. 4th 1094, 1103 (2007) (rejecting class certification of UCL claims based on individual issues predominating in deceptive advertising case; holding that under Proposition 64, "each class member would have to prove his individual claim for restitution by establishing reliance and causation").

## IV.

## THE COMPLAINT DOES NOT ALLEGE FACTS SUFFICIENT TO ESTABLISH A PREDOMINATE COMMON QUESTION OR OTHER REQUIREMENTS FOR CLASS TREATMENT

The key prerequisite to class certification is a predominant common question of law or fact. *See Sav-on Drugs Stores, Inc v. Superior,* 34 Cal. 4th 319, 327 *Court* (2004). Plaintiffs acknowledge as much. Opp at 1:17-21 (citing *McPhail v. First Community Fin. Planning, Inc.*, 247 F.R.D. 598, 608-9 (S.D.Cal. 2007) for the rule that a common course of conduct is required to established commonality).

Here, the only conduct by defendants that is arguably "common" to all class members (e.g., offering mortgage services from an affiliated lender) is specifically authorized by RESPA and other federal laws. Thus, of necessity, plaintiffs' claims of illegality are premised on customer-specific allegations of coercion or misrepresentation that supposedly fall outside the RESPA-protected conduct. While plaintiffs argue these individualized allegations portend a

"pattern" of class-wide violations, no facts are alleged to make that theory "plausible," to paraphrase *Bell Altantic*. Indeed, as illustrated in defendants' opening brief, the detailed allegations with respect to named plaintiffs are *inconsistent* with any theory of uniform misconduct.

For example, two plaintiffs (Khuu and Wilson) claimed to have been deceived through oral misrepresentations by sales agents, but the other plaintiffs do not. Three plaintiffs contend they were offered "illusory discounts," but only one of these (Lorenzo) alleges she was actually misled. Plaintiff Wilson asserts yet a different theory, i.e., that defendants refused to cooperate with his chosen lender. Four plaintiffs (but not Wilson) claim defendants "threatened" to cancel their purchase contracts if they refused to use DHI Mortgage for financing. But, as explained in defendants' opening brief, these so-called "threats" could only be actionable (if at all) depending on the timing of when the alleged statements were made. Opening Brief at pp. 6-12.

Tellingly, plaintiffs provide no response to these inconsistencies. Instead, plaintiffs regurgitate *conclusions* from their complaint to the effect that defendants engaged in misconduct that injured "all" class members. But plaintiffs' own allegations belie those assertions. So does the "evidentiary" support they proffer in response to the pending motions, which actually confirms that not all class members were misled/coerced as the complaint asserts. *See* Blumenthal Declaration, Exhibit 2 (supposed "insider" email alleges that goal was to achieve 100% sales through DHI Mortgage; but admits that "many" customers paid cash instead).[5]

The reality is that plaintiffs' sweeping allegations of class-wide "coercion" depend upon (and will necessarily devolve to) individualized proof of specific alleged misstatements that vary by named plaintiff. Excluding non-actionable, RESPA-protected conduct, there is no "common thread" that can be gleaned from the claims of the named plaintiffs sufficient to justify class treatment. Thus, the complaint fails to properly allege the required element of a predominant

---

[5] *McPhail v. First Command Fin. Planning, Inc.*, 247 F.R.D. 598 (S.D. Cal. 2007) is not to the contrary. In that case, the Court certified Rule 10b-5 and other claims for class treatment, based on allegations that defendants engaged in a "common course of conduct" that included a uniform "script" that a "homogenized" sales force memorized in order to provide the same misleading information to all customers. *Id.* at 609. As reflected by the disparate (indeed inconsistent) allegations regarding the named plaintiffs here, *McPhail* is clearly distinguishable.

common question, and other class action prerequisites such as typicality or adequate representation.

**V.**

**PLAINTIFFS' DEMAND FOR A NATIONWIDE CLASS FURTHER UNDERSCORES WHY THEIR CONCLUSORY ALLEGATIONS ARE INADEQUATE**

Plaintiffs seek nationwide certification for their treble damage claims under the Sherman Act. In addition to exacerbating the individualized issues problem, the named plaintiffs lack standing to assert claims against entities that sold houses outside of California.

The complaint does not include any plaintiffs outside California. As to the California-based named plaintiffs, none alleges any tied purchase outside California. Nor do plaintiffs allege that the entity they contracted with for the home purchase, Western Pacific, even sells houses outside California (it does not). As such, the named plaintiffs have not alleged facts to support class claims based on sales made by other (unnamed) entities outside of California. *See Baltimore Football Club v. Sup. Ct.*, 171 Cal.App.3d 352, 359 (1985) (where named plaintiff does not have cause of action against each defendant, "typicality" requirement is not established).

Finally, plaintiffs now concede that the relevant geographic markets for their antitrust claims are necessarily local, not nationwide. Opp., p. 15. Thus, even if the antitrust claims didn't fail for all the numerous reasons in the motion to dismiss, this concession by plaintiff further demonstrates the absurdity of entertaining a nationwide class. Because each market is local, plaintiffs will have to prove market power on a county-by-county or city-by-city basis. The Court need not entertain discovery to conclude that undertaking such an endeavor on a nationwide basis would not be a realistic – much less a manageable or superior – means of proceeding.

///

///

///

///

///

///

## VI.

## CONCLUSION

For these reasons set forth above and in defendants' moving papers, the instant motion should be granted. The class claims should be stricken or dismissed. At a minimum, plaintiffs should be required to amend to allege specific facts to support their class claims.

DATED: June 2, 2008

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: s/Valentine S. Hoy VIII

Valentine S. Hoy VIII
Attorneys for Defendants D.R. Horton, Inc., Western Pacific Housing, Inc., and DHI Mortgage Company, Ltd., L.P.
E-mail: vhoy@luce.com

101097566.4

Valentine S. Hoy VIII, State Bar No. 121766
John T. Brooks, State Bar No. 167793
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for D.R. Horton, Inc., Western Pacific Housing, Inc., and DHI Mortgage Company, Ltd.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES WILSON, REBECCA LORENZO, WAHEEDA KHAN, JORGE LOPEZ, and SUZIE KHUU, on behalf of themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>D.R. HORTON, INC., WESTERN PACIFIC HOUSING, INC. d/b/a/ D.R. HORTON, AMERICA'S BUILDER, DHI MORTGAGE COMPANY, LTD., L.P. and DOES 1-10,<br><br>Defendants. | Case No. 08 CV 592 BEN RBB<br><br>The Hon. Roger T. Benitez<br>Dept. 3<br><br>**PROOF OF SERVICE**<br><br>Complaint Filed: March 28, 2008 |

I, the undersigned, declare as follows:

I am employed with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose address is 600 West Broadway, Suite 2600, San Diego, California 92101-3372. I am over the age of eighteen years, and am not a party to this action.

On June 2, 2008, I served the following:

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION NO. 2: ALL DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Norman B Blumenthal**
  norm@bamlawlj.com, bam@bamlawlj.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

☐ (No manual recipients)

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at San Diego, California on June 2, 2008.

Tamara Siemers

101092070.1