Valentine S. Hoy VIII, State Bar No. 121766
John T. Brooks, State Bar No. 167793
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for D.R. Horton, Inc., Western Pacific Housing, Inc., and DHI Mortgage Company, Ltd., L.P.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JAMES WILSON, REBECCA LORENZO, WAHEEDA KHAN, JORGE LOPEZ, and SUZIE KHUU, on behalf of themselves and All Others Similarly Situated,

Plaintiffs,

v.

D.R. HORTON, INC., WESTERN PACIFIC HOUSING, INC. d/b/a/ D.R. HORTON, AMERICA'S BUILDER, DHI MORTGAGE COMPANY, LTD., L.P. and DOES 1-10,

Defendants.

Case No. 08 CV 592 BEN RBB

The Hon. Roger T. Benitez
Dept. 3

**DEFENDANT DHI MORTGAGE COMPANY'S REPLY IN SUPPORT OF MOTION NO. 3: TO DISMISS ALL CLAIMS AGAINST DHI MORTGAGE**

Date: June 9, 2008
Time: 10:30 a.m.
Dept.: 3

Complaint Filed: March 28, 2008

# I.

# INTRODUCTION

As DHI Mortgage explained in its moving brief, the point of this motion is simple: DHI Mortgage should not be a defendant in this case because plaintiffs have not alleged that DHI Mortgage did anything wrong. Plaintiffs' opposition only confirms this.

Specifically, plaintiffs' main argument is that DHI Mortgage can be liable for *Western Pacific's* alleged bad conduct because both DHI Mortgage and Western Pacific are subsidiaries of the same corporate parent. Plaintiffs, however, fail to cite any authority that actually supports their position.

For example, plaintiffs trumpet the "numerous" cases that supposedly allow an antitrust claim to proceed in circumstances like this. But they cite just two district court cases from Pennsylvania, only one of which is published and neither of which helps them.

Similarly, plaintiffs contend that, even though DHI Mortgage did not violate sections 17200 and 17500, it can be liable for aiding and abetting Western Pacific's alleged violations of those provisions. Plaintiffs have not, however, alleged that DHI Mortgage had the requisite control over Western Pacific that is necessary for imposing aiding and abetting liability. Nor could they so allege.

The Court should grant DHI Mortgage's motion.

# II.

# PLAINTIFFS HAVE NOT ALLEGED A VIABLE ANTITRUST CLAIM AGAINST DHI MORTGAGE

## A. A Corporation Is Not Automatically Liable For The Antitrust Conduct Of A Corporate Relative

Plaintiffs' antitrust claim against DHI Mortgage is based on an alleged unlawful tying arrangement. An essential element of a tying claim is that the defendant possess "sufficient economic power *in the tying product market* to affect the tied market." *County of Tuolumne v. Sonora Community Hosp.*, 236 F.3d 1148, 1157 (9th Cir. 2001) (emphasis added).

Plaintiffs do not allege that DHI Mortgage has any power in the tying product market. Instead, they contend that they do not have to allege this because DHI Mortgage is a corporate relative of an entity that does have market power, *i.e.*, Western Pacific. Plaintiffs say that there are "numerous antitrust cases" that support their position. Plaintiff's Opposition to DHI Mortgage's Motion to Dismiss ("Opp.") at 1:25. In fact, there are none.

For starters, DHI Mortgage is not – as plaintiffs apparently want the Court to believe – arguing that a corporate subsidiary can never be liable for antitrust violations. *Fortner Enters. v. United States Steel Corp.*, 394 U.S. 495 (1969). Indeed, plaintiffs' citation of *Fortner* is self-defeating. In *Fortner*, the corporate subsidiary *had market power in the tying market. Id.* at 505-06. Not so here, which is precisely the point of DHI Mortgage's argument.

Plaintiffs also rely on *HealthAmerica Pennsylvania. Inc. v. Susquehanna Health System*, 143 F. Supp. 2d 496, 499 (M.D. Pa. 2001). But there the question was: "Is a tying arrangement alleged?" While that question is addressed in defendants' motion to dismiss number 1, that is *not* the question in this motion. Here, the question is: Assuming a tying arrangement is adequately alleged, can DHI Mortgage be liable based on the facts stated in the complaint? *HealthAmerica* does not speak to this question, at least not in any way that helps plaintiffs.

In *HealthAmerica* the corporate parent had market power in the tying market and the corporate subsidiary had market power in the tied market. *Id.* at 500-01. Based on the subsidiary's market power, the plaintiffs alleged independent (non-tying) antitrust claims against the subsidiary based on alleged abuse of its market power. *Id.* at 501 ("Count II of the complaint asserts that the plaintiffs have to deal with [the subsidiary] and pay higher prices due to [the subsidiary's] market power."). Accordingly, there was an independent basis for including the subsidiary as a defendant. By contrast, in this case, DHI Mortgage is *not* alleged to have market power in either the tied or the tying markets. Thus, even read at its broadest interpretation, *HealthAmerica* has nothing to say about whether DHI Mortgage is a proper defendant.

*Brokerage Concepts, Inc. v. U. S. Healthcare, Inc.*, 1996 U.S. Dist. LEXIS 1159 (E.D. Pa. 1996), is equally useless. There, the two corporate defendants allegedly "engaged in a pattern of using *their* economic power to coerce various vendors and health care providers to utilize CHA

and U.S. Healthcare for their employees' group insurance needs." *Id.* at *4 (emphasis added). That just underscores the problem with plaintiffs' allegations against DHI Mortgage, which is that plaintiffs cannot allege that DHI Mortgage used any economic power to coerce anybody to do anything.

In any event, none of the corporate subsidiary defendants in *Brokerage Concepts* advanced the argument that DHI Mortgage is now making. So, obviously, that issue was not addressed. *See Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985) (explaining that a case has no precedential value on issues that it does not raise or discuss); *Estate of Magnin v. Commissioner*, 184 F.3d 1074, 1077 (9th Cir. 1999) (same); *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001) (same); *Lum v. City and County of Honolulu*, 963 F.2d 1167, 1170 n. 1 (9th Cir. 1992) (same).

In sum, there is a gaping hole in plaintiffs' antitrust claim against DHI Mortgage: the admitted lack of market power, which is a critical element of the claim. Plaintiffs' attempt to patch this hole with two inapposite cases from Pennsylvania fails. Plaintiffs have not cited any case – and DHI Mortgage is aware of none – holding that an entity without market power can be liable for antitrust violations just because it is a corporate relative of an entity that does have market power.

Thus, plaintiffs want the Court to expand the law and ignore the Ninth Circuit's unambiguous pronouncement that a defendant must have "sufficient economic power *in the tying product market* to affect the tied market." *County of Tuolumne v. Sonora Community Hosp.*, 236 F.3d 1148, 1157 (9th Cir. 2001) (emphasis added). There is no reason for the Court to do this.

**B. <u>DHI Mortgage Cannot Be Liable For Aiding And Abetting Antitrust Violations</u>**

Although plaintiffs mention "aiding and abetting" liability, they do not appear to seriously contend that it would apply to their antitrust claims. Opp. at 1:13-14, 3:25-26. Nor could they, because there is no liability for aiding and abetting under the Sherman Act. *See MCI Telecommunications Corp. v. Graphnet, Inc.*, 881 F. Supp. 126, 129-131 (D.N.J. 1995) (granting motion to dismiss antitrust claim premised on aiding and abetting on grounds that there is no liability for aiding and abetting under the Sherman Act).

**C. Plaintiffs' Half-Baked Alter Ego Argument Is Incurably Flawed**

On the other hand, plaintiffs do seriously argue that DHI Mortgage is liable for Western Pacific's conduct as Western Pacific's alter ego. (Opp. at 1:14, 3:25-26.) That argument fails right out of the box because, assuming plaintiffs' allegations against Western Pacific are legally and factually viable, plaintiffs do not need DHI Mortgage's presence as a defendant to recover whatever is coming to them. And that is the essence of imposing alter ego liability.

Specifically, "[a]lter ego is a limited doctrine, invoked only where recognition of the corporate form would work an *injustice* to a third person." *Tomaselli v. Transamerica Ins. Co.*, 25 Cal.App.4th 1269, 1285 (1994). "The injustice that allows a corporate veil to be pierced is not a general notion of injustice; rather, it is the injustice that results only when corporate separateness is illusory." *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004) (reversing district court's erroneous finding of alter ego liability).

"For a court to pierce the corporate veil it must determine that there is bad faith conduct on the part of the parent corporation that would otherwise remain without remedy." *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1102 (N.D. Cal. 2006) ("[F]actors signaling that it would be inequitable to respect separate corporate identities [include] inadequate capitalization, commingling of assets, or disregard of corporate formalities.") (quoting *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d at 1149). It is *not* enough to merely allege that one corporate entity controls the other. *Id.* (granting motion to dismiss claim for alter ego liability).[1]

Here, other than their insufficient conclusory allegations, plaintiffs allege no basis for imposing alter ego liability on DHI Mortgage. Simply put, alter ego theory is not available as an

---

[1] *See also Neilson v Union Bank of California*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003) ("Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each."); *Brennan v. Concord EFS, Inc.*, 369 F. Supp. 2d 1127, 1136 (N.D. Cal. 2005) (same); *Wady v. Provident Life and Accident Ins. Co.*, 216 F. Supp. 2d 1060, 1067 (C.D. Cal. 2002) ("More pertinent for purposes of the current discussion, none [of the allegations] contains any reference to UnumProvident being the alter ego of Provident. None alleges that UnumProvident treats the assets of Provident as its own, that it commingles funds with Provident, that it controls the finances of Provident, that it shares officers or directors with Provident, that Provident is undercapitalized, or that the separateness of the subsidiary has ceased. Without such allegations, the issue is not adequately raised . . . .").

omnibus liability hook to be pled willy-nilly whenever an ambitious plaintiff wants to inconvenience the opposing party by suing its entire corporate family.

There is no possibility of a wrong that will go without a remedy in this case, nor will any injustice befall plaintiffs if DHI Mortgage is not a defendant. *Nordberg*, 445 F. Supp. 2d at 1102. As a downstream subsidiary of defendant D.R. Horton, Inc., the assets of DHI Mortgage are not going to be needed to satisfy a judgment in this case. Nor – with fatal consequences to plaintiffs' claim at this juncture – were plaintiffs reckless enough to plead that conclusion.

## III.

## PLAINTIFFS' UNFAIR COMPETITION AND FALSE ADVERTISING CLAIMS ARE LIKEWISE UNTENABLE

Plaintiffs' argument on their UCL claim is just more of the same "guilt by association."[2] Plaintiffs maintain that DHI Mortgage's mere "participation" in the alleged scheme is enough to make it liable as an aider and abettor under section 17200. In the wake of *Bell Atlantic Corp v. Twombly*, 127 S. Ct. 1955 (2007), that kind of vague, conclusory allegation is insufficient.

In particular, all that plaintiffs have alleged in their complaint regarding DHI Mortgage's "participation" is that it accepted the loan applications it received. Merely calling that "aiding and abetting" does not make it so, even at the pleading stage. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965-65.

Plaintiffs' failure to allege any actual "aiding and abetting" by DHI Mortgage is bad enough on its own. But it is only compounded when the appropriate standard for imposing aiding and abetting liability is applied.

In *In re First Alliance Mortgage. Co.*, 471 F.3d 977 (9th Cir. 2006), the Ninth Circuit affirmed the district court's dismissal of an aiding and abetting claim under section 17200. The district court dismissed the claim "on the ground that 'the key to extending liability pursuant to an aiding and abetting theory under section 17200 is the degree to which the alleged aider and abettor

---

[2] Of course, none of the defendants is guilty of anything, which they will demonstrate to the arbitrator in due course.

participated in and exerted control over the underlying unfair act,' citing *Emery v. Visa International Service Assn.*, 95 Cal.App.4th 952 (2002), *People v. Toomey*, 157 Cal.App.3d 1 (1984), and *People v. Bestline Products, Inc.*, 61 Cal.App.3d 879 (1976)." *Id.* at 995. "The district court read these cases as narrowing the scope of permissible claims predicated on aiding and abetting liability to those in which a defendant had 'personal participation' in and 'unbridled control' over the practices found to violate the code." *Id.* at 995-96.[3]

Here, there are no allegations that rise to this level. There are no allegations that DHI Mortgage exerted any control, let alone unbridled control, over the alleged underlying unfair act of coercing customers.

Instead, plaintiffs cite *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146 (C.D. Cal. 2002), *People v. Dollar Rent-A-Car*, 211 Cal. App. 3d 119, 132 (1989), *People v. Bestline Products*, 61 Cal. App. 3d 879 (1976) and *American Philatelic Soc. v. Claiborne*, 3 Cal. 2d 689 (1935). But, in those cases, the defendants' liability was premised on the alleged conduct of the party, *not* its mere affiliation with another wrongdoing party. While plaintiffs argue from those cases that a defendant need not have a direct relationship with the plaintiffs to be liable for a UCL violation, that is beside the point.

There is no dispute here that DHI Mortgage did have direct contact with all of the plaintiffs. The problem with the complaint is that it does not allege that DHI Mortgage engaged in conduct that violates the law. If plaintiffs were to allege such conduct, they might well find their claims preempted by RESPA or other laws that govern truth in lending disclosures.

Accordingly, because plaintiffs' allegations do not establish aiding and abetting liability under the state-law claims for unfair competition and false advertising, those claims fail.

/ / /

/ / /

/ / /

---

[3] The court noted, in dicta, that liability for aiding and abetting a section 17200 violation might be broader than the district court found, but the Court held that it was unnecessary to address the issue. *In re First Alliance Mortg. Co.*, 471 F.3d at 996.

## IV.

## CONCLUSION

If the Court finds that plaintiffs have alleged a valid tying claim against Western Pacific, then so be it. Plaintiffs will be able to pursue the damages to which they are entitled. That does not, however, permit plaintiffs to sue DHI Mortgage – which did not engage in any of the alleged wrongful conduct – simply because it is Western Pacific's corporate sibling.

There is no cognizable ground for suing DHI Mortgage under the Sherman Act. Likewise, simply slapping an "aiding and abetting" charge on to the allegations of unfair competition and false advertising does not suffice for the state law claims.

The Court should grant this motion and dismiss DHI Mortgage so that only the defendants that actually belong in this case (if any) are forced to litigate it.

DATED: June 2, 2008

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: s/Valentine S. Hoy VIII
Valentine S. Hoy VIII
Attorneys for Defendants D.R. Horton, Inc., Western Pacific Housing, Inc., and DHI Mortgage Company, Ltd.
E-mail: vhoy@luce.com

101097279.3

Valentine S. Hoy VIII, State Bar No. 121766
John T. Brooks, State Bar No. 167793
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for D.R. Horton, Inc., Western Pacific Housing, Inc., and DHI Mortgage Company, Ltd.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES WILSON, REBECCA LORENZO, WAHEEDA KHAN, JORGE LOPEZ, and SUZIE KHUU, on behalf of themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>D.R. HORTON, INC., WESTERN PACIFIC HOUSING, INC. d/b/a/ D.R. HORTON, AMERICA'S BUILDER, DHI MORTGAGE COMPANY, LTD., L.P. and DOES 1-10,<br><br>Defendants. | Case No. 08 CV 592 BEN RBB<br><br>The Hon. Roger T. Benitez<br>Dept. 3<br><br>**PROOF OF SERVICE**<br><br>Complaint Filed: March 28, 2008 |

I, the undersigned, declare as follows:

I am employed with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose address is 600 West Broadway, Suite 2600, San Diego, California 92101-3372. I am over the age of eighteen years, and am not a party to this action.

On June 2, 2008, I served the following:

**DEFENDANT DHI MORTGAGE COMPANY'S REPLY IN SUPPORT OF MOTION NO. 3: TO DISMISS ALL CLAIMS AGAINST DHI MORTGAGE**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Norman B Blumenthal**
  norm@bamlawlj.com, bam@bamlawlj.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

☐ (No manual recipients)

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at San Diego, California on June 2, 2008.

Tamara Siemers

101092070.1